IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL BRANDON KRESS, et al.,

    Plaintiffs,[1]                  No. CIV S-08-0965 LKK GGH

    vs.

PRICE WATERHOUSE COOPERS,

    Defendant.

_____/

On August 12, 2008, this court directed the parties to file a joint statement outlining matters addressed at the August 11, 2008 discovery plan conference. The parties were referred to past orders issued by this court as guidance in framing their joint statement. On October 2 and 3, 2008, after the consolidated complaint was filed, the parties filed separate statements. The parties explained that they had logistical issues and mis-communication problems and for this reason did not file a joint statement. The parties did not explain, however, why they did not utilize this court's prior orders in complex discovery cases to anticipate

---

[1] By order of the court, the all plaintiffs have filed a consolidated complaint and now caption the lead plaintiff has Lac Ahn Le. Because the electronic docket for this case number still retains Samuel Brandon Kress as the lead plaintiff, the undersigned will use that caption. The undersigned requests that the parties conform their caption as well to retain this lead plaintiff.

1

1 potential problems in order to avert them.  Although the parties had the opportunity to tailor the
2 discovery phase of their litigation, all that they have now provided are dates for commencement
3 and cutoff of discovery.  By way of example, the parties could have provided for collective
4 propounding of discovery, extra rounds of document requests or interrogatories, mode of
5 production of electronic documents and hard copy files, as well as identification of produced
6 documents, electronic storage mechanisms, format of electronic production, limit on expert
7 depositions, and travel of experts and associated costs, to name just a few.  Due to the parties'
8 failure to expressly tailor the procedures to the special considerations and needs of this case,
9 discovery will default to the Federal and Local Rules as provided.

10        Therefore, the court will look with disfavor if the parties return to this court at a
11 later time with disputes regarding logistics and procedures that should have been foreseen and
12 resolved ahead of the dispute.

13        This order will address only discovery and expert disclosure.  The district court
14 will issue its own scheduling order directed toward the remainder of the case.

15 DISCOVERY

16        The parties requested that discovery not commence in this action until such time
17 as documents in the Campbell action had been reviewed.  Since discovery cutoff in the Campbell
18 case occurred on October 22, 2008, the undersigned presumes that sufficient time has expired for
19 such review.

20        All non-expert discovery is left open, save and except that it shall be so conducted
21 as to be completed by August 14, 2009.[2]  The word "completed" means that all discovery shall
22 have been conducted so that all depositions have been taken and any disputes relative to
23 discovery shall have been resolved by appropriate order if necessary and, where discovery has
24 been ordered, the order has been complied with.  Motions to compel discovery must be noticed

---

[2]The undersigned has shortened the dates from those requested by the parties in that the parties have the benefit of use of discovery taken in Campbell.

on the undersigned's calendar in accordance with the local rules of this court so that such motions will be heard not later than July 23, 2009.

EXPERT DISCLOSURE

Counsel for plaintiffs are to designate in writing and file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial not later than September 18, 2009.  Defendants shall designate in writing and file with the court, and serve upon all parties, the names of their experts (including so called rebuttal experts) not later than October 16, 2009.   An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

For the purposes of this scheduling order, experts are defined as "percipient"(Rule 26(a)(2)(A)) and designated Rule 26(a)(2)(B) experts.  <u>Both types of experts shall be listed</u>.  Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case.  Another term for their opinions are "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26(a)(2)(B) experts, are limited to testifying to their historical opinions and the reasons for them.  That is, they may be asked to testify to their opinions given in the past and the why's and wherefore's concerning the development of that opinion.  However, they may not be asked to render a current opinion for the purposes of the litigation.

Designated Rule 26(a)(2)(B) experts, who may be percipient experts as well, are specifically designated by a party to be a testifying expert for the purposes of the litigation.[3]  The designated Rule 26 expert may express opinions formed for the purposes of the litigation.  A

---

[3] The court is not interested in a designation of non-testifying Rule 26 experts.

3

party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26 (a)(2) for any expert, who is in whole or in part designated as a Rule 26(a)(2)(B) expert. This information is due at the time of designation. Failure to supply the required information may result in the striking of the designated Rule 26 expert or other appropriate sanctions. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

Any further discovery concerning the experts must be completed, as defined above, by December 18, 2009.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. The parties may conduct non-expert discovery until August 14, 2009. Motions to compel discovery are to be noticed to be heard as more specifically described in this order.

2. The parties shall disclose experts, as set forth herein. Expert discovery shall close on December 18, 2009.

Dated: November 7, 2008

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
U.S. Magistrate Judge

GGH:076/Kress0965.dsy.wpd

4