UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL BRANDON KRESS, JEFFREY
LABERGE AND WILLOW MARKHAM,
individually, and on behalf of
all others similarly situated,

        Plaintiffs,             NO. CIV. S-08-0965 LKK/GGH

    v.

PRICEWATERHOUSECOOPERS, LLP,
a Limited Liability Partnership;
and DOES 1-100, inclusive,

        Defendant.
                                  O R D E R
_____/

    The court is in receipt of the parties' stipulation regarding modification of the scheduling order. Good cause appearing, the court orders as follows. The court directs the parties' attention to the fact that the some of the following dates are later than those requested by the parties, in keeping with the time intervals adopted by the court in the prior scheduling order.

    1. Plaintiffs' initial collective certification motion, seeking to certify a putative nationwide class of Associates in the Attest division of PwC's Assurance line of service, shall be filed

1

within 30 days of the last agreed-upon 30(b)(6) deposition set forth in Plaintiffs March 20, 2009 deposition notice, and in any event (a) no earlier than June 19, 2009; and (b) no later than July 20, 2009. This deadline is contingent on PwC informing Plaintiffs of how many witnesses will handle the agreed-upon deposition categories and their availability no later than May 4, 2009, and on the 30(b)(6) depositions taking place no later than June 19, 2009. Consistent with the Court's December 16, 2008 scheduling order, PwC's opposition shall be filed 45 days from the filing date, and Plaintiffs' reply shall be filed 30 days thereafter. The parties will propose a hearing date for approximately one month after the reply date. If the Court accepts the parties' stipulation, the parties will shortly thereafter contact the Court to schedule a hearing date.

2. In the event that Plaintiffs require an extension of time beyond June 19, 2009 to complete their 30(b)(6) depositions, the deadline for Plaintiffs to file their initial certification motion shall be extended for a commensurate amount of time. PwC will not object to a reasonable extension, provided that the delay in completing the 30(b)(6) depositions is due to factors beyond Plaintiffs' control, such as scheduling issues or witness unavailability, for example.

3. Plaintiffs' second collective certification motion, seeking to certify a putative nationwide class of Associates and Senior Associates in PwC's Advisory and Tax lines of service, and a putative nationwide class of Senior Associates in PwC's Assurance

line of service, shall be filed between March 15, 2010 and May 14, 2010. PwC's opposition brief shall be filed 45 days from the filing date, and Plaintiffs' reply shall be filed 30 days thereafter. Plaintiffs must give PwC at least two weeks notice before filing their certification motion, specifying the date on which they will file their motion. Plaintiffs shall not file their second certification motion on any date that would require PwC to file its opposition brief at any point during the time period from May 31, 2010 through June 11, 2010.

4. Plaintiffs' final certification motion, seeking to certify a putative California class of employees at PwC, shall be filed between August 2, 2010 and October 1, 2010. PwC's opposition brief shall be filed 45 days from the filing date, and Plaintiffs' reply shall be filed 30 days thereafter. Plaintiffs must give PwC at least two weeks notice before filing their certification motion, specifying the date on which they will file their motion.

5. Non-expert disclosures shall be completed by April 1, 2011.

6. Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than June 1, 2011.

7. All expert witnesses shall be disclosed by June 1, 2011.

8. All discovery, including expert discovery, shall be completed by July 1, 2011.

////

1    9.  Law and motion shall be completed by September 1, 2011.
2    10. The final pre-trial conference shall occur on December 5, 2011, at 1:30 p.m.
4    11. Jury trial shall begin on March 13, 2012.
5    12. All provisions of the Court's December 16, 2008 scheduling order shall otherwise remain the same. For example, as provided in the scheduling order, the word "completed" as it relates to law and motion means that all motions must be heard by the law and motion deadline.

IT IS SO ORDERED.

DATED: April 22, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4