UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL BRANDON KRESS, JEFFREY
LABERGE AND WILLOW MARKHAM,
individually, and on behalf of
all others similarly situated,

        Plaintiffs,                NO. CIV. S-08-0965 LKK/GGH

    v.

PRICEWATERHOUSECOOPERS, LLP,
a Limited Liability Partnership;
and DOES 1-100, inclusive,

                              O R D E R
        Defendant.
_____/

      Plaintiffs bring a wage and hour action arising under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. (FLSA), and under California labor laws. Plaintiff moves to conditionally certify a collective action under the section 16(b) of the FLSA, 29 U.S.C. § 216(b), and for an order authorizing facilitated notice of this action to prospective class members. Defendant opposes collective certification and alternatively objects to the plaintiffs' proposed notice and opt-in form. The court resolves this motion on the papers and after oral argument. For the reasons

1

stated below, the motion is granted, but approval of the form of the notice is stayed pending an attempt by the parties to agree upon its contents.

## I. BACKGROUND[1]

### A.   Plaintiffs' Request for Collective Certification

The eleven named plaintiffs in this suit are or were employed as associates or senior associates in defendant PricewaterhouseCooper's ("PwC") assurance, advisory, and tax divisions, and are not Certified Public Accountants. Plaintiffs argue that they were wrongly classified as exempt employees under the FLSA and California law, such that they should have been paid overtime wages and other benefits.

Pending before the court is plaintiff Lac Anh Le's motion to conditionally certify a collective action under section 16(b) of the FLSA, which authorizes employees to bring actions on behalf of "themselves and other employees similarly situated." 29 U.S.C. section 216(b). Le seeks to proceed on behalf of all persons who were employed as "associates" in PwC's Attest Division in the Assurance line of business anywhere in the United States any time from December 11, 2005 to the present and who were not licensed as Certified Public Accountants. Collective certification under this

---

[1] PwC objects to much of the evidence submitted by plaintiffs in connection with this motion.  Some of this evidence is not necessary to the resolution of the instant motion.  To the extent that evidence is relevant and the court has relied on it herein, objections thereto are OVERRULED. Plaintiffs conversely object to much of PwC's evidence.  As explained below, the court does not rely on this evidence.  These objections are therefore moot.

1  section pertains only to claims under the FLSA.  Thus, this motion

2  pertains only to a subset of the case's putative plaintiffs, and

3  only to some of those plaintiffs' claims.

4       Unlike Federal Rule of Civil Procedure 23, the FLSA only

5  authorizes "opt-in" representative actions.  29 U.S.C.A. § 216(b).

6  "To facilitate this [opt-in] process, a district court may

7  authorize the named plaintiffs in a FLSA collective action to send

8  notice to all potential plaintiffs, and may set a deadline for

9  plaintiffs to join the suit by filing consents to sue."  Doe v.

10 Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000) (citing

11 Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169, 172

12 (1989)).[2]

13 **B.   Campbell v. PricewaterhouseCoopers**

14      The instant case is related to another case proceeding before

15 this court, Campbell v. PricewaterhouseCoopers, LLP, No. Civ.

16 S-06-2376.  Campbell solely concerns California labor law.  In

17 Campbell, the court certified a Fed. R. Civ. P. 23(b)(3) class of

18 persons employed as Associates in PwC's Attest division in

19 California from October 27, 2002 to the present.  Campbell v.

20 Pricewaterhousecoopers, 253 F.R.D. 586, 591, 596 (E.D. Cal. 2008)

21 ("Campbell I"). The court subsequently found, on summary judgment,

22 that the class members were not exempt employees under California

23 ───────────────────

24      [2] Hoffmann-La Roche concerned a collective action brought
   under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.
   § 621 et seq.  ADEA explicitly incorporates the collective action
25 procedures of the FLSA.  29 USCS § 626(b).  The Supreme Court's
   interpretation of these procedures in Hoffman-La Roche applies to
26 FLSA cases.  Advanced Textile, 214 F.3d at 1064.

1   law.   Campbell v. Pricewaterhousecoopers, LLP, 602 F. Supp. 2d

2   1163, 1166 (E.D. Cal. 2009) ("Campbell II").  While the motions for

3   summary judgment were pending, PwC moved to decertify the class.

4   No. Civ. S-06-2376, Doc. No. 371 (Feb. 23, 2009).  The court stayed

5   resolution of the motion to decertify pending interlocutory review

6   of the order granting summary judgment.  Order of March 37, 2009

7   (Doc. No. 425).

8      The present motion in this case concerns the same class of

9   employees, albeit nationwide in scope and over a different range

10   of dates.   Despite this similarity, the class certification

11   decision in Campbell does not compel certification here.  The FLSA

12   claims implicate different standards for exemption, and the

13   appropriateness of collective treatment must be considered in light

14   of the claims involved.  Morisky v. Public Serv. Elec. & Gas Co.,

15   111 F. Supp. 2d 493, 498 (D.N.J. 2000).  Fed. R. Civ. P. 23 and

16   FLSA section 16(b) also involve different standards for

17   certification.   Moreover, a motion to revisit the class

18   certification decision in Campbell remains pending.

19      Nonetheless, to the extent that the parties do not dispute the

20   Campbell orders' summaries of the pertinent facts, the court

21   repeats those summaries here.

22   **C.   PwC's Attest Division**

23      "PwC's professional services are divided into three lines of

24   service designated as Assurance, Tax, and Advisory.  The Assurance

25   division is further subdivided into the Attest, Systems Process

26   Assurance, and Transaction divisions."  Campbell II, 602 F. Supp.

1  2d at 1167.  The Attest division largely performs audits for client

2  companies, seeking to ensure that the client's "financial

3  statements are prepared in accordance with Generally Accepted

4  Accounting Principles ('GAAP'), and are free of misstatements,

5  whether caused by error or fraud."  Id.

6      Associates within the Attest division occupy the bottom of a

7  seven tier hierarchy.  Associates are not required to be licenced

8  at Certified Public Accountants.  "PwC requires that all associate

9  work be subjected to at least one level of detailed review."  Id.

10  at 1168.  Associates sometimes work as the "in charge" of an

11  engagement. Id. at 1167.  Plaintiff Le, however, never performed

12  this function.  It is undisputed that associates routinely work

13  over 40 hours per week.

14      PwC maintains a company-wide audit methodology and audit

15  training program.  As discussed below, plaintiffs contend that

16  these policies effectively dictate all associates' duties and

17  actions, whereas PwC contends that these policies leave room for

18  significant disparities between associates' duties.

19                  **II. DISCUSSION**

20  **A.    The FLSA's Collective Action Provision**

21      The FLSA allows actions to be brought on behalf of "similarly

22  situated" employees.  The FLSA does not define "similarly

23  situated," and neither the Supreme Court nor the Ninth Circuit have

24  interpreted the term.  Accord Leuthold v. Destination Am., 224

25  F.R.D. 462, 466 (N.D. Cal. 2004).  While other courts have adopted

26  three different interpretations, Thiessen v. GE Capital Corp., 267

1  F.3d 1095, 1102-03 (10th Cir. 2001), district courts within the

2  Ninth Circuit have generally settled upon the "two-tier" approach.[3]

3  The two Circuits to have expressed an opinion have also

4  recommended, albeit not required, this approach.  Thiessen, 267

5  F.3d at 1105; Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208,

6  1219 (11th Cir. 2001) (citing Grayson, 79 F.3d at 1096).[4]  Use of

7  the two tiered approach, as opposed to the two approaches derived

8  from Fed. R. Civ. P. 23, is further supported by Ninth Circuit's

9

10      [3]  See, e.g. Lewis v. Wells Fargo & Co., 2009 U.S. Dist.
    LEXIS 102773 (N.D. Cal. Oct. 26, 2009); Gilbert v. Citigroup, Inc.,

11  2009 U.S. Dist. LEXIS 18981 (N.D. Cal. Feb. 18, 2009); Escobar v.
    Whiteside Construction Corp., No. 08-1120, 2008 U.S. Dist. LEXIS

12  68439, 2008 WL 3915715, at *3 (N.D. Cal. Aug. 21, 2008); Prentice
    v. Fund for Pub. Interest Research, Inc., 2007 U.S. Dist. LEXIS

13  71122 (N.D. Cal. Sept. 18, 2007); Adams v. Inter-Con Sec. Sys., No.
    06-5428 MHP, 2007 U.S. Dist. LEXIS 26881, at *10-12 (N.D. Cal. Apr.

14  11, 2007); Agdipa v. Grant Joint Union High Sch. Dist., 2007 U.S.
    Dist. LEXIS 26506 (E.D. Cal. Apr. 9, 2007); Beauperthuy v. 24 Hour

15  Fitness USA, Inc., No. 06-0715, 2007 U.S. Dist. LEXIS 21315 *18-19,
    2007 WL 707475, at *5 (N.D. Cal. Mar. 6, 2007); Romero v.

16  Producers Dairy Foods, Inc., 234 F.R.D. 474, 482-83 (E.D. Cal.
    2006); Gerlach v. Wells Fargo & Co., No. 05-0585, 2006 U.S. Dist.

17  LEXIS 24823, *3, 2006 WL 824652, at *2 (N.D. Cal. Mar. 28, 2006);
    Aguayo v. Oldenkamp Trucking, No. 04-6279, 2005 U.S. Dist. LEXIS

18  22190, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005); Leuthold v.
    Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Pfohl

19  v. Farmers Ins. Group, No. CV 03-3080, 2004 U.S. Dist. LEXIS 6447,
    *7-*8 (C.D. Cal. Mar. 1, 2004); Wynn v. NBC, 234 F. Supp. 2d 1067,

20  1082 (C.D. Cal. 2002); Ballaris v. Wacker Silttronic Corp., No.
    00-1627, 2001 U.S. Dist. LEXIS 13354, 2001 WL 1335809 (D. Or. Aug.

21  24, 2001); Wertheim v. Arizona, No. 92-cv-453, 1993 WL 603552, at
    *1 (D. Ariz. Sept. 30, 1993).

22      Pfohl adopted the two tier approach, as opposed to the Rule
    23 approaches discussed in Thiessen, but concluded that it was

23  appropriate to skip the first tier.

24      [4] See also Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14
    (5th Cir. 1995), overruled in part on other grounds by Desert

25  Palace, Inc. v. Costa, 539 U.S. 90 (2003) (contrasting the two
    tiered approach with the use of the current Rule 23, without

26  choosing between these options).

1  general holding that section 216(b) differs from Rule 23.

2  McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir.

3  2007) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay

4  Kane, 7B Fed. Prac. & Proc. § 1807 (3d ed. 2005)).[5]

5      Under the two tiered approach, the first tier is the "notice

6  stage," which asks whether the employees are sufficiently similarly

7  situated that notice should be sent to prospective plaintiffs under

8  Hoffman-La Roche, 493 U.S. 165. See Lewis v. Wells Fargo & Co.,

9  2009 U.S. Dist. LEXIS 102773, *7 (N.D. Cal. Oct. 26, 2009).

10 Plaintiffs must provide "substantial allegations, supported by

11 declarations or discovery, that 'the putative class members were

12 together the victims of a single decision, policy, or plan.'"[6]

13 Gerlach v. Wells Fargo & Co., No. 05-0585, 2006 U.S. Dist. LEXIS

14 24823, *6-7 (N.D. Cal. Mar. 28, 2006) (quoting Thiessen, 267 F.3d

15 at 1102-1103), see also Grayson, 79 F.3d at 1097.  In determining

16 whether plaintiffs have met this standard, courts need not consider

17 evidence provided by defendants.   Lewis, 2009 U.S. Dist. LEXIS

18 102773 *9.  "[The] determination is made based on a fairly lenient

19 standard, and typically results in a 'conditional certification'

20

21      [5] See also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12
22 (11th Cir. 1996).  Grayson additionally distinguished collective
   certification from joinder under Rule 20(a) or for separate trials
23 under Rule 42(b).  Id. at 1096.  See also Lusardi v. Lechner, 855
   F.2d 1062, 1078-79 (3d Cir. 1988) (distinguishing collective
24 actions from intervention and permissive joinder).

25      [6] Some courts have also required a plaintiff to show that
   there are employees who desire to opt in to the collective action.
26 This requirement does not appear necessary to the court, and the
   parties do not discuss it here.

7

1   of a representative class." <u>Wynn v. NBC</u>, 234 F. Supp. 2d 1067,
2   1082 (C.D. Cal. 2002); <u>see also</u> <u>Leuthold</u>, 224 F.R.D. at 467.  The
3   decision to grant or deny certification is within the discretion
4   of the district court.  <u>Leuthold</u>, 224 F.R.D. at 466.  If the court
5   finds initial certification appropriate, it may order notice to be
6   delivered to potential plaintiffs.  <u>Hoffmann-La Roche</u>, 493 U.S. at
7   172.

8       Certification at the initial stage is conditional in that it
9   may be revisited at the second stage.  <u>Wynn</u>, 234 F. Supp. 2d at
10  1082.  "At the conclusion of discovery (often prompted by a motion
11  to decertify), the court then makes a second determination,
12  utilizing a stricter standard of 'similarly situated.'" <u>Thiessen</u>,
13  267 F.3d at 1102-03 (internal citations and quotations omitted).
14  Factors to consider at this stage include "(1) the disparate
15  factual and employment settings of the individual plaintiffs; (2)
16  the various defenses available to the defendants with respect to
17  the individual plaintiffs; and (3) fairness and procedural
18  considerations." <u>Leuthold</u>, 224 F.R.D. at 467; <u>see also</u> <u>Wynn</u>, 234
19  F. Supp. 2d at 1083.

20  **B.   The First Stage Applies Here**

21      PwC argues that in this case the court should proceed directly
22  to the second tier.  Plaintiffs have received 75,000 pages of
23  documents produced during discovery in the <u>Campbell</u> action,[7] in
24  which discovery has closed.  Additional discovery has also

25  _____

26  [7] PwC's briefing and statements at oral argument are unclear
    as to whether these numbers count pages or documents.

1  commenced in this action.   PwC has provided 13,000 additional

2  pages, plaintiffs have conducted Fed. R. Civ. P. 30(b)(6)

3  depositions on a variety of subjects, and PwC has deposed several

4  plaintiffs and all but one of the declarants supporting plaintiffs'

5  motion.   Declaration of David A. Prahl ISO PwC's Opp'n, ¶¶ 2-3.

6  PwC argues that this record enables the court to decide the issue.

7  Plaintiffs argue that discovery is nonetheless incomplete, in part

8  because plaintiffs have not received contact information for

9  putative class members and thus have not had an opportunity to

10 investigate individual circumstances.[8]

11     Several courts have embraced PwC's argument or a variation

12 thereof.   The principle underlying these opinions appears to be

13 that, if the reason for the "lenient standard" at the notice stage

14 is the minimal amount of evidence typically available at that

15 time,[9] the lenient standard does not apply when evidence is

16 available.   Two cases cited by PwC held that when the parties have

17 completed "substantial discovery," the court may proceed directly

18 to the second tier.   Pfohl, 2004 U.S. Dist. LEXIS 6447, 2004 WL

19 554834 *1, *3, Basco v. Wal-Mart Stores, Inc., 2004 U.S. Dist.

20 _____

21     [8] Plaintiffs also argue that they have not had an opportunity
   to examine the declarants supporting PwC's opposition.  PwC notes
22 that an extended briefing schedule was adopted for this motion in
   order to provide plaintiffs with just this opportunity.  The court
23 resolves the motion on other grounds.

24     [9] See, e.g., Wynn, 234 F. Supp. 2d at 1082 ("Due to the
   minimal evidence at the court's disposal, [the notice stage]
25 determination is made based on a fairly lenient standard, and
   typically results in a 'conditional certification' of a
26 representative class.").

1   LEXIS 12441, *15, 2004 WL 1497709, *4 (E.D. La. July 2, 2004).[10]

2   Other cases have held that when significant evidence is available,

3   an intermediate standard applies.  Holt v. Rite Aid Corp., 333 F.

4   Supp. 2d 1265, 1274 (M.D. Ala. 2004).  In Holt, the court stated

5   that it departed from the lenient notice stage standard by

6   considering defendant's evidence in addition to plaintiff's

7   affidavits and allegations, but the court explicitly stated that

8   it did not weigh the evidence.  Id.[11]  A third group of cases have

9   rejected the lenient standard without invoking the second stage or

10  articulating an alternative.  Davis v. Charoen Pokphand (USA),

11  Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004), White v. Osmose,

12  Inc., 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002), Ray v.

13  Motel 6 Operating, Ltd. Pshp., 1996 U.S. Dist. LEXIS 22565 (D.

14  Minn. Feb. 15, 1996).

15      With the exception of Pfohl, the court is not aware of any

16  district court within the Ninth Circuit to have followed these

17  cases.  Courts within this circuit instead refuse to depart from

18

19

20  [10] Accord Harris v. FFE Transp. Servs., Inc., No. 05-CV-0077, 2006 U.S. Dist. LEXIS 51437, 2006 WL 1994586, *3 (N.D. Tex. May 15, 2006), Brooks v. Bellsouth Telecomm., Inc., 164 F.R.D. 561, 568-69 (N.D Ala. 1995).

21

22  [11] Accord Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 895 (N.D. Iowa 2008), Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F. Supp. 2d 411, 415 (D. Del. 2007), Olivo v. GMAC Mortg. Corp., 374 F. Supp. 2d 545, 548 n.4 (E.D. Mich. 2004), Thiessen v. GE Capital Corp., 996 F. Supp. 1071, 1080 (D. Kan. 1998), Bunyan v. Spectrum Brands, Inc., No. 07-CV-0089 2008 U.S. Dist. LEXIS 59278 *12 (S.D. Ill. July 31, 2008), Jimenez v. Lakeside Pic-N-Pac, L.L.C., 2007 U.S. Dist. LEXIS 91989 (W.D. Mich. Dec. 14, 2007).

23

24

25

26

1   the notice stage analysis prior to the close of discovery.[12]

2   Several courts have held that the notice stage analysis applies

3   whenever "discovery has not yet been completed and [the] case is

4   not ready for trial."  Labrie v. UPS Supply Chain Solutions, Inc.,

5   No. C08-3182, 2009 WL 723599, *3 (N.D. Cal. March 18, 2009); see

6   also Lewis, 2009 U.S. Dist. LEXIS 102773, *8, Rees v. Souza's Milk

7   Transp., Co., No. CVF0500297, 2006 WL 738987, *3 (E.D. Cal. Mar 22,

8   2006).  Other courts have held that the notice stage analysis

9   applies at least when discovery pertinent to collective

10  certification is outstanding.  Goudie v. Cable Communications,

11  Inc., No. 08-CV-507-AC, 2008 WL 4628394, 5 (D. Or. Oct. 14, 2008),

12  Wren v. RGIS Inventory Specialists, No. C-06-05778, 2007 U.S. Dist.

13  LEXIS 95439, 16-17 (N.D. Cal. Dec. 19, 2007), Gerlach, 2006 U.S.

14  Dist. LEXIS 24823, *11.

15      In a thoroughly reasoned opinion, Northern District of

16  California Judge Walker explained the refusal to skip the notice

17  stage.  Leuthold, 224 F.R.D. at 467-68.  Early certification in an

18  FLSA is part of the development of the factual record.  Id. at 468.

19  Skipping to the second stage not only requires the court to

20  evaluate an incomplete (although potentially substantial) factual

21

22  [12] Plaintiffs further argue that Pfohl is distinguishable
    because plaintiffs in that case sought final, rather than

23  conditional, certification, thereby compelling use of the second
    stage analysis.  It appears to the court that the opinion in Pfohl
    is unclear in this regard.

24      At oral argument, PwC suggested that Trinh v. JP Morgan Chase
    & Co., No. 07-CV-1666, 2008 WL 1860161, *4 (S.D. Cal. Apr. 22,

25  2008) represented another departure.  As explained below, Trinh
    held that the initial stage of analysis applied, but that

26  plaintiffs failed to satisfy the requirements of that stage.

1 record--it interferes with the future completion of that record.

2 Separate from the risk of an incomplete factual record,

3 "[b]ypassing the notice stage altogether . . . might deprive some

4 plaintiffs of a meaningful opportunity to participate." Id.

5 Measured against these dangers, delaying the second stage analysis

6 risks little harm to defendant, who will be free to move for

7 decertification "once the factual record has been finalized and the

8 time period for opting in has expired." Id.

9 The court is persuaded by Leuthold and the majority of

10 district courts within this Circuit. Accordingly, the court

11 applies the first tier, or notice stage, of the collective

12 certification analysis.[13]

13 **C.   Application of The Notice Standard to This Case**

14 An often cited formulation of the notice stage standard is

15 that plaintiffs must provide "substantial allegations, supported

16 by declarations or discovery, that 'the putative class members were

17 together the victims of a single decision, policy, or plan.'"

18 Gerlach, 2006 U.S. Dist. LEXIS 24823, *6-7 (quoting Thiessen, 267

19 F.3d at 1102-1103). Taken literally, this standard might allow

20 plaintiffs to receive conditional certification solely on the basis

21 on an employer's uniform classification decision. Cases engaging

22 in notice stage analysis on misclassification claims, however, have

23

---

24      [13] The court notes that even if it were to adopt an
25 intermediate form of analysis as advocated by Holt, wherein
    defendant's evidence was considered but not weighed against
26 plaintiff's evidence, the court would reach the same result on the
    facts of this case.

1 required plaintiffs to provide some further allegation or evidence
2 indicating that prospective class members share similar job duties.
3 See, e.g., Lewis, 2009 U.S. Dist. LEXIS 102773, *8-9, Trinh v. JP
4 Morgan Chase & Co., No. 07-CV-1666, 2008 WL 1860161, *4 (S.D. Cal.
5 Apr. 22, 2008).  The court follows Lewis and Trinh here.

6      Thus, whether plaintiff Le's employment is substantially
7 similar to other employees must be evaluated in light of the issues
8 raised by her particular FLSA claim.  Le claims that PwC violated
9 29 U.S.C. section 207 by, among other things, failing to pay
10 overtime wages.  Section 207 does not apply to "any employee
11 employed in a bona fide executive, administrative, or professional
12 capacity." 29 U.S.C. § 213(a)(1).  PwC argues that potential class
13 members all fall into the professional and administrative
14 exemptions.  The question to be decided on this motion is whether
15 plaintiffs' evidence indicates that the propriety of the
16 classification may be determined on a collective basis, and not
17 merely whether PwC's alleged mis-classification affected all
18 proposed class members.  Morisky v. Public Serv. Elec. & Gas Co.,
19 111 F. Supp. 2d 493, 498 (D.N.J. 2000).  Plaintiffs need not
20 conclusively establish that collective resolution is proper,
21 because PwC will be free to revisit this issue at the close of
22 discovery.

23      Whether an employee falls into the professional or
24 administrative exemption is determined by the employee's job
25 duties.  An exempt employee's "primary duty" must be exempt work.
26 29 C.F.R. § 541.700(a).  To be exempt as an administrative

1    employee, the employee's primary duty must be "the performance of
2    office or non-manual work directly related to the management or
3    general business operations of the employer or the employer's
4    customers" and "include[] the exercise of discretion and
5    independent judgment with respect to matters of significance." 29
6    C.F.R. § 541.200(a)(2)-(3).  To fall into the learned professional
7    exemption, the employee's primary duty must be the performance of
8    work "requiring knowledge of an advanced type in a field of science
9    or learning customarily acquired by a prolonged course of
10   specialized intellectual instruction." 29 C.F.R. §
11   541.300(a)(2)(i).

12       Application of the administrative or professional exemptions
13   is fact specific.  29 C.F.R. § 541.700.  However, the need to
14   examine the facts of an employee's work does not categorically
15   preclude collective determination of exemption.  In cases
16   concerning exemption, courts have found collective certification
17   appropriate where evidence indicates that prospective class
18   members' job duties were substantially similar. <u>Lewis</u>, 2009 U.S.
19   Dist. LEXIS 102773, *8-9; <u>Moss v. Crawford & Co.</u>, 201 F.R.D. 398,
20   410-11 (W.D. Pa. 2000).  Conversely, where courts have found
21   conditional collective certification inappropriate, it has been
22   where "[p]laintiffs have not put forth any arguments suggesting
23   that [p]laintiffs and the putative class will rely on any common
24   evidence to prove that each putative plaintiff falls outside each
25   of the[] exemptions." <u>Trinh</u>, 2008 WL 1860161, *4.  In a similar
26   case, the Southern District of Illinois found conditional

14

1 certification inappropriate where "[p]laintiffs provide[d] nothing
2 to indicate that they are similarly situated with respect to their
3 employment duties and circumstances. Even though each of the
4 Plaintiffs and potential claimants were employed as 'production
5 supervisors,' job descriptions alone are insufficient to clear even
6 the low evidentiary hurdle at this stage." Bunyan v. Spectrum
7 Brands, Inc., 2008 U.S. Dist. LEXIS 59278, *21 (S.D. Ill. July 31,
8 2008). See also Reich v. Homier Distrib. Co., 362 F. Supp. 2d
9 1009, 1014 (N.D. Ind. 2005), Freeman v. Wal-Mart Stores, Inc., 256
10 F. Supp. 2d 941, 945 (W.D. Ark. 2003).

11      Here, while each employee's claim will turn on that employee's
12 job duties, plaintiffs argue that PwC's training, PwC's audit
13 methodology, and the applicable professional standards together
14 ensure that all Attest Associate's job duties are similar in
15 pertinent regards.  This argument is supported by some evidence.
16 PwC has a uniform audit methodology, Wells Decl. Ex. F, Ex. M (PwC
17 websites), codified into an internet based Audit Guide, and
18 plaintiffs submit declarations and deposition testimony indicating
19 that individual employees adhered to this system.  Plaintiffs'
20 evidence further indicates that all PwC attest associates are
21 trained in PwC's "Go Audit" programs.  Plaintiffs argue that this
22 uniform training and methodology suffices to demonstrate that all
23 potential class members engage in sufficiently similar job duties.
24 Several of plaintiffs' declarants worked in multiple offices, and
25 state that PwC's procedures were uniform across these offices.
26 Wells Decl. Ex. B. ¶ 5, Ex. N. ¶ 9.  Under the professional rules

1   governing accountants, all class members are subject to a level of
2   supervision.   Campbell II, 602 F. Supp. 2d at 1168.   Plaintiffs
3   provide several employee declarations describing this supervision.
4   Wells Decl. Ex. A ¶ 8; Ex. J ¶ 13; Ex. K ¶¶ 4, 15.   This
5   supervision may allow class wide determination as to whether
6   employees exercise "discretion and independent judgment with
7   respect to matters of significance" as required by the
8   administrative exemption.   29 C.F.R. § 541.200(a).   Similarly, as
9   to the professional exemption, plaintiffs argue that the level of
10  education required for class members may fall below the threshold
11  of "advanced knowledge" required under the professional exemption.
12  C.f. Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 545 (7th Cir.
13  1999).

14      PwC concedes that the training, methodology, and professional
15  standards are uniformly applicable, but PwC argues that these
16  constraints leave ample room for salient differences between class
17  members' duties, as well as differences between the week-to-week
18  work of individual class members.   The extent of these individual
19  differences, and their legal significance (both with regard to
20  similarity and to the ultimate question of exemption), is a
21  contested and difficult question.   The court defers resolution of
22  this question at least until the completion of discovery and the
23  second stage analysis.

24      Here, plaintiffs have provided some evidence of similarity.
25  This suffices at this stage.   C.f. Trinh, 2008 WL 1860161, *4.
26  Notice to potential class members is appropriate.

**E.    Method of Notice**

Plaintiff provided a proposed form of notice, to which PwC raised several objections.  At oral argument, the parties informed the court that they would be likely to be able to agree upon the language of such a notice.  The court therefore grants the parties forty-five (45) days to meet and confer on this issue.[14]

### III. CONCLUSION

For the reasons stated above, plaintiffs' motion for conditional certification (Doc. No. 57) is GRANTED.  The court ORDERS as follows:

1.    The court conditionally certifies a collective action under 29 U.S.C. § 216(b) consisting of persons who are or were employed by Defendant PricewaterhouseCoopers LLP ("Defendant") as an Associate in the Attest Division of the Assurance line of business anywhere in the United States at any time from December 11, 2005 to the present and who were not licensed as a Certified Public Accountant (collectively, "Attest Associates"), for purposes of FLSA claims brought by these plaintiffs.

2.    The parties are GRANTED forty-five (45) days from the date of this order to submit a joint proposal for notice to the class, or separate statements as to why no such joint proposal could be reached.

[14] To give the parties notice, the court will order plaintiff to pay for notice, and provision of noticing by mail or e-mail will suffice and defendant will not be required to post notice at places of employment.

17

1     IT IS SO ORDERED.

2     DATED: November 25, 2009.

3

4

5                      LAWRENCE K. KARLTON

6                      SENIOR JUDGE
UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

18