LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     (650) 614-7400
Facsimile:     (650) 614-7401

NORMAN C. HILE (SBN 57299)
nhile@orrick.com
JULIE A. TOTTEN (SBN166470)
jatotten@orrick.com
DAVID A. PRAHL (SBN 233583)
dprahl@orrick.com
ANDREA L. BROWN (SBN 237629)
abrown@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:     (916) 447-9200
Facsimile:     (916) 329-4900

**Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP**

Jeffrey K. Compton (SBN 142969)
jcompton@mzclaw.com
William A. Baird (SBN 192675)
tbaird@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
17383 West Sunset Boulevard,
Suite A-380
Pacific Palisades , CA 90272
Telephone:     (310) 454-5900
Facsimile:     (310) 454-5970

Peter A. Muhic, PHV
pmuhic@btkmc.com
Joseph Meltzer, PHV
Robert J. Gray, PHV
BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor , PA 19087
Telephone:     (610) 667-7706
Facsimile:     (610) 667-7056

Steven Elster (SBN 227545)
manfromcal@sbcglobal.net
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA  94518
Telephone:     (925) 324-2159

Edward Wynne (SBN165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone:     (415) 461-6400
Facsimile:     (415) 461-3900

**Attorneys for Plaintiffs
SAMUEL BRANDON KRESS, et al.**

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No. 2:08-CV-00965-LKK-GGH<br><br>**STIPULATION AND ORDER RE CONDITIONAL COLLECTIVE CERTIFICATION** |

## **STIPULATION**

WHEREAS, on April 22, 2009, the Court issued an Order directing Plaintiffs Samuel Brandon Kress, Lac Ahn Le, Jason Patterson, Lauren San Mateo, James Stekelberg, Jeffrey Laberge, Willow Markham, Dana Blindbury, Jesse Kenny, Kelly C. Jones, and Antoine Powell (collectively, Plaintiffs) to file, *inter alia*, their second Fair Labor Standards Act ("FLSA") conditional collective certification motion as to a putative nationwide class of Associates and Senior Associates in Defendant PricewaterhouseCoopers LLP's ("PwC") Advisory and Tax lines of service, and Senior Associates in Defendant's Assurance line of service, by May 14, 2010 ("Second Motion for Conditional Certification");

WHEREAS, the parties recognize that as to the proposed nationwide FLSA classes of Associates and Senior Associates in PwC's Advisory and Tax lines of service, it is possible that (a) given the standard for FLSA conditional collective certification previously applied by the Court in this matter, the Court will conditionally certify this action for FLSA collective treatment as to the specific groups within the Tax and Advisory lines of service in which the named Plaintiffs worked; and (b) the Court will decline to conditionally certify this action for FLSA collective treatment as to those specific groups within the Tax and Advisory lines of service in which the named Plaintiffs did not work; and

WHEREAS, conditional certification motions require the expenditure of significant resources of the parties and the court, and the parties recognize the importance of conserving judicial and party resources in this matter;

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs and PwC, by and through their respective undersigned counsel, that:

1. Conditional collective certification shall be granted as to the position of Associate in the specific subgroups in PwC's Tax and Advisory lines of service in which the named Plaintiffs worked. Accordingly, pursuant to 29 U.S.C. § 216(b), this action shall be conditionally certified as a collective action consisting of those individuals who (a) worked in the position of Associate in the Disputes, Analysis and Investigations ("DA&I") group of PwC's Advisory line of service, the Threat and Vulnerability Management ("TVM") group of PwC's Advisory line of service, and/or the Tax Projects Delivery Group ("TPDG") of PwC's Tax line of service anywhere in the United States at any point from December 11, 2005 to the present ("Relevant Time Period"); and (b) did not possess a CPA license for some or all of the time they worked in any of these positions during the Relevant Time Period (the "Stipulated Tax and Advisory Groups").

2. Conditional collective certification under the FLSA shall <u>not</u> be granted in this action as to (a) any other Associate positions in any other subgroups within the Advisory or Tax lines of service; and (b) the position of Senior Associate within the Advisory or Tax lines of service (collectively, the "Excluded Tax and Advisory positions"). Counsel for Plaintiffs shall not seek conditional collective certification of the Excluded Tax and Advisory positions at any point in this lawsuit. Notwithstanding this paragraph, nothing in this stipulation shall preclude a motion for conditional certification under the FLSA on behalf of a class in the Excluded Tax and Advisory positions in a separate action.

3. The parties' agreement to toll the running of the FLSA statute of limitations in this action, which became effective on December 11, 2008, shall expire as to the Excluded Tax and Advisory positions immediately upon entry of the Order set forth below reflecting the terms of

PDF created with pdfFactory trial version www.pdffactory.com

this stipulation. Accordingly, upon entry of the Order set forth below, tolling of the FLSA statute of limitations shall cease as to the Excluded Tax and Advisory positions.

4. This stipulation shall not apply to the proposed nationwide group of Senior Associates in PwC's Assurance line of service that Plaintiffs purport to represent. Accordingly, should Plaintiffs still intend to seek FLSA conditional collective certification as to the proposed nationwide group of Senior Associates in PwC's Assurance line of service, Plaintiffs shall file a motion for conditional certification as to this proposed group no later than the deadline for filing that motion.

5. This stipulation shall in no way affect PwC's right to file a motion to decertify the stipulated, conditionally certified DA&I, TVM and TPDG groups (or any other conditionally certified groups), nor shall it in any way prejudice PwC's substantive arguments in support of such a motion. Accordingly, in opposing PwC's anticipated motion to decertify the stipulated, conditionally certified DA&I, TVM and TPDG groups, Plaintiffs shall not make any arguments that are based on this stipulation. For example, Plaintiffs shall not argue that because the parties stipulated to conditional collective certification of these groups, sufficient similarities exist to defeat PwC's motion to decertify the collective action, nor shall Plaintiffs argue that PwC has waived any arguments in support of its anticipated motion to decertify the action based on having entered into this stipulation.

6. This stipulation shall in no way affect Plaintiffs' right to seek class certification under Federal Rule of Civil Procedure 23 as to a proposed class of individuals who work and/or worked in the positions of Associate and Senior Associate in PwC's Tax and Advisory lines of service, and Senior Associate in PwC's Assurance line of service, in California. Accordingly, in opposing Plaintiffs' anticipated motion to certify under Rule 23 any classes within PwC's Tax and Advisory lines of service, PwC shall not make any arguments that are based on this stipulation, nor shall PwC argue that Plaintiffs have waived any arguments in support of their anticipated motion to certify under Rule 23 any classes within PwC's Tax and Advisory lines of service based on having entered into this stipulation. Under the current scheduling order,

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiffs are scheduled to file a motion seeking to certify such proposed California classes of
2  PwC employees between August 2, 2010 and October 1, 2010.

3        7.      This stipulation shall not otherwise be referenced, cited to or used by the parties in
4  any manner that would be prejudicial to the other party at any point in this lawsuit.  This
5  stipulation is not an admission by either party on the merits of Plaintiffs' claims or of PwC's
6  defenses, nor is it in any way reflective of the merits of whether collective certification is
7  appropriate in this action as to the Stipulated Tax and Advisory Positions.  This stipulation only
8  reflects the parties' shared interest in advancing this litigation in the most efficient and practical
9  manner possible.

10        8.      With the exception of individual communications with plaintiffs in this action,
11  individual communications with members of the Stipulated Tax and Advisory Groups who elect
12  to become party plaintiffs to the action, and the filing of necessary papers in this litigation, and as
13  otherwise required by law, Plaintiffs and their counsel shall not publicize the existence or terms
14  of this stipulation.  Thus, for example, Plaintiffs and their counsel may not (a) issue any press
15  releases regarding the existence or terms of this stipulation; (b) hold any press conferences
16  regarding the existence or terms of this stipulation; and (c) substantively comment in response to
17  any media inquiry regarding the existence or terms of this stipulation.

18        9.      Should the Court enter an order reflecting the terms of this stipulation, the parties
19  shall have fifteen (15) days from the date on which the Court enters such an order to submit to the
20  Court a joint proposal for notice to the class, or separate statements as to why such a joint
21  proposal could not be reached.  Plaintiffs shall bear all costs of issuing notice to the conditionally
22  certified groups, and provision of notice by mail will suffice.  PwC shall not be required to post
23  notice at its places of employment.

24        10.      Should the Court decline to enter an order reflecting the terms of this stipulation,
25  Plaintiffs shall not be precluded from filing a motion for collective certification on behalf of the
26  Stipulated Tax and Advisory Groups or the Excluded Tax and Advisory positions.  Further,
27  should the Court enter an order modifying this stipulation in such a way that narrows the scope of
28  the Stipulated Tax and Advisory Groups, Plaintiffs shall not be precluded from seeking collective

STIPULATION AND [PROPOSED] ORDER RE
CONDITIONAL COLLECTIVE CERTIFICATION
2:08-CV-00965-LKK-GGH

PDF created with pdfFactory trial version www.pdffactory.com

certification under the FLSA in a Motion for Collective Certification on behalf of the individuals in the Stipulated Tax and Advisory Groups excluded by the entered order.

Dated: May 28, 2010

| BARROWAY TOPAZ KESSLER KESSLER MELTZER & CHECK, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|---|---|
| By: /s/ Peter A. Muhic | By: /s/ Julie A. Totten |
| Joseph H. Meltzer<br>Peter A. Muhic<br>Robert J. Gray | Norman C. Hile (SBN 57299)<br>Joseph C. Liburt (SBN 155507)<br>Julie A. Totten (SBN 166470)<br>David A. Prahl (SBN 233583)<br>Andrea L. Brown (SBN 237629) |
| - and – | |
| MARKUN ZUSMAN & COMPTON LLP<br>Jeffrey K. Compton<br>William A. Baird | - and -<br>Lynne C. Hermle (SBN 99779)<br>Sitthikit Chariyasatit (SBN 252028) |
| WYNNE LAW FIRM<br>Edward J. Wynne | *Counsel for Defendant* |
| LAW OFFICE OF STEVEN ELSTER<br>Steven Elster | |
| *Counsel for Plaintiffs* | |

**SO ORDERED:**

Dated: June 2, 2010

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com