UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL BRANDON KRESS, JEFFREY
LABERGE AND WILLOW MARKHAM,
individually, and on behalf of
all others similarly situated,

        Plaintiffs,                  NO. CIV. S-08-0965 LKK/GGH

    v.

PRICEWATERHOUSECOOPERS, LLP,
a Limited Liability Partnership;
and DOES 1-100, inclusive,

                                                    O R D E R

        Defendant.
_____/

    On September 3, 2009, defendant PricewaterhouseCoopers LLP filed a motion to seal certain documents filed in opposition to plaintiff Lac Anh Le's motion for conditional collective certification and facilitated notice. On November 25, 2009, the court granted plaintiff's motion. The court did not rely on defendants' evidence at all because the motion was for first stage conditional collective certification. For this reason, the court grants defendant's motion to seal the documents filed in opposition to plaintiff's motion.

1

On October 27, 2009, defendant filed a motion to seal portions of plaintiff's reply in support of her motion for conditional collective certification and facilitated notice. In a first stage collective certification motion, the court must consider plaintiff's evidence. There is a strong presumption in favor of public access to documents filed in connection with dispositive motions, and this presumption weighs against sealing such documents. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts may treat motions for class certification as dispositive "where a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter, or where the grant of class status raises the cost and stakes of the litigation so substantially that a rational defendant would feel irresistible pressure to settle." Prado-Steiman v. Bush, F.3d 1266, 1274 (11th Cir. 2000); see also Chamberlan v. Ford Motor Co., 402 F.3d 952, 957 (9th Cir. 2005) (adopting Prado-Steiman's approach). In the context of a dispositive motion, "the district court must base its decision [to seal materials] on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

The court tentatively grants defendant's motion to seal certain documents filed with its reply brief in support of its motion for collective certification. Defendant is cautioned, however, that this sealing is tentative. Kamakana, 447 F.3d at 1186. The court will revisit whether these documents should be

permanently sealed at a later time, when it is possible to perform the fact specific analysis required by Foltz.

For the foregoing reasons, the court ORDERS as follows:

(1) Defendant's motion to seal certain documents filed in support of its opposition to the motion for certification, ECF No. 75, is GRANTED.

(2) Defendant's motion to seal certain documents filed by plaintiff in her reply brief, ECF No. 88, is TENTATIVELY GRANTED.

(3) Defendant shall submit the sealed documents filed in opposition to the motion for collective action and plaintiff shall submit the tentatively sealed documents filed in their reply brief in the following manner: Mail a compact disc ("CD") to the Clerk of Court that includes complete PDF versions of all sealed or tentatively sealed documents. The parties shall enclose a letter with the CD listing all the documents on each CD. This list shall include a short title for the document, the file name for the document, as saved on the CD, and the date upon which the document was initially filed. The CD and the letter shall also include the case number and party name. Please direct any questions concerning the filing of the sealed documents to Ana Rivas, Courtroom Deputy, at (916) 930-4133.

////

1   IT IS SO ORDERED.

2   DATED: September 23, 2010.

```
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

4