| | |
|---|---|
| William A. Baird (SBN 192675) | Peter A. Muhic, PHV |
| tbaird@mzclaw.com | pmuhic@btkmc.com |
| **MARKUN ZUSMAN & COMPTON LLP** | **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP** |
| 17383 West Sunset Boulevard, Suite A-380 | 280 King of Prussia Road |
| Pacific Palisades, CA 90272 | Radnor, PA 19087 |
| Telephone:   (310) 454-5900 | Telephone:   (610) 667-7706 |
| Facsimile:    (310) 454-5970 | Facsimile:    (610) 667-7056 |
| Steven Elster (SBN 227545) | Edward Wynne (SBN165819) |
| manfromcal@sbcglobal.net | ewynne@wynnelawfirm.com |
| **LAW OFFICE OF STEVEN ELSTER** | **WYNNE LAW FIRM** |
| 785/E2 Oak Grove Road, #201 | 100 Drakes Landing Road, Suite 275 |
| Concord, CA 94518 | Greenbrae, CA 94904 |
| Telephone:   (925) 324-2159 | Telephone:   (415) 461-6400 |
| | Facsimile:    (415) 461-3900 |

**Attorneys for Plaintiffs
SAMUEL BRANDON KRESS, et al.**

| | |
|---|---|
| Lynne C. Hermle (SBN 99779) | Norman C. Hile (SBN 57299) |
| lchermle@orrick.com | nhile@orrick.com |
| **ORRICK, HERRINGTON & SUTCLIFFE LLP** | Julie A. Totten (SBN166470) |
| | jatotten@orrick.com |
| 1000 Marsh Road | David A. Prahl (SBN 233583) |
| Menlo Park, CA 94025 | dprahl@orrick.com |
| Telephone:   (650) 614-7400 | Andrea L. Brown (SBN 237629) |
| Facsimile:    (650) 614-7401 | abrown@orrick.com |
| | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| | 400 Capitol Mall, Suite 3000 |
| **Attorneys for Defendant** | Sacramento, CA 95814-4497 |
| **PRICEWATERHOUSECOOPERS LLP** | Telephone:   (916) 447-9200 |
| | Facsimile:    (916) 329-4900 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al., | Case No. 2:08-CV-00965-LKK-GGH |
| Plaintiffs, | |
| v. | **STIPULATION AND ORDER RE CLASS CERTIFICATION MOTIONS AND TRIAL SCHEDULE** |
| PRICEWATERHOUSECOOPERS LLP, | |
| Defendants. | |

**STIPULATION**

WHEREAS, on January 20, 2011, the Court issued an Order granting a Stipulation entered into between Plaintiffs Samuel Brandon Kress, Lac Anh Le, Jason Patterson, Lauren San Mateo, James Stekelberg, Jeffrey LaBerge, Willow Markham, Dana Blindbury, Jesse Kenny, Kelly C. Jones, and Antoine Powell (collectively, "Plaintiffs") and Defendant PricewaterhouseCoopers LLP ("Defendant" or "PwC") (together, "the parties") concerning a modified schedule for class certification motions and trial. *See* Docket No. 196.

WHEREAS, pursuant to the Court's January 20, 2011 Order, Plaintiffs' Rule 23 Class Certification Motion with respect to a putative class of unlicensed Associates and Senior Associates in PwC's Tax line of service in California ("Rule 23 Tax Class") shall be filed by June 13, 2011, PwC's opposition shall be filed 45 days thereafter, and Plaintiffs' reply shall be due 30 days later.

WHEREAS, pursuant to the Court's January 20, 2011 Order, Plaintiffs' Rule 23 Class Certification Motion with respect to a putative class of unlicensed Senior Associates in PwC's Assurance line of service in California ("Rule 23 Assurance Class") shall be due 45 days after a decision is rendered by the Ninth Circuit in the matter of *Campbell v. PricewaterhouseCoopers LLP*, Case No. 06-CV-02376-LKK-GGH (the "*Campbell*" matter), but in any event no earlier than August 1, 2011; PwC's opposition shall be filed 45 days after the filing date, and Plaintiffs' reply shall be filed 30 days thereafter;   within 14 days of the filing of Plaintiffs' motion, the parties will propose a hearing date for approximately one month after the reply date;  and in the event that the Ninth Circuit has not rendered a decision in the *Campbell* matter by August 1, 2011, in order to avoid undue delay, the Court shall set a case management conference to take place no later than September 2, 2011 for the purpose of determining a briefing schedule.

WHEREAS, following the Court's January 20, 2011 Order, the parties engaged in further written discovery relating to Plaintiffs' Class Certification Motion with respect to a Rule 23 Tax Class.

WHEREAS, in light of the recent oral argument heard by the Ninth Circuit in the *Campbell* matter, the parties met and conferred and agreed that the outcome of the appeal in the

1 *Campbell* matter may affect the parties' pleadings regarding certification of the Rule 23 Tax
2 Class.

3     WHEREAS, the parties have met and conferred and agree that, in light of these recent
4 developments, it would be prudent to adjust the deadline for the filing of Plaintiffs' Class
5 Certification Motion with respect to the Rule 23 Tax Class in order to allow time for a decision to
6 be rendered in the *Campbell* matter.

7     ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED by and between
8 Plaintiffs and Defendant, by and through their respective undersigned counsel, as follows:

9     1.    Within 30 days of the Ninth Circuit's ruling in the *Campbell* matter, the parties
10 shall meet and confer regarding a new briefing schedule with respect to Plaintiffs' Rule 23 Class
11 Certification Motion as to a putative Rule 23 Tax Class.  Within 7 days of the parties' meet and
12 confer, the parties shall file a Stipulation with the Court concerning the new briefing schedule,
13 including a proposed hearing date.  If the parties are unable to agree regarding a new briefing
14 schedule, they shall submit counter proposals to the Court within the same seven (7) day period
15 and request a status conference before the Court, at which time they shall request that the Court
16 determine the briefing schedule.  In any event, the parties agree that class certification briefing
17 will begin no sooner than six months after the *Campbell* decision is reached.

18     2.    In the event that the Ninth Circuit has not rendered a decision in the *Campbell*
19 matter by August 1, 2011, in order to avoid undue delay, the Court shall set a case management
20 conference to take place no later than September 2, 2011 for the purpose of determining a briefing
21 schedule on Plaintiffs' Rule 23 Class Certification Motion as to a Rule 23 Tax Class.

22     3.    Discovery regarding the Rule 23 Tax Class shall be stayed until the date when a
23 decision has been rendered by the Ninth Circuit in the *Campbell* matter.

24     4.    The provisions of the Court's December 16, 2008 Scheduling Order, as well as the
25 Court's January 20, 2011 Order, shall otherwise remain the same.

26     5.    This stipulation does not stay discovery regarding Plaintiffs' claims (and the claims
27 of the opt-in plaintiffs) under the FLSA.

28

6. This stipulation does not preclude the parties from seeking to lift the stay prior to a decision being rendered in the *Campbell* action.

Dated: April 4, 2011

__/s/ William A. Baird_____

| Peter A. Muhic, PHV<br>**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**<br><br>William A. Baird (SBN 192675)<br>**MARKUN ZUSMAN & COMPTON LLP** | Edward J. Wynne (SBN 165819)<br>**WYNNE LAW FIRM**<br><br>Steven Elster (SBN 227545)<br>**LAW OFFICE OF STEVEN ELSTER** |
|---|---|

**Attorneys for Plaintiffs**
**SAMUEL BRANDON KRESS, et al.**

Dated: April 4, 2011

_/s/ David A. Prahl_____

| Norman C. Hile (SBN 57299)<br>Julie A. Totten (SBN166470)<br>David A. Prahl (SBN 233583)<br>Andrea L. Brown (SBN 237629)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP** | Lynne C. Hermle (SBN 99779)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP** |
|---|---|

**Attorneys for Defendant**
**PRICEWATERHOUSECOOPERS LLP**

**IT IS SO ORDERED:**

Date: April 4, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT