1   Jeffrey K. Compton (SBN 142969)
    jcompton@mzclaw.com
2   William A. Baird (SBN 192675)
    tbaird@mzclaw.com
3   MARKUN ZUSMAN & COMPTON LLP
    17383 West Sunset Boulevard,
4   Suite A-380
    Pacific Palisades, CA 90272
5   Telephone:    (310) 454-5900
    Facsimile:    (310) 454-5970
6

    Peter A. Muhic, PHV
    pmuhic@btkmc.com
    KESSLER TOPAZ
    MELTZER & CHECK, LLP
    280 King of Prussia Road
    Radnor , PA 19087
    Telephone:    (610) 667-7706
    Facsimile:    (610) 667-7056

7   Steven Elster (SBN 227545)
    manfromcal@sbcglobal.net
8   LAW OFFICE OF STEVEN ELSTER
    785/E2 Oak Grove Road, #201
9   Concord, CA  94518
    Telephone:    (925) 324-2159

    Edward Wynne (SBN165819)
    ewynne@wynnelawfirm.com
    WYNNE LAW FIRM
    100 Drakes Landing Road, Suite 275
    Greenbrae, CA 94904
    Telephone:    (415) 461-6400
    Facsimile:    (415) 461-3900

10  **Attorneys for Plaintiffs**
    **SAMUEL BRANDON KRESS, et al.**
11

12  LYNNE C. HERMLE (SBN 99779)
    lchermle@orrick.com
13  JOSEPH C. LIBURT (SBN155507)
    jliburt@orrick.com
14  ORRICK, HERRINGTON & SUTCLIFFE
    LLP
15  1000 Marsh Road
    Menlo Park, CA  94025
16  Telephone:    (650) 614-7400
    Facsimile:    (650) 614-7401
17

    NORMAN C. HILE (SBN 57299)
    nhile@orrick.com
    JULIE A. TOTTEN (SBN166470)
    jatotten@orrick.com
    DAVID A. PRAHL (SBN 233583)
    dprahl@orrick.com
    ANDREA L. BROWN (SBN 237629)
    abrown@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE
    LLP
    400 Capitol Mall, Suite 3000
    Sacramento, CA  95814-4497
    Telephone:    (916) 447-9200
    Facsimile:    (916) 329-4900

18  **Attorneys for Defendant**
    **PRICEWATERHOUSECOOPERS LLP**
19

20              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF CALIFORNIA

21  SAMUEL BRANDON KRESS, et al.,         Case No.  2:08-CV-00965-LKK-GGH

22          Plaintiffs,

23      v.                               **JOINT STATEMENT RE DISCOVERY
                                         DISAGREEMENT**
24  PRICEWATERHOUSECOOPERS LLP,

25          Defendants.

26

27

28

1    Pursuant to Local Rule 251(d) (Fed. R. Civ. P. 37), Plaintiffs Samuel Brandon Kress, Lac

2    Anh Le, Jason Patterson, Lauren San Mateo, James Stekelberg, Jeffrey LaBerge, Willow

3    Markham, Dana Blindbury, Jesse Kenny, Kelly C. Jones, and Antoine Powell (collectively,

4    "Plaintiffs"), and Defendant PricewaterhouseCoopers LLP ("Defendant" or "PwC") submit the

5    following Joint Statement regarding the discovery dispute that is the subject of Plaintiffs' Motion

6    to Compel Discovery Response ("Motion to Compel"), filed contemporaneously herewith.

7

8    **I.      THE NATURE OF THE CASE AND THE FACTUAL DISPUTE AT ISSUE.**

9          **A.      Introduction**

10    Plaintiffs seek an order compelling PwC to produce the names and addresses of members

11    of Plaintiffs' proposed FED. R. CIV. P. 23 classes, consisting of all individuals who, at any point

12    from October 2003 to the present: (1) worked in the position of Associate and/or Senior Associate

13    in PwC's Tax line of service in California, and/or the position of Senior Associate in PwC's

14    Assurance line of service in California; and (2) did not hold a California Certified Public

15    Accountant ("CPA") license for some or all of the time they worked in these positions.  Plaintiffs

16    contend that they do not have this information and that the information, requested pursuant to

17    Plaintiff Jones's Interrogatories to Defendant, Set One, is relevant to their prospective Rule 23

18    motions for class certification because, among other things, it will enable them to determine

19    whether common questions of law or fact exist and whether their claims are typical of the claims

20    of the proposed classes.  Plaintiffs contend that courts routinely order the production of class

21    contact information precertification and that PwC's arguments against doing so in this case are

22    without merit.  Plaintiffs further contend that the Protective Order in this case does not prevent

23    production of the requested class contact information.  PwC contends that (1) the Protective Order

24    governing this action precludes the production of the requested contact information; and (2)

25    Plaintiffs cannot meet their burden of showing that the requested contact information is necessary

26    or appropriate at the class certification stage of this case, particularly since Plaintiffs already have

27    access to some of the contact information that they seek through this motion.

28    Despite participating in several good-faith conferences in an attempt to informally resolve

1    their disagreement concerning the subject interrogatory, the parties have reached an impasse, thus

2    necessitating the filing of Plaintiffs' Motion to Compel.

3        **B.    Procedural Background**

4            **1.    Complaint**

5            On August 14, 2008, the Court ordered the consolidation of two related cases: (1) *Kress,*

6    *et al. v. PricewaterhouseCoopers LLP*, Case No. 08-cv-965-LKK-GGH, and (2) *Le, et al. v.*

7    *PricewaterhouseCoopers LLP*, Case No. 08-cv-997-LKK-EFB, which collectively became the

8    instant action. *See* Order (Docket No. 24).  In accordance with the Court's Order, Plaintiffs filed

9    a Consolidated Class/Collective Action Complaint on September 18, 2008. *See* Docket No. 29.

10   Plaintiffs filed an Amended Consolidated Class/Collective Action Complaint in this matter on

11   December 24, 2008 for the sole purpose of adding additional proposed class representatives. *See*

12   Docket No. 45.  In addition, by recent stipulation of the parties, the Court granted Plaintiffs

13   permission to file – and Plaintiffs have since filed – a Second Amended Consolidated

14   Class/Collective Action Complaint in order to add three more proposed class representatives. *See*

15   Order (Docket No. 198) and Second Amended Consolidated Class/Collective Action Complaint

16   (Docket No. 214).

17           Plaintiffs bring this action as a wage and hour collective and class action on behalf of

18   themselves and all other similarly situated individuals employed as Associates and/or Senior

19   Associates in PwC's Assurance, Advisory and/or Tax lines of service who are/were not licensed

20   by the State of California ("Unlicensed Associates") during some or all of the time they worked

21   in these positions.  Plaintiffs allege that PwC improperly classified Unlicensed Associates as

22   exempt from the protection of overtime laws and was required to pay these individuals overtime

23   pay for all hours worked beyond forty (40) in a workweek and/or eight (8) in a workday.

24   Plaintiffs bring this action as a collective action to recover unpaid overtime compensation

25   pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*.

26   ("FLSA") on behalf of a class of current and former Unlicensed Associates nationwide, and as a

27   class action to recover overtime compensation and other wages due pursuant to the California

28   Labor Code, Industrial Welfare Commission Wage Orders and the California Business &

1  Professions Code (collectively, the "CA Labor Laws") on behalf of a class of current and former

2  Unlicensed Associates within the State of California.  PwC denies any and all liability in the

3  action.

4          The instant action has been deemed related to the matter of *Campbell v.*

5  *PricewaterhouseCoopers, LLP*, Case No. 06-cv-2376-LKK-GGH ("*Campbell*"), a wage-and-hour

6  class action involving a class of unlicensed individuals who worked in the position of Associate

7  in the Attest Division of PwC's Assurance line of service ("Attest Associates) in California.

8  Until recently, the *Campbell* matter was  before the Ninth Circuit Court of Appeals on PwC's

9  appeal of this Court's order entering summary adjudication against PwC on the issue of whether

10  its Attest Associates are eligible for exemption from California overtime requirements under the

11  professional and administrative exemptions set forth in California Wage Order 4-2001.  However,

12  on June 15, 2011, the Ninth Circuit issued an order reversing this Court's order of summary

13  adjudication, and remanding the *Campbell* action for trial.

14          **2.      Plaintiffs' Conditionally Certified and Proposed Classes**

15              **a.      Conditionally Certified FLSA Classes**

16          Plaintiffs have obtained conditional certification under the FLSA on behalf of three

17  classes of PwC employees thus far in this litigation.  The first such certification occurred on

18  November 25, 2009, when the Court granted Plaintiffs' motion to conditionally certify a

19  collective action under Section 216(b) of the FLSA, and issued an order authorizing court-

20  facilitated notice of this action to prospective class members.  *See* Order (Docket No. 92).  The

21  conditionally certified class consists of all individuals who, at any time from December 11, 2005

22  to the present, (a) were employed by PwC in the position of Associate in the Attest Division of

23  PwC's Assurance line of service anywhere in the United States; and (b) were not licensed as

24  CPAs for some or all of the time they worked in the position.  On or about April 5, 2010, notice

25  of the lawsuit was issued to approximately 12,000 individuals meeting the above-described

26  criteria, with approximately 1,700 of these individuals electing to opt in to the action and

27  participate as party plaintiffs.  The period for opting in to the action under the FLSA has since

28  closed.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

1    Thereafter, the Court conditionally certified two more employee groups after the parties

2    stipulated to conditional FLSA collective certification for all individuals who, at any time

3    between December 11, 2005 and the present, (a) were employed by PwC in the position of

4    Associate in the Disputes, Analysis and Investigations (DA&I) and/or the Threat and

5    Vulnerability Management (TVM) groups of PwC's Advisory line of service in the United States

6    and were not licensed as CPAs for some or all of the time they worked in these positions; and

7    (b) were employed by PwC in the position of Associate in the Tax Project Delivery Group

8    ("TPDG") of PwC's Tax line of service in the United States and were not licensed as CPAs for

9    some or all of the time they worked in this position.  *See* Stipulation and Order dated June 2, 2010

10   (Docket No. 141).[1]  On or around August 27, 2010, notice was issued to approximately 1,500

11   individuals meeting these criteria, and approximately 110 individuals have chosen to opt in to the

12   action and participate as party plaintiffs.  The period for opting in to the action has since closed.

13                **b.      Proposed California Rule 23 Classes**

14   The classes for which Plaintiffs currently intend to seek Rule 23 class certification consist

15   of all individuals who, at any point from October 2003 to the present: (1) worked in the position

16   of Associate and/or Senior Associate in PwC's Tax line of service in California, and/or the

17   position of Senior Associate in PwC's Assurance line of service in California; and (2) did not

18   hold a California CPA license for some or all of the time they worked in these positions.

19   Pursuant to the Court's April 4, 2011 Order, the deadline for Plaintiffs to file their motion for

20   class certification under Federal Rule of Civil Procedure 23 as to the putative class consisting of

21   unlicensed Associates and Senior Associates in PwC's Tax line of service in California (the

22   "Proposed Rule 23 Tax Class") shall be no sooner than six months after the Ninth Circuit's

23   decision in the related *Campbell* matter – or no sooner than on or around December 15, 2011.

24   *See* Order (Docket No. 216).

25   The deadline for Plaintiffs to file their motion for class certification under Federal Rule of

26   Civil Procedure 23 as to the putative class consisting of unlicensed Senior Associates in PwC's

27   _____

[1] PwC intends to seek decertification of the conditionally certified FLSA classes once discovery

28   concludes.  *See Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 628-29 (E.D. Cal. 2009)
     (FLSA conditional certification may be revisited at the conclusion of discovery).

1  Assurance line of service in California (the "Proposed Rule 23 Assurance Class") is 45 days after

2  the issuance of the Ninth Circuit's decision in the *Campbell* matter, but in any event no earlier

3  than August 1, 2011.  *See* Order (Docket No. 196).

4       The Rule 23 Tax Class and the Rule 23 Assurance Class are referred to collectively herein

5  as the "Proposed Rule 23 Classes."

6       **C.     Discovery Regarding Plaintiffs' Proposed California Rule 23 Classes**

7       In anticipation of the Court's Order consolidating the *Le* and *Kress* actions into the instant

8  action, and due to the overlap between this action and the *Campbell* action, the parties stipulated

9  that the protective order on file in *Campbell* would apply to this action.  *See* Stipulation and Order

10  entered August 19, 2008 (Docket No. 25) (attached hereto as Exhibit 1).  *See also* Revised

11  Stipulated Protective Order Re Use of Confidential Information, entered October 12, 2007

12  (*Campbell* Docket No. 43) (attached hereto as Exhibit 2).  Pursuant to the Court's directive at a

13  December 15, 2008 status conference, the parties submitted a detailed discovery plan which was

14  adopted in full by the Court on February 19, 2009.  *See* Order (Docket No. 49).  The parties

15  agreed, among other things, that they may collectively contact the Court for the purpose of

16  informally resolving discovery disputes and that any issues and/or disputes that may arise during

17  the course of discovery in this matter should be resolved informally wherever possible,

18  acknowledging their collective duty to meet and confer in good faith whenever such issues and/or

19  disputes arise.

20       The Court's omnibus case management schedule, entered on December 16, 2008, adopted

21  the parties' recommendations and set forth a briefing schedule whereby Plaintiffs' motions for

22  class certification under Rule 23 ("Plaintiffs' Rule 23 motions") were set to be filed after

23  Plaintiffs' motions for conditional collective certification under the FLSA ("Plaintiffs' FLSA

24  motions").  *See* Order (Docket No. 44).  Accordingly, the parties conducted discovery as to

25  Plaintiffs' FLSA claims prior to commencing discovery as to Plaintiffs' Rule 23 claims.

26  However, a substantial number of the documents produced by PwC relating to Plaintiffs' FLSA

27  claims apply equally to Plaintiffs' Rule 23 claims as to the Proposed Rule 23 Classes.  In

28  addition, Plaintiffs have been provided with all of the documents produced in the related

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

1    *Campbell* matter, many of which relate to Plaintiffs' Proposed Rule 23 Classes.

2           The discovery request which is the subject of the instant disagreement, Interrogatory No. 1

3    of Plaintiff Kelly Jones's first set of interrogatories, was served on PwC on August 11, 2010.  *See*

4    "Plaintiff Kelly Jones' Interrogatories to Defendant PricewaterhouseCoopers, LLP, Set One,"

5    attached to the Declaration of  Peter A. Muhic in Support of Plaintiffs' Motion to Compel

6    Discovery Response ("Muhic Decl.") as Exhibit A.  Defendant served its response to this

7    interrogatory on November 12, 2010.  *See* "Defendant PricewaterhouseCoopers LLP's

8    Confidential Responses and Objections to Plaintiff Kelly Jones's Interrogatories, Set One,"

9    attached to the  Muhic Decl. as Exhibit B.  Defendant objected to the interrogatory in its entirety

10   and refused to provide the information it requested.  *See id.*

11          **D.       Request at Issue and Defendant's Response**

12          The parties have reached an impasse concerning the discoverability of the information

13   requested by Interrogatory No. 1 of Plaintiff Jones's Interrogatories, Set One.  The interrogatory

14   and Defendant's response are reproduced below.

15          **Interrogatory No. 1**: IDENTIFY all ASSOCIATES.[2]

16          **Response**: PwC objects to this Interrogatory on the grounds that it is vague, ambiguous,

17   unduly burdensome, oppressive, harassing and overbroad.  PwC further objects to this

18   Interrogatory to the extent it seeks information that is already in the possession, custody, care or

19   control of Plaintiffs.  PwC further objects to this Interrogatory on the grounds that it is unduly

20   burdensome and harassing to the extent that it is duplicative of Interrogatory No. 2 of Plaintiff

---

21   [2] Plaintiffs define the term "IDENTIFY" to mean, "in the context of a natural person, the person's
22   name, last known residence address, last known residence telephone number, last known mobile
     telephone number, last known personal e-mail address, and social security number."  Plaintiffs
23   define the term "ASSOCIATES" to mean "PwC's employees who (a) worked in the position of
     Associate or Senior Associate in PwC's Advisory line of service, Associate or Senior Associate in
24   PwC's Tax line of service, and Senior Associate in PwC's Assurance line of service in California
     at any point from October 27, 2003 to the time PwC's answers are due; and (b) did not possess a
25   CPA license for some or all of the time they worked in any of these positions during the period
     from October 27, 2003 to the time PwC's answers are due."  As Plaintiffs have decided not to file
26   a motion to certify a Rule 23 class consisting of Associates and Senior Associates in PwC's
     Advisory line of service in California, and as a result of the meet-and-confer process detailed
27   below, Plaintiffs are only seeking the names and addresses for members of the Proposed Rule 23
28   Tax Class and the Proposed Rule 23 Assurance Class.

1   Dana Blindbury's Interrogatories, Set One.  PwC further objects to this Interrogatory on the

2   ground that it seeks information that is protected from disclosure by the right to privacy

3   guaranteed by the United States and/or California Constitutions.  PwC further objects to this

4   Interrogatory to the extent Plaintiffs seek information that is premature and speculative pertaining

5   to the identity of putative class members under California law.  PwC will not identify individuals

6   based on a definition of the putative class provided by Plaintiffs, and is under no obligation to

7   identify any individuals as being part of the putative class until the issue of class certification has

8   been determined.  PwC further objects to this Interrogatory to the extent that it requires PwC to

9   violate the terms of the protective order governing this action, which precludes PwC from

10  disclosing the names of putative class members before a class is certified.  PwC also objects to

11  this Interrogatory to the extent it seeks information beyond that related to the issue of whether

12  Plaintiffs can meet their burden to establish that this matter should be certified as a class action.

13

14  **II.      GOOD FAITH CONFERENCES BETWEEN THE PARTIES.**

15           As is required by the parties' discovery plan and the Local Rules of this Court, the parties

16  have met and conferred in good faith regarding the disputed interrogatory for the purpose of

17  attempting an informal resolution.

18           Upon receipt and review of Defendant's response to Plaintiff Jones's Interrogatories, Set

19  One, Plaintiffs' counsel sent a detailed meet and confer letter to Defendant's counsel on

20  November 19, 2010 regarding the various alleged deficiencies in the responses provided.  *See*

21  November 19, 2010 letter attached to the  Muhic Decl. as Exhibit C.  As to Plaintiffs' alleged

22  entitlement to the requested putative class member contact information[3], Plaintiffs noted that they

23  do not believe that any part of the protective order governing this matter precludes production of

24  the requested information and that authority from within the Ninth Circuit makes it clear that the

25  contact information for putative class members is discoverable prior to class certification.

26           Defendant's counsel responded via letter dated December 2, 2010.  In their letter, counsel

27  _____

28  [3] Other than the issue of Plaintiffs' alleged entitlement to the requested contact information, the
    parties have resolved the discovery disputes outlined in Plaintiffs' November 19 letter.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
                                                                     2:08-CV-00965-LKK-GGH

1    noted that (1) Plaintiffs' interrogatory did not seek only the names and addresses of putative class

2    members, but also sought information such as social security numbers that PwC stated it would

3    not produce; (2) even if Plaintiffs' interrogatory were limited to requesting putative class member

4    contact information, the protective order to which Plaintiffs stipulated precludes the pre-

5    certification disclosure of such information; (3) under Ninth Circuit precedent, disclosure of

6    putative class member contact information is impermissible absent a particularized showing that

7    Plaintiffs have failed to make; and (4) disclosure of putative class member contact information

8    would violate the putative class members' right to privacy.  *See* December 2, 2010 letter attached

9    to the  Muhic Decl. as Exhibit D.

10          Plaintiffs responded via letter on December 20, 2010, narrowing their request for contact

11   information to only the names and last known residence addresses for putative class members,

12   and indicating their intent to seek Court intervention.  *See* December 20, 2010 letter attached to

13   the  Muhic Decl. as Exhibit E.  Plaintiffs also responded to Defendant's concern regarding the

14   protective order, setting forth the basis for their belief that the protective order does not preclude

15   production of the requested information.  Finally, Plaintiffs cited case law from within the Ninth

16   Circuit which they contend supports their position that they are entitled to the requested

17   discovery.

18          Defendant responded via letter on December 23, 2010, seeking additional time to respond.

19   *See* December 23, 2010 letter attached to the  Muhic Decl. as Exhibit F.  The parties participated

20   in a final meet and confer concerning this issue via telephone on January 11, 2011, but were

21   unable to reach an agreement.  Plaintiffs' counsel informed Defendant's counsel that they would

22   be filing the instant Motion to Compel.

23          Though Plaintiffs subsequently agreed to withdraw their motion in light of further

24   stipulations among the parties that the instant action should be partially stayed pending the

25   resolution of the *Campbell* appeal, Plaintiffs did so without waiving their right to later renew the

26   motion.  Now that the *Campbell* appeal has been decided, Plaintiffs have renewed the motion.

27

28

III.    **CONTENTIONS OF THE PARTIES AS TO THE DISPUTED ISSUE.**

    A.    **Plaintiffs' Contentions**

Plaintiffs seek an order compelling PwC to produce the names and addresses of members of the Proposed Rule 23 Classes.  As set forth below, it is well established that the contact information of putative classes is discoverable prior to class certification - "**the need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established**."  *Tomassi v. City of Los Angeles*, No. 08-cv-1851, 2008 WL 4722393, *4 (C.D. Cal. Oct. 24, 2008) (emphasis added).

    1.    **The Contact Information Of Class Members Is Relevant, Discoverable, And Necessary Pre-Certification.**

The California Supreme Court has explained that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007).  Following the California Supreme Court's lead, federal courts in California have also noted the importance of the pre-certification production of contact information for putative class members.  In *Tomassi v. City of Los Angeles,* No. 08-cv-1851, 2008 WL 4722393 (C.D. Cal. Oct. 24, 2008), the court, faced with the plaintiffs' motion to compel contact information for potential class members, explained that "the need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established." *Id*.  Likewise, in *Jimenez v. Domino's Pizza, LLC*, No. 04-cv-11107, 2006 U.S. Dist. LEXIS 66510, (C.D. Cal. Jan. 11, 2006), the court stated the general rule that "'before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.'" *Id*. at *1 (citations omitted).  In *Weigele v. FedEx Ground Package Sys.*, No. 06-cv-1330, 2007 WL 628041 (S.D. Cal. Feb. 8, 2007), the court noted that putative class members "are likely percipient witnesses to Plaintiff's wage and hour claims." *Id*. at *2, n.1.

Thus, in the precise context presented here, courts within the Ninth Circuit routinely

1  compel, prior to class certification, the production of names and addresses of potential Rule 23

2  class action members.  For example, in *Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812 (C.D. Cal.

3  2007), the court noted the various showings that the plaintiff would be required to make to

4  support class certification under Rule 23 and found that the "[p]laintiff has shown a legitimate

5  need for the requested information to determine, among other things, whether common questions

6  of law or fact exist, and if [the] plaintiff's claims are typical." *Id*. at 814.  In addition, the court in

7  *Currie-White v. Blockbuster, Inc.*, No. 09-2593, 2010 WL 1526314 (N.D. Cal. April 15, 2010)

8  likewise found that the plaintiff was entitled to the contact information of putative class members

9  pre-certification, both in the two stores where the plaintiff worked and at other stores throughout

10  the state of California. *Id*. at *3.  Noting that disclosure of names and addresses is a "common

11  practice in the class action context," the court held that "**the contact information and**

12  **subsequent contact with potential class members is necessary to determine whether [the**

13  **plaintiff's] claims are typical of the class, and ultimately whether the action may be**

14  **maintained as a class action**." *Id*.

15      The United States Supreme Court has even weighed in on the issue and established a rule

16  of deference to class counsel in Rule 23 class actions to permit communications with potential

17  class members for the purpose of notification and gathering information prior to class

18  certification. *See Tomassi*, 2008 WL 4722393, at *3 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89,

19  101-02 (1981)).  Notably, the Supreme Court stated that "the mere possibility of abuses does not

20  justify routine adoption of a communication ban that interferes with the formation of a class or

21  the prosecution of a class action in accordance with the Rules." *Gulf Oil Co.*, 452 U.S. at 104.

22  As is evident from established precedent, the discovery sought here is likely to substantiate

23  Plaintiffs' class allegations.

24      Plaintiffs contend that they are entitled to the requested discovery because it will assist

25  them in meeting the requirements to certify a class under Rule 23.  Specifically, and as set forth in

26  Plaintiffs' various meet and confer letters, the identities and requested contact information for

27  putative class members in California is reasonably calculated to lead to the discovery of

28  admissible evidence regarding commonality and typicality of the proposed Rule 23 Classes.

1    Plaintiffs submit that it is of paramount importance for class representatives to have this

2    information prior to seeking class certification so that they can investigate their claims through

3    contact with potential witnesses.  Putative class members will likely be the most knowledgeable

4    regarding key facts in the case and will likely have information that will help to substantiate the

5    class allegations.  Moreover, PwC has unlimited access to these putative class members in order

6    to oppose Plaintiffs' motions for class certification.  Indeed, PwC has utilized its access to

7    putative class members to oppose Plaintiffs' FLSA motion in this case by garnering and

8    submiting over 100 declarations from class members in support of its opposition.  The equities

9    need to be balanced by providing Plaintiffs with equal access to members of the Proposed Rule

10   23 Classes.

11               **2.        The Contact Information Of Class Members Is Necessary Pre-**
                            **Certification.**
12

13         Unable to dispute the conclusive weight of authority in favor of production of contact

14   information for class members prior to certification, PwC contends that Plaintiffs have failed to

15   meet their burden to demonstrate that access to putative class member names and addresses is

16   likely to substantiate their class allegations.  In support thereof, PwC cites to *Mantolete v. Bolger*,

17   767 F.2d 1416, 1424 (9th Cir. 1985) (citing *Doninger v. Pacific Northwest Bell, Inc*., 564 F.2d

18   1304, 1313 (9th Cir. 1977)), whereby the court noted that pre-certification discovery of class-

19   wide information is only permissible if Plaintiffs are able to make a prima facie showing that (1) a

20   class is maintainable under the provisions of FED. R. CIV. P. 23; or (2) the discovery sought is

21   likely to substantiate their class allegations.

22         *Mantolete/Doninger* does not advance PwC's position for several reasons.  First, as

23   compared to the cases cited by Plaintiffs, *Mantolete/Doninger* were not class actions, and did not

24   involve the production of names and addresses.  Second, those cases dealt with the issue of

25   whether class discovery in general should occur, whereas, there is no question that class

26   discovery is appropriate and has been ongoing for some time.  Third, even if  *Mantolete/Doninger*

27   applied in some way, which it does not, as set forth above in detail, Plaintiffs submit that it is of

28   paramount importance for class representatives to have the requested contact information prior to

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

seeking class certification. *See e.g.*, *Putnam,* contact with putative class members "could well be useful for [the] plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23." *Id.* at 814.[4]  Moreover, when Plaintiffs already represent three certified classes of similar PwC employees, and the Plaintiffs in the *Campbell* matter also represent a certified class of PwC employees pursuant to FED. R. CIV. P. 23, it is whimsical at best for PwC to suggest that Plaintiffs have not made a prima facie showing that a class action is maintainable.

PwC's contention that Plaintiffs already have sufficient access to the contact information for members of the Proposed Rule 23 Classes is also misplaced.  As to the Proposed Rule 23 Tax Class, Defendant asserts that Plaintiffs have the contact information for the 33 members of the conditionally-certified nationwide FLSA class of TPDG Tax Associates.  The information provided by the FLSA conditionally-certified class is insufficient for several reasons.  First, Plaintiffs' Proposed Rule 23 Tax Class includes individuals who worked in the position at any time from October 2003 to the present whereas the class period for the conditionally-certified nationwide FLSA class of TPDG Tax Associates does not begin until December 11, 2005. Accordingly, Plaintiffs have no access to California TPDG Tax Associates who worked during the first approximately two years of the proposed class period.  Second, Plaintiffs' Proposed Rule 23 Tax Class is not limited to individual who worked in the TPDG Tax line of service.  Plaintiffs recently amended their complaint to add additional named plaintiffs and proposed class representatives who worked in the Industry Services Group, Financial Services Group, and International Tax Services group of PwC's Tax line of service as well.  Third, the conditionally-certified nationwide FLSA class of TPDG Tax Associates does not include individuals who worked in the position of Senior Associate—a position included in Plaintiffs' Proposed Rule 23 Tax Class.

---

[4] PwC's reliance on three California Central district cases is equally misplaced.  As a primary matter, none of these cases involved the tailored request at issue or already had classes certified. Further, in contrast to here,  extensive class discovery had not already taken place.  In addition, *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408 DSF (RZx), (C.D. Cal. Oct 8, 2009) and *Delodder v. Aerotek, Inc.*, No. CV 08-6044-CAS (AGRx)(C.D. Cal. Oct. 20, 2009) are unpublished and of no value.  Moreover,  in  *Williams v. Veolia Transp. Servs., Inc.*, No. CV 08-2582-GW (AGRx), 2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008), contrary to PwC's contention, the Court did order classwide discovery on several issues.

1    As to the Proposed Rule 23 Assurance Class,  PwC argues that Plaintiffs have access to

2    the names and addresses of 235 members of the conditionally-certified nationwide FLSA class of

3    Attest Associates who worked in the position of Senior Associate in California.  For the same

4    reasons discussed above, having access to these individuals will not resolve Plaintiffs' concerns

5    because Plaintiffs' Proposed Rule 23 Assurance Class includes individuals who worked in the

6    position at any time from October 2003 to the present, whereas the class period for the

7    conditionally-certified nationwide FLSA class of Attest Associates does not begin until December

8    11, 2005.

9           **3.**     **Plaintiffs' Request For Contact Information Does Not Invade Privacy Rights And Plaintiffs Have Agreed To A Process That Will Allow Of**

10                      **Class Members To Opt Out Of Providing Their Information**

11   While Plaintiffs are mindful of PwC's concerns about privacy and the disclosure of

12   putative class members' confidential information, "the protection which is afforded to privacy

13   claims is a qualified protection, rather than an absolute one."  *Alvarez v. The Hyatt Regency Long*

14   *Beach*, No. 09-cv-4791, 2010 U.S. Dist. LEXIS 99281, at *4 (C.D. Cal. Sept. 21, 2010).  "The

15   Court must balance privacy rights against discovery of relevant information."  *Id*. at *5.  Plaintiffs

16   assert that their need for the names and addresses for putative class members outweighs the

17   privacy rights of these individuals.  *See, e.g.*, *Pioneer Electronics*, 40 Cal. 4th at 373 (explaining

18   that "[s]uch disclosure involves no revelation of personal or business secrets, intimate activities,

19   or similar private information, and threatens no undue intrusion into one's personal life");

20   *Tomassi*, 2008 WL 4722393, at *4 ("after balancing the various concerns presented by the

21   [plaintiffs' motion] … [p]laintiffs' need for names and addresses of potential class members

22   outweighs the asserted privacy rights").

23   Moreover, Plaintiffs have addressed PwC's concerns by offering to agree to an opt-out

24   notice process consistent with that proposed by the court in *Belaire-West Landscape, Inc. v.*

25   *Superior Court*, 149 Cal.App.4th 554 (2007).  Putative class members would be given the

26   opportunity to object in writing to prevent certain information about them from being disclosed to

27   Plaintiffs' counsel.  Plaintiffs have also expressed to Defendant their willingness to enter into a

28   separate protective order governing the disclosure of the names and addresses of putative class

1    members.

2         As evidence of the reasonableness of Plaintiffs' proposals, the Central District of

3    California has recently found that such protections are unnecessary.  In *Alvarez*, 2010 U.S. Dist.

4    LEXIS 99281, the court granted the plaintiff's motion to compel disclosure of the names and

5    contact information for putative class members in an action for unpaid commission wages.  As is

6    the case here, the defendants contended that the information was not relevant for class

7    certification and invaded the privacy rights of the putative class.  The court found that the

8    information requested was "not sensitive and personal information, such as might be contained in

9    medical records, or similar documents."  *Id*. at *5.  It further found that "[i]n the class action

10   context, disclosure of names, addresses and telephone numbers is common practice."  *Id*. (citing

11   *Pioneer Electronics*, 40 Cal. 4th at 372).  During the meet and confer process, the plaintiffs had

12   offered to enter into a protective order and that the information be given to a third party who

13   would send the class members an opt-out letter.  The court was not persuaded that an opt-out

14   system is necessary, noting that the procedure would be extremely time-consuming and the

15   plaintiff's proposal was no longer feasible given the approaching deadline for the plaintiff's class

16   certification motion.  Further, the court noted that the California Supreme Court in *Pioneer*

17   *Electronics, supra*, supported the proposition that an opt-in style of notice would not be required,

18   but did not impose an opt-out style of notice.

19         **4.     The Protective Order Does Not Bar Production Of The Contact**
             **Information Of Class.**

20

21         Finally, Plaintiffs do not believe that any part of the protective order governing this action

     precludes production of the requested information.  The protective order entered in *Campbell* and

22   adopted by this Court states in pertinent part that "[n]othing in this Protective Order shall permit

23   or require PwC to disclose, before a class is certified, the names and addresses of putative class

24   members."  Plaintiffs contend that the language of the protective order does not prohibit

25   disclosure, before a class is certified, of the names and addresses of putative class members.

26   Rather, the language makes clear that the protective order itself makes no determination about the

27   ultimate production of the contact information at issue.  Plaintiffs did not agree, nor would they

28

1  have, to refrain from seeking contact information of puntative class members.

2       **5.**     **Plaintiffs' Conclusion.**

3       Accordingly, for all of the reasons discussed above, the Court should compel PwC to

4  produce the requested names and addresses for all members of the Proposed Rule 23 Classes.

5       **B.**     **Defendant's Contentions**

6       Plaintiffs' motion to compel misconstrues the stipulated protective order governing this

7  case and wrongly assumes that Plaintiffs are entitled to discover putative class member contact

8  information without making any supporting factual or legal showing relating to their class-wide

9  allegations.  In fact, the protective order that governs in this case draws a plain distinction

10  between post-certification disclosure, which is allowed, and pre-certification disclosure, which is

11  not.  Moreover, even if such disclosure were permissible at this stage of the litigation, Plaintiffs

12  have made no showing – as they must in the Ninth Circuit – that a class action is maintainable

13  under Fed. R. Civ. P. 23, or that the requested contact information is necessary and likely to

14  substantiate their class-wide allegations.  For these and other reasons set forth more fully below,

15  Plaintiffs' motion must be denied.

16       **1.**     **The Governing Stipulated Protective Order Precludes Pre-**
**Certification Discovery of Putative Class Member Contact**
17                            **Information.**

18       Plaintiffs' motion must be denied under the very protective order that Plaintiffs stipulated

19  to and the Court entered at the outset of this case.  As noted above, in August 2008, Plaintiffs

20  stipulated with PwC that the protective order governing the *Campbell* action would govern this

21  case.  That protective order squarely addresses the propriety of disclosure of putative class

22  member contact information by drawing a clear line between pre-certification and post-

23  certification disclosure.  As to pre-certification disclosure, the order notes that "[n]othing in this

24  Protective Order shall permit or require PwC to disclose, before a class is certified, the names and

25  addresses of putative class members."  Only where a class is certified does the order "permit" –

26  and, in fact, require – PwC to disclose putative class member contact information "after an

27  appropriate discovery request or order from the Court…."  The protective order therefore is not

28  silent on the issue of whether putative class member contact information may be disclosed, as

Plaintiffs claim.  It instead clarifies that the appropriate time for disclosing such information is only after a class has been certified and Plaintiffs (or the Court) *subsequently* demand that it be disclosed.

Plaintiffs' existing Interrogatory is accordingly premature and would require PwC to violate the terms of the protective order by disclosing putative class member contact information before any Rule 23 classes are certified.  Plaintiffs' conduct to date in this litigation acknowledges this fact, as Plaintiffs have sought and obtained certification of three classes of employees without even requesting the disclosure of putative class member contact information before doing so.  Plaintiffs in the related *Campbell* matter also did not seek the disclosure of such information prior to obtaining certification of the California class of Attest Associates at issue in that action, and instead waited until after the class was certified to request such information from PwC.

## 2. Plaintiffs Have Not Made The Required *Prima Facie* Showing Warranting Discovery of Putative Class Member Contact Information.

Even assuming that the governing protective order did not prohibit the pre-certification disclosure of contact information by PwC – which it does – Plaintiffs' motion must nonetheless be denied because Plaintiffs have failed to satisfy their burden of showing why the disclosure of such information is necessary or appropriate at this stage of the litigation.

The Ninth Circuit has long held that pre-certification discovery of class-wide information is inappropriate unless Plaintiffs make a *prima facie* showing that (1) a class action is maintainable under the provisions of FED. R. CIV. P. 23; or (2) the discovery sought is likely to substantiate their class allegations.  *See Mantolete v. Bolger*, 767 F. 2d 1416, 1424-25 (9th Cir. 1985) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F. 2d 1304, 1313 (9th Cir. 1977), and upholding district court's denial of discovery as to a putative national class).  "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination."  *Doninger* 564 F.2d at 1313 (citing *Kamm v Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)).  *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F. 3d 935, 942 (9th Cir. 2009) (reaffirming the requirements set forth in *Mantolete* and *Doninger*).

1    District courts in the Ninth Circuit have applied these standards to deny Plaintiffs access

2    to putative class member names and contact information, including in wage-and-hour cases.  For

3    example, in *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408 DSF (RZx), at *2

4    (C.D. Cal. Oct 8, 2009), the court applied the standards set forth in *Mantolete* and *Doninger* to

5    deny Plaintiff access to putative class member contact information in light of Plaintiff's failure to

6    show "that the identities and residences of the employees or former employees is necessary or

7    likely to be useful in his attempt to satisfy the requirements of FED. R. CIV. P. 23(a)."  The court

8    held that while such contact information may be appropriate for notice purposes after

9    certification, Plaintiff failed to show why it would help establish the numerosity, commonality,

10   typicality, or adequacy requirements of Rule 23(a).  Numerous other district courts in the Ninth

11   Circuit have issued similar determinations.  *See, e.g., Williams v. Veolia Transp. Servs., Inc.*, No.

12   CV 08-2582-GW (AGRx), 2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008) (denying request

13   for pre-certification class-wide discovery where Plaintiff failed to show discovery was likely to

14   substantiate class allegations); *Delodder v. Aerotek, Inc.*, No. CV 08-6044-CAS (AGRx), at *4

15   (C.D. Cal. Oct. 20, 2009) (denying precertification class-wide discovery of putative class member

16   contact information due to plaintiffs' failure to disclose any factual or legal bases for their class-

17   wide claims).

18   Here, as in *Vasquez*, Plaintiffs have failed to meet their burden under the

19   *Manolete/Doninger* standard.  Plaintiffs fail to even argue in this motion that a class action is

20   maintainable under FED. R. CIV. P. 23, let alone submit any evidence supporting such a claim.[5]

21   Nor do Plaintiffs make anything but wholly conclusory allegations in arguing that the names and

22   telephone numbers of putative class members may "lead to the discovery of admissible evidence

23   regarding commonality and typicality of the proposed Rule 23 Classes."  *See supra* at 11-12.

24   Such unsupported statements do not establish a *prima facie* case under FED. R. CIV. P. 23 or

25   explain how putative class members' contact information would substantiate Plaintiffs' class

---

[5] Indeed, despite their access to the abundant discovery already taken in this matter and the related *Campbell* matter (*see infra* and the Declaration of David A. Prahl, filed concurrently herewith, at ¶¶ 4-8), Plaintiffs submit no documentary evidence, no deposition testimony, and no witness declarations in support of this motion.

allegations. *See, e.g., Williams*, 2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008) (rejecting plaintiffs' "speculative inference[s]" and noting "Plaintiffs did not submit any declarations, documents, or other evidence in support of its motion to compel."); *Delodder*, No. CV 08-6044-CAS (AGRx), at *4 (denying class-wide discovery of putative class member contact information due to plaintiffs' failure to disclose any factual or legal bases for their class-wide claims); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998) ("[c]lass plaintiffs are not permitted to send notices to prospective members of a class if the only evidence of a class action consists of the bare allegations of the complaint, or of counsel."). Plaintiffs also fail to articulate a pressing need for this information. Nor is there one. As noted above, Plaintiffs in this action and in the related *Campbell* action have managed to certify four different classes of PwC employees *without* having first obtained or even sought putative class member contact information. Plaintiffs fail to articulate any explanation for why they now need such information with regard to their Proposed Rule 23 Classes.

In fact, Plaintiffs *already have access* to ample information relating to the Proposed Rule 23 classes – including some of the very contact information they now seek – that renders their current request wholly inappropriate and unnecessary. As to their Proposed Rule 23 Assurance Class, Plaintiffs already have access to the names and addresses of the 1,700 members of the conditionally-certified nationwide FLSA class of Attest Associates, *235* of whom worked in the position of Senior Associate in California during the relevant time period. *See* Declaration of David A. Prahl, filed concurrently herewith ("Prahl Dec."), at ¶ 2. As to their Proposed Rule 23 Tax Class, Plaintiffs already have access to the names and addresses of the 33 members of the conditionally-certified nationwide FLSA class of TPDG Tax Associates. *See* Prahl Dec. at ¶ 3. Since Plaintiffs already have many names and addresses of putative class members, if having this information had been of use, they should have been able to show it. One must assume that it has not been of use since they have made no such showing in support of this motion. Of course, if they already have contacted these putative class members and gained useful information, they don't need more names and addresses of more putative plaintiffs to bring their class certification motion.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

1    Moreover, as to both proposed classes, Plaintiffs already have access to (1) the substantial

2    discovery already produced in the *Campbell* matter, including documents, declarations and

3    deposition testimony, much of which relates to the position of Senior Associate in PwC's

4    Assurance line of service in California, as well as the positions of Associate and Senior Associate

5    in PwC's Tax line of service in California; and (2) substantial *additional* discovery produced by

6    PwC in this action relating to these positions. *See* Prahl Dec. at ¶¶ 4-8. Plaintiffs have failed to

7    articulate any explanation for why this substantial body of information is insufficient for them to

8    bring their anticipated class certification motion.

9    Plaintiffs' claim that the "equities" of this case must be balanced given PwC's "unlimited

10   access" to putative class members is misplaced. PwC does not have "unlimited access" to the

11   putative class members at issue given that they are under no obligation to discuss the lawsuit with

12   PwC. The equities, in fact, favor PwC on this issue because PwC is significantly limited in the

13   manner in which it may communicate with those putative class members who are also members

14   of the certified nationwide FLSA classes. In any event, Plaintiffs' argument in this regard is

15   particularly flawed given the substantial amount of contact information, documents and other

16   relevant evidence already in their possession.

17   In essence, therefore, Plaintiffs' motion seeks to impose a costly and unnecessary burden

18   on PwC that, if allowed, will risk the unnecessary disclosure of putative class members' private

19   information. *See Dean Witter Reynolds, Inc.*, 185 F.R.D. at 305 ("[i]n managing discovery in

20   cases of this nature, district courts are required to balance the need to promote effective case

21   management, the need to prevent potential abuse, and the need to protect the rights of all

22   parties.").[6] The thousands of putative class members at issue here have all at one time

23   communicated their private and confidential information to PwC through various employment-

24   related forms – such as applications for employment – with the reasonable expectation that the

25

---

26   [6] Indeed, the burden on PwC must be balanced in conjunction with the potential abuses associated with communications to putative class members, including "heightened susceptibilities of

27   nonparty class members to solicitation amounting to barratry as well as the increased opportunities of the parties or counsel to 'drum up' participation in the proceeding." *Gulf Oil*,

28   452 U.S. at 101 n.12 (quoting *Waldo v. Lakeshore Estates, Inc.*, 433 F.Supp 782 (ED La. 1977)).

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

privacy and confidentiality of such information would be preserved.  Plaintiffs cannot circumvent

this right to privacy on the mere suspicion that disclosure of the requested contact information

may be helpful to their case.  *See Morales v. Superior Court*, 99 Cal. App. 3d 283, 289 (1979)

(discovery of private information "'cannot be justified solely on the ground that it may lead to

relevant information'" (quoting *Fults v. Superior Court*, 88 Cal. App. 3d 899, 904 (1979)).  Nor

should PwC be burdened with the task of identifying every proposed class member – a task that

involves substantial time and effort – when it may be altogether unnecessary.  Indeed, the task of

identifying all those individuals who worked in the relevant positions without a CPA license

during the relevant time period is difficult and time-consuming because the licensure information

of the putative class members (a) is not readily available in many cases; and (b) must accordingly

be evaluated on an individual-by-individual basis.  *See* Prahl Dec. at ¶¶ 9-10.  PwC should not be

burdened in this regard given Plaintiffs' failure to make any showing regarding the likelihood that

they will prevail on their class certification motion, or regarding the likelihood that the requested

contact information will substantiate their class allegations.

Plaintiffs' legal authority fails to cure these defects and is not persuasive.  In fact, all but

two of Plaintiffs' supporting authorities are entirely inapposite because they fail to apply the

*Mantolete/Doninger* standard that district courts in the Ninth Circuit are required to apply.  *See,*

*e.g., Tomassi v. City of Los Angeles*, No. 08-cv-1851, 2008 WL 4722393 (C.D. Cal. 2008);

*Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812 (C.D. Cal. 2007); *Wiegele v. Fedex Ground*

*Package System*, No. 06-cv-1330, 2007 WL 628041 (S.D. Cal. 2007); *Jimenez v. Domino's Pizza,*

*LLC*, No. 04-cv-11107, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 11, 2006).  Indeed, while

all of these district court cases address putative class members' right to privacy, none of them

balances these rights against the sufficiency of the  evidence under the Ninth Circuit's

*Mantolete/Doninger* standard.[7]  The two authorities cited by Plaintiffs that do incorporate a

---

[7] Plaintiffs' reliance on *Gulf Oil Co.*, 452 U.S. at 104, is misplaced as well, as that case addressed the propriety of a *complete ban* on communication with prospective class members.  The *Mantolete/Doninger* standard endorsed by the Ninth Circuit does not contemplate any such complete ban, and instead merely defines the showing required in order for a plaintiff to be entitled to pre-certification discovery of putative class member contact information.  Plaintiffs, as explained above, have not made the required showing.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

1  *Mantolete/Doninger* analysis do so in cursory fashion and fail to explain how the moving parties

2  satisfied their *prima facie* burden under Rule 23, or how they demonstrated that the requested

3  contact information was likely to substantiate their class-wide allegations or otherwise necessary.

4  *See Alvarez v. Hyatt Regency Long Beach*, No. 09-cv-4791, 2010 U.S. Dist. LEXIS 99281, **3-6

5  (C.D. Cal. Sept. 21, 2010); *Currie-White v. Blockbuster*, No. 09-2593, 2010 WL 1526314, at *2

6  (N.D. Cal. April 15, 2010).  Here, in contrast, Plaintiffs have demonstrably failed to satisfy their

7  burden in this regard.

8  　　　　　**3.　　Any Disclosure Of Putative Class Member Contact Information
　　　　　Should Be Substantially Limited In Scope.**

9

10  　　　　Should this Court be inclined to grant Plaintiffs' motion, notwithstanding the language of

11  the governing protective order and the failure of Plaintiffs to meet their burden under the

12  *Mantolete/Doninger* standard, and order the disclosure of putative class member contact

13  information, it should tailor its order such that PwC is not unnecessarily overburdened with the

14  task of identifying all putative class members.  As described above, the task of identifying all

15  those individuals who worked in the relevant positions without a CPA license during the relevant

16  time period is difficult and time-consuming and would significantly burden PwC.[8]  Plaintiffs'

17  offer to utilize an "opt-out" mechanism, whereby proposed class members may elect not to

18  release their contact information, fails to remedy this burden, as PwC would in any event be

19  required to identify all those individuals who meet the proposed class criteria.[9]

20  　　　　Moreover, there is no evidence to suggest that Plaintiffs need access to *all* proposed class

21  members in order to substantiate their class allegations.  Indeed, Plaintiffs already possess the

22

23  [8] *See* Prahl Dec. at ¶¶ 9-10.  Moreover, because the mechanism for determining the scope of any
classes certified under Rule 23 involves a presumption that all individuals meeting the class

24  criteria are members of the class unless they affirmatively "opt-out" of the case, it is imperative
that the licensure status of each individual be examined to ensure that the pool of potential class

25  members is accurate.   This is distinct from the procedure for certification of classes under the
FLSA, which requires a lesser degree of accuracy because all class members must affirmatively

26  "opt-in" to the action and certify that they meet the class criteria.

27  [9] In any event, if the Court orders the disclosure of any putative class member contact
information, for privacy reasons it is imperative that the Court require the use of the opt-out

28  mechanism offered by Plaintiffs.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH

contact information of a substantial number of proposed class members, and they have already

managed to conditionally certify classes in this action with *no* access to putative class member

contact information.  In any event, it is highly unlikely that Plaintiffs would locate and

communicate with all of the thousands of proposed class members between the date their contact

information is disclosed – which is unlikely to be before mid to late August – and their upcoming

deadlines for filing their anticipated class certification motions.

In light of these factors, should the Court order PwC to disclose putative class member

contact information, it should limit PwC's obligation in this regard to a reasonable and

manageable subset of the proposed class members – for example, a subset of 5% of those

individuals meeting the proposed class criteria from each California office during the relevant

time period.[10]  Courts have routinely balanced the parties' competing interests in this regard to

arrive at a reasonable subset of proposed class members.  *See, e.g., Keene v. Coldwater Creek*,

No. C 07-05324 WHA, at p. 1-2 (N.D. Cal. Feb. 28, 2008) (limiting discovery of contact

information to 12 of approximately 2,000 putative class members, finding this limitation

"balances the need for individual employee information against the burden and privacy

concerns."); *Currie-White v. Blockbuster*, No. 09-2593, 2010 WL 1526314, at p. 3 (N.D. Cal.

April 15, 2010) (finding defendant's burdensomeness objections meritorious, narrowing discovery

from 500 stores to 12 (including the two stores in which plaintiff worked)); *Martinet v. Spherion

Atlantic Enterprises, Inc.*, No. 07cv2178 W (AJB), 2008 U.S. Dist. LEXIS 48113, at *6 (S.D.

Cal. 2008) (narrowing discovery from 10,000 employees to the facility at which the plaintiff

worked).

### 4.   PwC's Conclusion.

For the foregoing reasons, Plaintiffs' motion must be denied.

---

[10] To the extent that the Court does not approve this particular approach to narrowing PwC's
obligation to produce putative class member contact information, PwC is of course amenable to
working with the Court and Plaintiffs to identify other reasonable methods for doing so.

**IV.    CONCLUSION.**

The parties hereby respectfully submit the above issue and arguments for the Court's consideration and resolution.

Dated: July 14, 2011

 _/S/ William A. Baird_

Jeffrey K. Compton (SBN 142969)
jcompton@mzclaw.com
William A. Baird (SBN 192675)
tbaird@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
17383 West Sunset Boulevard,
Suite A-380
Pacific Palisades , CA 90272
Telephone:      (310) 454-5900
Facsimile:      (310) 454-5970

Steven Elster (SBN 227545)
manfromcal@sbcglobal.net
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA  94518
Telephone:      (925) 324-2159

**Attorneys for Plaintiffs**
**SAMUEL BRANDON KRESS, et al.**

Peter A. Muhic, PHV
pmuhic@btkmc.com
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor , PA 19087
Telephone:      (610) 667-7706
Facsimile:      (610) 667-7056

Edward Wynne (SBN165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone:      (415) 461-6400
Facsimile:      (415) 461-3900

Dated: July 14, 2011

 _/S/  Norman C. Hile_

LYNNE C. HERMLE (SBN 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (SBN155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      (650) 614-7400
Facsimile:      (650) 614-7401

**Attorneys for Defendant**
**PRICEWATERHOUSECOOPERS LLP**

NORMAN C. HILE (SBN 57299)
nhile@orrick.com
JULIE A. TOTTEN (SBN166470)
jatotten@orrick.com
DAVID A. PRAHL (SBN 233583)
dprahl@orrick.com
ANDREA L. BROWN (SBN 237629)
abrown@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:    (916) 447-9200
Facsimile:      (916) 329-4900

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
2:08-CV-00965-LKK-GGH