Jeffrey K. Compton (SBN 142969)
jcompton@mzclaw.com
William A. Baird (SBN 192675)
tbaird@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
17383 West Sunset Boulevard,
Suite A-380
Pacific Palisades , CA 90272
Telephone:      (310) 454-5900
Facsimile:      (310) 454-5970

Peter A. Muhic, PHV
pmuhic@btkmc.com
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor , PA 19087
Telephone:      (610) 667-7706
Facsimile:      (610) 667-7056

Steven Elster (SBN 227545)
manfromcal@sbcglobal.net
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA  94518
Telephone:      (925) 324-2159

Edward Wynne (SBN165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone:      (415) 461-6400
Facsimile:      (415) 461-3900

**Attorneys for Plaintiffs**
**SAMUEL BRANDON KRESS, et al.**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

SAMUEL BRANDON KRESS, LAC ANH LE, JASON PATTERSON, LAUREN SAN MATEO, JAMES STEKELBERG, JEFFREY LABERGE, WILLOW MARKHAM, DANA BLINDBURY, JESSE KENNY, KELLY C. JONES, and ANTOINE POWELL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

PRICEWATERHOUSECOOPERS LLP,

Defendants.

Case No.  2:08-CV-00965-LKK-GGH

**DECLARATION OF PETER A. MUHIC IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL A FURTHER RESPONSE TO INTERROGATORY NO. 1 FROM PLAINTIFF JONES'S INTERROGATORIES, SET ONE**

Date: July 21, 2011
Time: 10:00 a.m.
Courtroom: 9, 13th Floor
Magistrate Judge Gregory G. Hollows

1    I, PETER A. MUHIC, declare as follows:

2    1.    I am a Partner at the law firm of Kessler Topaz Meltzer & Check, LLP ("KTMC"

3    or the "Firm"). I am personally involved in all aspects of the prosecution of this matter. I submit

4    this Declaration in support of Plaintiffs' Motion to Compel a Further Response to Interrogatory

5    No. 1 from Plaintiff Jones's Interrogatories, Set One, Pursuant to Local Rule 251(D). The

6    information set forth in this Declaration is based on my personal knowledge, as well as

7    information shared with me by colleagues at the Firm who work on this case, as well as my co-

8    counsel.

9    2.    Plaintiffs intend to seek Rule 23 class certification on behalf of all individuals

10   who, at ant point from October 2003 to the present: (1) worked in the position of Associate and/or

11   Senior Associates in PwC's Tax line of service in California, and/or the position of Senior

12   Associate in PwC's Assurance line of service in California; and (2) did not hold a California

13   Certified Public Accountant ("CPA") license for some or all of the time they worked in these

14   positions. Pursuant to the Court's April 4, 2011 Order, the deadline for Plaintiffs to file their

15   motion for class certification under Federal Rule of Civil Procedure 23 as to a putative class

16   consisting of unlicensed Associates and Senior Associates in PwC's Tax line of service in

17   California (the "Proposed Rule 23 Tax Class") shall be no sooner than six months after the Ninth

18   Circuit's decision in the related matter of *Campbell v. PricewaterhouseCoopers, LLP*, Case No.

19   06-cv-2376-LKK-GGH ("*Campbell*") – or no sooner than on or around December 15, 2011. *See*

20   Order (Docket No. 216). The deadline for Plaintiffs to file their motion for class certification

21   under Federal Rule of Civil Procedure 23 as to a putative class consisting of unlicensed Senior

22   Associates in PwC's Assurance line of service in California (the "Proposed Rule 23 Assurance

23   Class") is 45 days after the issuance of the Ninth Circuit's decision in the *Campbell* matter, but

24   in any event no earlier than August 1, 2011. *See* Order (Docket No. 196). The Proposed Rule 23

25   Tax Class and the Proposed Rule 23 Assurance Class are referred to collectively herein as the

26   "Proposed Rule 23 Classes."

27   3.    The discovery request which is the subject of the instant disagreement,

28   Interrogatory No. 1 of Plaintiff Kelly Jones's first set of interrogatories, was served on PwC on

1   August 11, 2010. Attached hereto as Exhibit A is a true and correct copy of Interrogatory No. 1

2   from "Plaintiff Kelly Jones's Interrogatories to Defendant PricewaterhouseCoopers, LLP, Set

3   One."

4          4.      Defendant served its responses to Plaintiff Jones's Interrogatories on November

5   12, 2010. Attached hereto as Exhibit B is a true and correct copy of Defendant's Response to

6   Interrogatory No. 1 from "Defendant PricewaterhouseCoopers LLP's Confidential Responses and

7   Objections to Plaintiff Kelly Jones's Interrogatories, Set One."   Defendant objected to the

8   interrogatory which is the subject of the instant dispute in its entirety.   Specifically, Defendant

9   refused to provide the information requested by Interrogatory No. 1 from Plaintiff Jones's

10  Interrogatories—the identification of members of the Proposed Rule 23 Classes.

11         5.      Upon receipt and review of Defendant's response to Plaintiff Jones's

12  Interrogatories, Set One, Plaintiffs' counsel sent a detailed meet and confer letter to Defendant's

13  counsel on November 19, 2010 regarding the various deficiencies in the responses provided.

14  Attached hereto as Exhibit C is a true and correct copy of the November 19, 2010 letter sent from

15  my co-counsel, William A. Baird, to counsel for Defendant, David A. Prahl.   Although the parties

16  have resolved the majority of the discovery disputes outlined in Plaintiffs' November 19, 2010,

17  were resolved through the parties' meet and confer process, Defendant has maintained its refusal

18  to provide the information requested by Interrogatory No. 1. In their letter, Plaintiffs noted that

19  they do not believe that any part of the protective order entered in *Campbell* and governing this

20  matter precludes production of the requested information and that authority from within the Ninth

21  Circuit makes it clear that the contact information for putative class members is discoverable

22  prior to class certification.

23         6.      On December 2, 2010, Defendant's counsel responded via letter, reiterating PwC's

24  contention that Plaintiffs are not entitled to the identification of putative class members and

25  stating the reasons why.   Attached hereto as Exhibit D is a true and correct copy of the December

26  2, 2010 letter sent from Mr. Prahl to Mr. Baird.

27         7.      In response to Defendant's contention that Plaintiffs' definition of "IDENTIFY" is

28  "unreasonable and invasive" and "seeks the disclosure of putative class members' most private—

1    and most protected—information," Plaintiffs responded via letter on December 20, 2010,

2    narrowing their request for contact information to only the names and last known residence

3    addresses for putative class members, and indicating their intent to seek Court intervention.

4    Attached hereto as Exhibit E is a true and correct copy of the December 20, 2010 letter sent from

5    Mr. Baird to Mr. Prahl.  Plaintiffs also responded to Defendant's concern regarding the protective

6    order, setting forth the basis for their belief that the protective order does not preclude production

7    of the requested information.  Finally, Plaintiffs presented a multitude of case law from within the

8    Ninth Circuit which supports their position that they are entitled to the requested discovery.

9          8.      Defendant responded via letter on December 23, 2010, seeking additional time to

10   respond.  Attached hereto as Exhibit F is a true and correct copy of the December 23, 2010 letter

11   sent from Mr. Prahl to Mr. Baird.

12         9.      The parties participated in a final meet and confer concerning this issue via

13   telephone on January 11, 2011, but were unable to reach an agreement.  Plaintiffs' counsel

14   informed Defendant's counsel that they would be filing the instant Motion to Compel.

15         10.     Plaintiffs subsequently agreed to withdraw their motion in light of further

16   stipulations among the parties that the instant action should be partially stayed pending the

17   resolution of the *Campbell* appeal.  However, Plaintiffs did so without waiving their right to later

18   renew the motion and, now that the *Campbell* appeal has been decided, Plaintiffs have renewed

19   the motion.

20         11.     Plaintiffs contend that the requested discovery will assist them in meeting the

21   requirements to certify a class under Rule 23.  Specifically, and as set forth in Plaintiffs' various

22   meet and confer letters, the identities and requested contact information for putative class

23   members in California is reasonably calculated to lead to the discovery of admissible evidence

24   regarding commonality and typicality of the Proposed Rule 23 Classes.

25         I declare under penalty of perjury that the foregoing is true and correct and that this

26   Declaration was executed by me on July 14, 2011, in Radnor, Pennsylvania.

27

28                                        _____

                                          Peter A. Muhic

                       - 4 -              DECLARATION OF PETER A. MUHIC
                                          2:08-CV-00965-LKK-GGH

# EXHIBIT A

**MARKUN ZUSMAN & COMPTON LLP**
Jeffrey K. Compton, State Bar No. 142969
William A. Baird, State Bar No. 192675
17383 Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970

**WYNNE LAW FIRM**
Edward J. Wynne, State Bar No. 165819
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

**LAW OFFICE OF STEVEN ELSTER**
Steven Elster, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone: (925) 324-2159
Facsimile: (925) 945-1276

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**
Peter A. Muhic, Pro Hac Vice
Michelle A. Coccagna
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, LAC ANH LE, JASON PATTERSON, LAUREN SAN MATEO, JAMES STEKELBERG, JEFFREY LABERGE, WILLOW MARKHAM, DANA BLINDBURY, JESSE KENNY, KELLY C. JONES and ANTOINE POWELL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs.<br><br>   v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>    Defendant. | CASE NO.: 2-08-CV-00965 LKK/GGH<br><br>**PLAINTIFF KELLY JONES' INTERROGATORIES TO DEFENDANT PRICEWATERHOUSECOOPERS, LLP, SET ONE** |

PROPOUNDING PARTY:  PLAINTIFF KELLY JONES

RESPONDING PARTY:  PRICEWATERHOUSECOOPERS, LLP

SET NUMBER:    ONE (1)

TO DEFENDANT AND ITS COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure 33, and the Local Rules of this Court, Plaintiff Kelly Jones ("Plaintiff") requests that Defendant PricewaterhouseCoopers LLP ("Defendant") answer the following interrogatories, fully in writing and under oath within thirty (30) days following service hereof. Plaintiff requests that such responses be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below. All objections, responses, and/or responsive documents shall be served and/or produced at the offices of BARROWAY TOPAZ KESSLER, MELTZER & CHECK, LLP or such other place as counsel may agree.

### DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.     The terms "DEFENDANT," "PWC," "YOU," "YOUR," and "YOURS" shall mean PRICEWATERHOUSECOOPERS, LLP, the defendant in this action, its agents, representatives, officers, directors, agents, attorneys, accountants, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, anyone acting or purporting to act on its behalf, and its employees, including persons or entities outside of the United States.

2.     "PERSON" means natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

3.     "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, opinions, or otherwise) by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile, or telex.  The term "COMMUNICATION" further refers to any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including electronic-mail, text messages, instant messages, Company intranet, electronic bulletin board  or Internet site posting) and other understandings between two or more Persons.

4.     The term "DOCUMENTS" having the broadest possible meaning accorded to it under Federal Rule of Civil Procedure 34, as used herein means and refers to "writings" and all

1 | written, typed or other graphic material of any kind or nature or any other tangible thing by which
2 | information or data is stored, including, without limitation, any writing, drawing, film, graph, chart,
3 | photograph, phone record, mechanical or electrical recording, or transcript thereof, any retrievable
4 | data, whether in computer storage, carded, punched, taped, quoted, or stored, electrostatically,
5 | electromagnetically, or otherwise; and any other data compilation that can be obtained. Without
6 | limiting the generality of the foregoing, the term "DOCUMENTS" shall include all manuals,
7 | contracts, forms, correspondence, letters, telegram messages, phone messages, telephone statements
8 | or bills, checks, notices, notes of conversations, memoranda, inter-office memoranda, reports,
9 | diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, filings,
10 | jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment
11 | books, desk calendars, expense reports, tape records, video records, e-mail messages, text messages,
12 | agreements, appraisals, financial statements, calendars, computer programs, PowerPoint
13 | presentations and slides, analysis or any other tangible writing, including all partial and/or complete
14 | copies, drafts and final versions thereof, and attachments or enclosures therewith.

15    5.    The term "CA LABOR LAWS" means the California Labor Code, Industrial Welfare
16 | Commission Wage Orders and the California Business & Professions Code.

17    6.    The term "RELATING TO" means consisting of, referring to, describing, discussing,
18 | constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing,
19 | summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

20    7.    The term "ANY" shall also mean "ALL" and vice versa.

21    8.    The term "AND" shall mean "OR" and "OR" shall mean "AND" as necessary to call
22 | for the broadest possible answer.

23    9.    The term "ASSOCIATES" means DEFENDANT'S employees who (a) worked in
24 | the position of Associate or Senior Associate in PwC's Advisory line of service, Associate or Senior
25 | Associate in PwC's Tax line of service, and Senior Associate in PwC's Assurance line of service in
26 | California at any point from October 27, 2003 to the time YOUR responses to this discovery is due;
27 | and, (b) did not possess a CPA license for some or all of the time they worked in any of these
28 |

1   positions during the period from October 27, 2003 to the time YOUR responses to this discovery is

2   due.

3         10.    The term "CUSTOMER SERVICES" means all services provided by DEFENDANT

4   to its customers, including but not limited to tax services.

5         11.    The term "PLAINTIFFS" means Lauren Barry (San Mateo), Dana Blindbury, Jesse

6   Kenny, Kelly Jones, Jason Patterson, Antoine Powell, and James Stekelberg.

7         12.    The term "COMPLAINT" means the operative complaint in *Kress, et al. v.*

8   *PricewaterhouseCoopers, LLP* now before the United States District Court, Eastern District of

9   California, Case No.: 2-08-CV-00965 LKK/GGH.

10         13.    The terms "IDENTIFY" in the context of a natural person means the person's name,

11   last known residence address, last known residence telephone number, last known mobile telephone

12   number, last known personal email address, and social security number.   The term "IDENTIFY" in

13   the context of a DOCUMENT means the name of the DOCUMENT, the date, the author(s), the

14   recipient(s), and the medium of communication, e.g., paper, electronic, video, etc.

15   **INTERROGATORIES**

16   **INTERROGATORY NO. 1**:

17         IDENTIFY all ASSOCIATES.

18   **INTERROGATORY NO. 2**:

19         State the location of each PWC office and the dates the PLAINTIFFS were assigned to each

20   PWC office.

21   **INTERROGATORY NO. 3**:

22         For each PLAINTIFF, identify any exemption from the overtime requirements of California

23   law that you contend applies and state all facts in support of YOUR contention that each

24   PLAINTIFF was exempt under California law.

25   **INTERROGATORY NO. 4**:

26         For each PLAINTIFF, IDENTIFY all witnesses in support of YOUR contention that each

27   PLAINTIFF was exempt under California law.

28

**INTERROGATORY NO. 23:**

State and describe the minimum mandatory requirements including degrees, licenses and certificates required for prospective employees seeking the Associate position and/or Senior Associate position in PwC's Advisory line of service.

**INTERROGATORY NO. 24:**

State and describe the minimum mandatory requirements including degrees, licenses and certificates required for prospective employees seeking the Associate position and/or Senior Associate position in PwC's Tax line of service.

**INTERROGATORY NO. 25:**

State and describe the minimum mandatory requirements including degrees, licenses and certificates required for prospective employees seeking the Senior Associate position in PwC's Assurance line of service.

COUNSEL FOR PLAINTIFFS

DATE:  August 11, 2010          By: _____

Jeffrey K. Compton (SBN 142969)
William A. Baird (SBN 192675)
MARKUN ZUSMAN & COMPTON, LLP
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, CA 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970

Steven Elster (SBN 227545)
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA 94518
Telephone: (925) 324-2159
Facsimile: (925) 945-1276

Peter A. Muhic
Michelle A. Coccagna
BARROWAY TOPAZ KESSLER MELTZER &
CHECK, LLP
280 King of Prussia Road

7

1

2

Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

3

4

Edward J. Wynne (SBN 165819)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

5

6

*Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Marin; I am over the age of eighteen years and not a party to the within entitled action; my business address is 100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904.

On **August 11, 2010**, I served the following document(s) on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**PLAINTIFF KELLY JONES' INTERROGATORIES TO DEFENDANT PRICEWATERHOUSECOOPERS, LLP, SET ONE**

☑ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Julie A. Totten
David A. Prahl
ORRICK HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

☑ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Greenbrae, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Jeffrey Compton | Peter A. Muhic |
| William A. Baird | Michelle Coccagna |
| MARKUN ZUSMAN & COMPTON, LLP | BARROWAY TOPAZ KESSLER |
| 17383 W. Sunset Boulevard, Suite A380 | MELTZER & CHECK LLP |
| Pacific Palisades, CA 90272 | 280 King of Prussia Road |
| | Radnor, PA 19087 |

Steven Elster
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA 94518

☑ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 11, 2010 at Greenbrae, California.

_____
Heidi Phillips

# EXHIBIT B

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   (650) 614-7400
5  Facsimile:   (650) 614-7401

6  NORMAN C. HILE (STATE BAR NO. 57299)
   nhile@orrick.com
7  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
8  DAVID A. PRAHL (STATE BAR NO. 233583)
   dprahl@orrick.com
9  ANDREA L. BROWN (STATE BAR NO. 237629)
   abrown@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
11 Sacramento, CA 95814-4497
   Telephone:   (916) 447-9200
12 Facsimile:   (916) 329-4900

13 Attorneys for Defendant
   PRICEWATERHOUSECOOPERS LLP

14

15              UNITED STATES DISTRICT COURT

16           EASTERN DISTRICT OF CALIFORNIA

17

18 SAMUEL BRANDON KRESS, et al.,        Case No.  2:08-CV-00965-LKK-GGH

19              Plaintiffs,             **DEFENDANT
                                        PRICEWATERHOUSECOOPERS LLP'S**
20       v.                             **CONFIDENTIAL RESPONSES AND
                                        OBJECTIONS TO PLAINTIFF KELLY**
21 PRICEWATERHOUSECOOPERS LLP,          **JONES'S INTERROGATORIES,
                                        SET ONE**
22              Defendants.

23

24

25

26

27

28

1  PROPOUNDING PARTY:   Plaintiff Kelly Jones

2  RESPONDING PARTY:      Defendant PricewaterhouseCoopers LLP

3  SET NUMBER:                  One

4       Defendant PricewaterhouseCoopers LLP ("PwC" or "Defendant") hereby responds to

5  Plaintiff Kelly Jones's ("Jones" or "Plaintiff") First Set of Interrogatories (the "Interrogatories")

6  as follows:

7  **<u>GENERAL OBJECTIONS</u>**

8       1.    PwC responds to Plaintiff's Interrogatories based on the information and

9  documents currently available to it, given that discovery in this action is ongoing.  Nothing

10  contained in these responses shall in any way limit PwC's ability to make all uses at trial or

11  otherwise of the information or documents referenced herein or of any information, documents or

12  other evidence that may be discovered in the future.  PwC has made its best effort to respond

13  accurately to Plaintiff's Interrogatories, but reserves the right to amend its objections and

14  responses upon completion of its search for responsive documents and/or information.

15       2.    PwC objects to Plaintiff's Interrogatories to the extent that they seek information

16  protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint

17  defense privilege, the common interest privilege, the common interest doctrine and/or any other

18  applicable privileges, doctrines and immunities.  If supplying any of the requested information

19  would result in waiving any applicable privilege or objection based on any such privilege, PwC

20  objects to providing the information and will not do so.  If PwC inadvertently provides any

21  information falling within any applicable privilege, PwC does not intend to waive the applicable

22  privilege.

23       3.    PwC objects to Plaintiff's Interrogatories to the extent that they seek information

24  that is protected from disclosure by the rights of privacy of third party non-litigants under the

25  United States and/or California Constitutions.

26       4.    PwC objects to Plaintiff's Interrogatories to the extent that they seek information

27  that constitutes or evidences PwC's or its clients' confidential, trade secret and/or proprietary

28  information.  PwC will provide any such information only pursuant to the protective order in

- 1 -

1    place in this action.  PwC's agreement to provide some confidential, trade secret and/or

2    proprietary information subject to the terms of the protective order in place in this action is not

3    intended to and shall not be construed as an admission that such information is relevant, not

4    subject to an applicable privilege or protection, admissible or reasonably calculated to lead to the

5    discovery of admissible evidence.

6         5.     PwC objects to Plaintiff's Interrogatories to the extent that they seek confidential

7    information of PwC and PwC's clients who are not a party to this action; ethical rules, contractual

8    obligations and/or other rules or obligations prohibit PwC from disclosing such information.

9    PwC will not disclose such information.

10        6.     PwC objects to Plaintiff's Interrogatories to the extent that they are vague,

11   ambiguous, overbroad in scope or as to time, uncertain as to time, premature, compound, unduly

12   burdensome, oppressive or seek information that is not relevant to the subject matter of this

13   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14        7.     PwC objects to Plaintiff's Interrogatories to the extent that they seek information

15   for the purpose of conducting improper *ex parte* communications with any of PwC's current

16   employees.

17        8.     PwC objects to Plaintiff's Interrogatories to the extent that they do not comply

18   with the provisions of the Federal Rules of Civil Procedure.  PwC objects on the ground that

19   Plaintiff has exceeded the limit of 25 interrogatories imposed by Federal Rule of Civil Procedure

20   33.

21        9.     PwC objects to Plaintiff's Interrogatories to the extent they seek information

22   beyond that related to the issue of whether Plaintiffs can meet their burden to establish that the

23   California component of this matter should be certified as a class action.  Thus, PwC will not

24   provide information pursuant to these Interrogatories to the extent that they exceed the scope of

25   permissible discovery at this stage in the action.  Although PwC has provided some information

26   below that could conceivably lead to the discovery of admissible evidence concerning merits

27   issues, such disclosure should not be construed in any way as a waiver of PwC's position that

28   merits-based discovery pertaining to the California component of this action is improper at this

- 2 -

1 | stage.

2 |       10.    PwC objects to these Interrogatories on the grounds that they are unduly

3 | burdensome and harassing to the extent that they seek information that has already been provided

4 | by PwC in this matter, including information already provided in response to Plaintiff Lac Le's

5 | Interrogatories, Plaintiff Dana Blindbury's Interrogatories, as well as information provided by

6 | PwC in *Campbell et al. v. PricewaterhouseCoopers LLP*, Eastern District of California Case No.

7 | 06-CV-02376 ("Campbell litigation").  Such information is already within Plaintiff's possession.

8 | PwC will not provide such information again.

9 |       11.    PwC objects to Plaintiff's Interrogatories to the extent they impose requirements

10 | upon PwC not required by law, including but not limited to the instructions and definitions set

11 | forth on pages 2-4.

12 |       12.    PwC objects to the definition of "identify" set forth in the "DEFINITIONS"

13 | section of the Interrogatories.  This definition is wholly inappropriate, unduly burdensome,

14 | oppressive, harassing, overbroad and attempts to impose upon PwC obligations not required by

15 | law.  To the extent this definition would require PwC to identify and provide other information

16 | regarding third party non-litigants, including putative class members, it further violates the

17 | protective order governing this action.

18 |       Any information provided pursuant to these Interrogatories is being provided solely for

19 | the purpose of this action.  For all information provided, PwC reserves its right to interpose at

20 | trial all objections to competence, authenticity, relevance, materiality, propriety, admissibility and

21 | any and all other objections that would exclude the information from evidence.

22 | **RESPONSES TO INTERROGATORIES**

23 |       The above-stated objections are hereby incorporated in each of PwC's responses to

24 | Plaintiff's specific Interrogatories, whether or not specifically repeated in response to a particular

25 | Interrogatory.  Subject to and without waiving the foregoing objections, PwC responds to each of

26 | Plaintiff's Interrogatories as follows:

27 | / / /

28 | / / /

DEFENDANT PwC'S RESPONSES TO JONES'S
INTERROGATORIES, SET ONE

1    **INTERROGATORY NO. 1:**

2         IDENTIFY all ASSOCIATES.

3    **RESPONSE TO INTERROGATORY NO. 1:**

4         PwC objects to this Interrogatory on the grounds that it is vague, ambiguous, unduly

5    burdensome, oppressive, harassing and overbroad.  PwC further objects to this Interrogatory to

6    the extent it seeks information that is already in the possession, custody, care or control of

7    Plaintiffs.  PwC further objects to this Interrogatory on the grounds that it is unduly burdensome

8    and harassing to the extent that it is duplicative of Interrogatory No. 2 of Plaintiff Dana

9    Blindbury's Interrogatories, Set One.  PwC further objects to this Interrogatory on the ground that

10   it seeks information that is protected from disclosure by the right to privacy guaranteed by the

11   United States and/or California Constitutions.  PwC further objects to this Interrogatory to the

12   extent Plaintiffs seek information that is premature and speculative pertaining to the identity of

13   putative class members under California law.  PwC will not identify individuals based on a

14   definition of the putative class provided by Plaintiffs, and is under no obligation to identify any

15   individuals as being part of the putative class until the issue of class certification has been

16   determined.  PwC further objects to this Interrogatory to the extent that it requires PwC to violate

17   the terms of the protective order governing this action, which precludes PwC from disclosing the

18   names of putative class members before a class is certified.  PwC also objects to this Interrogatory

19   to the extent it seeks information beyond that related to the issue of whether Plaintiffs can meet

20   their burden to establish that this matter should be certified as a class action.

21   **INTERROGATORY NO. 2:**

22        State the location of each PWC office and the dates the PLAINTIFFS were assigned to

23   each PWC office.

24   **RESPONSE TO INTERROGATORY NO. 2:**

25        PwC objects to this Interrogatory on the grounds that it is vague and ambiguous with

26   respect to the terms "each" and "assigned."  PwC also objects to this Interrogatory to the extent it

27   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

28   relevant, admissible evidence.  PwC further objects to this Interrogatory on the grounds that it is

1  REDACTED

2

3       As noted above, and as with all other responses, PwC is still investigating the facts and

4  legal issues of this action and reserves the right to supplement and/or modify this response.

5  Dated: November 12, 2010                    LYNNE C. HERMLE
                                               NORMAN C. HILE
6                                              JULIE A. TOTTEN
                                               DAVID A. PRAHL
7                                              ANDREA L. BROWN
                                               Orrick, Herrington & Sutcliffe LLP
8

9

10                                             JULIE A. TOTTEN
                                               Attorneys for Defendant
11                                             PRICEWATERHOUSECOOPERS LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PwC'S RESPONSES TO JONES'S
INTERROGATORIES, SET ONE

**VERIFICATION**

1          I, JANET SCOTT, declare that I am Northern California Market Human Resources

2  Leader for Defendant PRICEWATERHOUSECOOPERS LLP, and I have been designated and

3  authorized to make this verification on its behalf. I have read the foregoing **DEFENDANT**

4  **PRICEWATERHOUSECOOPERS LLP'S CONFIDENTIAL RESPONSES AND**

5  **OBJECTIONS TO PLAINTIFF KELLY JONES'S INTERROGATORIES, SET ONE** and

6  know its contents. I am informed and believe that the matters stated therein are true and on that

7  ground declare under penalty of perjury under the laws of the state of California and the United

8  States of America that the same are true and correct and that this verification was executed by me

9  in San Francisco, California on November 11, 2010.

_____
JANET SCOTT

**CERTIFICATE OF SERVICE**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall, Suite 3000, Sacramento, California 95814-4497.

On November 12, 2010, I served the following document(s): **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S CONFIDENTIAL RESPONSES AND OBJECTIONS TO PLAINTIFF KELLY JONES'S INTERROGATORIES, SET ONE** on the interested party in this action by placing true and correct copies thereof in sealed envelope(s) in the U. S. Mail and by electronic mail addressed as follows:

Jeffrey K. Compton
William A. Baird
MARKUN ZUSMAN & COMPTON LLP
17383 West Sunset Boulevard,
Suite A-380
Pacific Palisades , CA 90272
Email: jcompton@mzclaw.com

Peter A. Muhic, PHV
Joseph Meltzer
Robert J. Gray
BARROWAY TOPAZ KESSLER MELTZER
& CHECK, LLP
280 King of Prussia Road
Radnor , PA 19087
Email: pmuhic@btkmc.com

Edward Wynne
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Email: ewynne@wynnelawfirm.com

Steven Elster
LAW OFFICE OF STEVEN ELSTER
785/E2 Oak Grove Road, #201
Concord, CA 94518
Email: manfromcal@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 12, 2010, at Sacramento, California.

Lucia Ruiz

# EXHIBIT C

**MARKUN
ZUSMAN
COMPTON LLP**

**Attorneys at Law**
Los Angeles · Portland · San Francisco

**William A. Baird**
tbaird@mzclaw.com

November 19, 2010

<u>VIA U.S. MAIL & E-MAIL</u>

. David A. Prahl, Esq.
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA  95814-4497

Re:     **<u>Kress, et al. v. PricewaterhouseCoopers LLP</u>**
        USDC Case No. 2:08-CV-00965 LKK/GGH

Dear David:

　　　　PwC recently responded to the First Set of Interrogatories from Plaintiff Blindbury and the First Set of Interrogatories from Plaintiff Jones.  This letter is intended to serve as Plaintiffs' initial meet and confer effort with respect to Defendant's insufficient responses to these interrogatories.

**<u>Defendant's Flawed Responses to the First Set of Interrogatories from Plaintiff Blindbury and the First Set of Interrogatories from Plaintiff Jones:</u>**

　　　　<u>Interrogatory No. 2 from Blindbury and Interrogatory No. 1 from Jones (Identification of the Names and Addresses for Putative Class Members):</u>

　　　　Defendant refuses to produce the contact information for members of the putative class prior to class certification.  Among other things, Defendant asserts that the protective order in this case precludes disclosure of the requested information and the information is protected based on the right to privacy.  Defendant is incorrect on both accounts.  First, Plaintiffs do not believe that any part of the protective order precludes production of the requested information.  Second, Courts have made it abundantly clear that the contact information for putative class members is discoverable prior to class certification.

　　　　Indeed, the California Supreme Court has explained that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373 (2007).  In reaching this conclusion, the Court further explained that "[s]uch disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life." *Id.*  Following the California Supreme Court's lead, federal courts in California have also routinely ordered the pre-certification production of contact information for putative class members.  In *Tomassi v. City of Los Angeles*, No. 08-cv-1851, 2008 WL 4722393 (C.D. Cal. Oct. 24, 2008), the Court, faced with the plaintiffs' motion to

David A. Prahl, Esq.
November 19, 2010
Page 2 of 3

compel contact information for potential class members, stated "after balancing the various concerns presented by the [motion] ... [p]laintiffs' need for names and addresses of potential class members outweighs the asserted privacy rights." *Id.* at *4. The Court further noted that "the need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established." *Id.* Likewise, the Court in *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812 (C.D. Cal. 2007), found such information relevant pre-certification, holding that contact with putative class members "could well be useful for [the] plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23." *Id.* at 814. Acknowledging the defendant's concern over its perceived duty to protect its employees, the Court found that the plaintiff's needs outweighed such concern. *Id.* The United States Supreme Court has even weighed in on the issue and established a rule of deference to class counsel in Rule 23 class actions to permit communications with potential class members for the purpose of notification and gathering information prior to class certification. *See Tomassi*, 2008 WL 4722393 at *3 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981)).

It is important for Plaintiffs to have this information prior to seeking class certification. To the extent that Defendant is unwilling to produce the information promptly, Plaintiffs request that Defendant agree to an expedited procedure for putting this discrete issue before the Court. Although Plaintiffs are willing to agree to an opt-out notice process consistent with that proposed in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554 (2007), they cannot do so unless the current class certification schedule is modified accordingly.

Interrogatories Nos. 5, 7, 9, 11, and 14 from Blindbury and Interrogatories Nos. 4, 6, 9 and 11 from Jones (Identification of Witnesses):

Each of these interrogatories asks Defendant to identify witnesses whom it believes support its assertions. Defendant refuses to do so and states that the information is either precluded from disclosure by the protective order or that the relevant information might be contained within the named Plaintiffs' evaluation forms which Defendant has either already produced or intends to produce. Plaintiffs disagree that the protective order prevents such disclosure. Without dispute, at a minimum the relied-upon provision from the protective order does not preclude the disclosure of the *names* of third-parties. Moreover, Defendant's responses are insufficient as Plaintiffs are certainly entitled to learn the identity of persons whom Defendant believes support its contentions and Plaintiffs should not be forced to speculate as to this information.

Interrogatory No. 12 from Blindbury and Interrogatory No. 7 from Jones: (Studies Regarding the Time Putative Class Members Spent Engaged in Certain Tasks):

Defendant objects to these interrogatories in their entirety, asserting, among other objections, privilege claims. Defendant's response is insufficient. First, Defendant's response does not provide sufficient information for Plaintiffs to be able to assess Defendant's privilege claims. In addition, a privilege would not attach to the results and/or underlying facts of any applicable studies. Accordingly, the information must be produced.

David A. Prahl, Esq.
November 19, 2010
Page 3 of 3

    <u>Interrogatory No. 20 from Blindbury and Interrogatory No. 17 from Jones: (Number of Hours Putative Class Members are Expected to Work):</u>

    Defendant refuses to produce the information, instead stating that it has already produced documents that contain the requested information.  This response is insufficient.  It is not Plaintiffs' burden to search through several thousand pages of documents to determine if the information Defendant says it has produced is actually contained within these documents.  If Defendant has responsive information, it is required to provide it.

    Please confirm whether Defendant will produce responsive documents and information or whether motion practice will be necessary.  We look forward to your prompt reply.

        Very Truly Yours,

        MARKUN ZUSMAN & COMPTON, LLP

        William A. Baird

# EXHIBIT D

**O**

**O R R I C K**

ORRICK, HERRINGTON & SUTCLIFFE LLP
400 CAPITOL MALL
SUITE 3000
SACRAMENTO, CALIFORNIA 95814-4497

tel +1-916-447-9200
fax +1-916-329-4900
WWW.ORRICK.COM

December 2, 2010

David A. Prahl
(916) 329-4924
dprahl@orrick.com

*VIA EMAIL AND U.S. MAIL*

William A. Baird
Markun, Zusman & Compton LLP
17383 West Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272

Re:   *Le/Kress, et al. v. PricewaterhouseCoopers LLP*
      U.S.D.C. Case No. 2:08-cv-00965 LKK/GGH

Dear Tony:

   We write in response to your letter of November 19, 2010, which serves as Plaintiffs' initial meet-and-confer effort with regard to Defendant PricewaterhouseCoopers LLP's ("PwC") responses to Plaintiff Blindbury's and Jones's first sets of interrogatories. We address each of the issues set forth in your letter in turn.

## I.   PLAINTIFFS ARE NOT ENTITLED TO THE "IDENTIFICATION" OF PUTATIVE CLASS MEMBERS BY PWC.

   Plaintiffs first claim that PwC is obligated to disclose the names and contact information of "members of the putative class prior to class certification" in response to interrogatory nos. 1 (Jones) and 2 (Blindbury). As justification for this assertion, Plaintiffs claim that (1) nothing in the protective order governing this action precludes the disclosure of such information; and (2) relevant case law further compels the disclosure of such information. Plaintiffs are wrong.

   First, Plaintiffs grossly mischaracterize the nature of the requests at issue. Plaintiffs' requests do not merely seek the "[i]dentification of the names and addresses for putative class members," as Plaintiffs suggest in their letter. Rather, the requests all demand that PwC disclose the "name, last known residence address, last known residence telephone number, last known mobile telephone number, last known personal email address, and social security number" of each putative class member at issue. This is an unreasonable and invasive request that seeks the disclosure of putative class members' most private – and most protected – information. Absent a court order, PwC will not comply with it.

   Second, even if Plaintiffs' requests were limited to seeking disclosure of the names and addresses of putative class members – which they are not – the protective order governing this action precludes the disclosure of such information. The order, which Plaintiffs stipulated to and



ORRICK

William A. Baird
December 2, 2010
Page 2

which "governs the treatment of all... interrogatory answers," draws a clear line between pre-certification and post-certification disclosure of putative class member names and contact information. As to pre-certification disclosure, the order states that "[n]othing... shall permit or require PwC to disclose, before a class is certified, the names and addresses of putative class members." Only where a class has been certified does the order permit and require PwC to disclose such information upon a proper discovery request by Plaintiffs or a court order. Thus, because no California class has been certified in this action, the protective order precludes PwC from disclosing the names and contact information of the California putative class members.

Third, Plaintiffs overlook an entire body of case law that restricts their access to putative class member names and contact information. Under established Ninth Circuit precedent, pre-certification discovery of class-wide information is impermissible unless Plaintiffs make a *prima facie* showing that (1) a class action is maintainable under the provisions of Fed. R. Civ. Proc. 23; or (2) the discovery sought is likely to substantiate their class allegations. *See Mantolete v. Bolger*, 767 F. 2d 1416, 1424 (9th Cir. 1985) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F. 2d 1304, 1313 (9th Cir. 1977)). Recent Ninth Circuit authority has implicitly reaffirmed the *Mantolete/Doninger* requirements, and recent district court decisions have applied them to deny Plaintiffs access to putative class member names and contact information. *See, e.g., Vinole v. Countrywide home Loans, Inc.*, 571 F. 3d 935 942 (9th Cir. 2009) (noting that "[d]istrict courts have broad discretion to control the class certification process," and implicitly reaffirming the *Mantolete/Doninger* requirements); *Kaminske, et al. v. JPMorgan Chase Bank, N.A.*, No. SACV 09-918JVS (RNBx) (C.D. Cal. March 31, 2010) (finding *Vinole* reaffirmed *Mantolete/Doninger requirements*, and applying *Mantolete* to deny the disclosure of putative class members' contact information); *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408 DSF (RZx) at *2 (C.D. Cal. Oct 8, 2009) (quoting *Mantolete* and denying request for disclosure of identities and residences of putative class members); *Williams v. Veolia Transportation Servs., Inc.*, 2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008) (denying request for class-wide discovery where Plaintiff failed to make the requisite *prima facie* showing).

Plaintiffs have failed to meet their burden under the *Mantolete/Doninger* standard. Indeed, Plaintiffs have failed to produce any evidence showing that they are entitled to recovery on any of their claims, let alone that they could represent a class on their claims. Nor have Plaintiffs demonstrated why access to putative class member names and contact information is likely to substantiate their class allegations. And, perhaps most significantly, Plaintiffs have yet to articulate a legitimate reason why they need to access such information; at its most descriptive, Plaintiffs' letter merely states that "[i]t is important for Plaintiffs to have this information prior to seeking class certification." However, given the fact that a nationwide class of Attest Associates was already certified in this action without Plaintiffs having access to putative class member names and contact information, as well as the fact that Plaintiffs already have the benefit of the ample discovery that



ORRICK

William A. Baird
December 2, 2010
Page 3

PwC has thus far provided in response to their document requests and interrogatories, Plaintiffs' claim that it is "important" that they obtain such information is dubious.[1]

Fourth, the putative class member names and contact information sought by Plaintiffs is protected by the putative class members' right to privacy. Discovery of private information such as the contact information at issue here "'cannot be justified solely on the ground that it may lead to relevant information.'" *Morales v. Superior Court*, 99 Cal. App. 3d 283, 289 (1979) (quoting *Fults v. Superior Court*, 88 Cal. App. 3d 899, 904 (1979)). Indeed, the putative class members at issue have all at one time communicated their private and confidential information to PwC through various employment-related forms – such as applications for employment – with the reasonable expectation that the privacy and confidentiality of such information would be preserved. Plaintiffs have not shown, nor can they show, how their professed need to obtain such information outweighs the right to privacy that the putative class members should enjoy.

## II.   PLAINTIFFS ARE NOT ENTITLED TO THE "IDENTIFICATION" OF VARIOUS "WITNESSES" BY PWC.

Plaintiffs next claim that PwC is obligated to "identify" "witnesses" whom it believes support its assertions. This too glosses over the details of Plaintiffs' interrogatories. Again, each of the interrogatories referenced in this portion of Plaintiffs' letter demands that PwC disclose the "name, last known residence address, last known residence telephone number, last known mobile telephone number, last known personal email address, and social security number" of each requested "witness." PwC will not disclose such private information absent a court order.

Plaintiffs similarly ignore the multiple reasons articulated in PwC's interrogatory responses for why PwC should not be required to disclose the requested "witness" information. PwC did not, as Plaintiffs appear to claim, limit its objections to (1) its inability to disclose the requested information under the terms of the governing protective order; and (2) the fact that, as to certain interrogatories, the requested identifying information is contained in documents already produced by PwC. PwC instead asserted multiple other objections based on the specific nature of each interrogatory, including, but not limited to, the fact that it would constitute an undue burden for PwC to be required to locate and "identify" all of the requested witnesses. For example, in response to Plaintiff Blindbury's Interrogatory No. 14 – which requests that PwC "identify *all* witnesses who

---

[1] Plaintiffs' claim that it is "important" to obtain the names and addresses of the "California Associates" referenced in Plaintiff Blindbury's Interrogatories is particularly dubious, as a nationwide class of Associates in the Disputes, Analysis and Investigations ("DA&I") and Threat and Vulnerability Management ("TVM") groups of PwC's Advisory line of service, and the Tax Projects Delivery Group ("TPDG") of PwC's Tax line of service, has already been certified. Plaintiffs therefore already have the names and contact information of these individuals, and presumably can contact them for further information regarding their respective practices.



ORRICK

William A. Baird
December 2, 2010
Page 4

have actual knowledge of *all* activities performed *each* week by *each* Plaintiff" (emphasis added) –
PwC explained that it is simply impossible to comply with this interrogatory given its intrusive and
unreasonable nature. Indeed, to require PwC to ascertain the names and disclose the most private
and protected information of all of the individuals who might have knowledge of the "activities" (a
term that remains undefined and unclear) performed by Plaintiffs at any time during their
employment with PwC – whether PwC employees, employees of PwC's clients, family members, or
other individuals – is patently unreasonable. Plaintiffs' other referenced interrogatories are
inappropriate for similar reasons, including all those reasons articulated in PwC's responses; PwC
will not restate or expand on them unless and until Plaintiffs can articulate more specific
explanations of the alleged deficiencies of each individual interrogatory.

        Finally, Plaintiffs again mischaracterize the protective order on file in this action as to the
disclosure of third party information. The protective order states that nothing in it "shall require
PwC to disclose other private confidential information about third parties, *including but not limited to*
telephone numbers, social security numbers and individualized compensation or tax-related data,
absent written permission from the third party authorizing PwC to disclose such information."
(Emphasis added.) Thus, even if the names of the individuals Plaintiffs have requested PwC to
"identify" are not protected from disclosure by the order – which PwC does not concede – all of the
other information sought by Plaintiffs is indeed protected from disclosure. And, as noted above,
PwC should not be required to disclose the names of all of the witnesses sought by Plaintiffs for the
various other reasons set forth in its interrogatory responses, including but not limited to the undue
burden it would place on PwC to do so.

III.    **PLAINTIFFS' REQUESTS THAT PWC "STATE AND DESCRIBE" VARIOUS
        UNDEFINED "TESTING, STUDIES, SURVEYS AND/OR MONITORING"
        ARE DEFECTIVE.**

        Plaintiffs next claim that PwC must disclose the information sought by Interrogatory Nos. 7
(Jones) and 12 (Blindbury), which request that PwC "state and describe" any "testing, studies,
surveys and/or monitoring" conducted by PwC with regard to the "actual activities performed" and
the "time spent on those activities" by the referenced class members and/or putative class members.
Plaintiffs limit their argument for why PwC must disclose the requested information to their claim
that PwC's privilege objection is meritless.

        As noted in PwC's responses to these interrogatories, the reasons why PwC is not obligated
to disclose the requested information are many and are not limited to PwC's assertion of its
attorney-client privilege objection. Among other things, as noted in PwC's responses, Plaintiffs'
interrogatories in this regard are vague and ambiguous with regard to various terms, thereby making
it difficult for PwC to respond meaningfully to them without a clearer picture of what information



ORRICK

William A. Baird
December 2, 2010
Page 5

Plaintiffs want PwC to disclose. For example, the interrogatories fail to adequately clarify what the phrase "actual activities performed" refers to, or what the term "monitoring" signifies. Without proper clarification of these terms and the overall scope of these interrogatories, PwC cannot be expected to respond to them. Indeed, it is even difficult to assess the degree to which these interrogatories would intrude on the attorney-client relationship without a better understanding of the information that they seek.

Please provide PwC with further clarification of the meaning of these requests and the information that they seek, and address the other objections set forth in PwC's responses to them. Once Plaintiffs have done so, PwC is willing to further discuss these interrogatories, including Plaintiffs' claim that PwC's attorney-client privilege objections are deficient.

## IV.    PWC WILL PROVIDE SUPPLEMENTAL RESPONSES TO REQUEST NOS. 17 (JONES) AND 20 (BLINDBURY).

Plaintiffs finally claim that PwC's responses to Interrogatory Nos. 17 (Jones) and 20 (Blindbury) are deficient because PwC's responses refer Plaintiffs to various documents that have already been produced in this action that contain responsive information, rather than state the information. Without waiving its objections to these interrogatories, PwC will provide Plaintiffs with supplemental responses to them.

We look forward to hearing from you, and suggest that we further address these issues over the phone in order to more efficiently determine whether motion practice is necessary. As for Plaintiffs' request that PwC agree to an "expedited procedure" should the issue of Plaintiffs' entitlement to putative class member names and contact information require court involvement, PwC is open to the idea but would need more details in order to fully assess it and make a final determination.

Very truly yours,

David A. Prahl

cc:    Peter Muhic
       Ed Wynne
       Steve Elster
       Julie A. Totten

# EXHIBIT E

# MARKUN
# ZUSMAN
# COMPTON LLP

**Attorneys at Law**
Los Angeles . San Francisco

**William A. Baird**
tbaird@mzclaw.com

December 20, 2010

**VIA U.S. MAIL & E-MAIL**

David A. Prahl, Esq.
**Orrick, Herrington & Sutcliffe LLP**
400 Capitol Mall
Suite 3000
Sacramento, CA  95814-4497

Re:   **Kress, et al. v. PricewaterhouseCoopers LLP**
         USDC Case No. 2:08-CV-00965 LKK/GGH

Dear David:

I write in response to your letter of December 2, 2010 concerning PwC's Responses and Objections to Plaintiff Blindbury's First Set of Interrogatories and Plaintiff Jones's First Set of Interrogatories. Once you have had a chance to review the issues set forth below, please let me know when you are available for a meet and confer to discuss any remaining areas of dispute.

## I.    Names and Addresses of Putative Class Members

Defendant continues to assert its flawed objections to Blindbury's Interrogatory No. 2 and Jones's Interrogatory No. 1 seeking the contact information for members of the putative class prior to class certification. As a general matter and in response to Defendant's argument that Plaintiffs have "grossly mischaracterize[d] the nature of the requests at issue," Plaintiffs are willing to narrow their request for "contact information" to only the name and last known residence address for putative class members. Accordingly, at this time Plaintiffs do not seek to discover the "last known residence telephone number, last known mobile telephone number, last known personal email address, and social security number" of each putative class member at issue.

Further, as stated in our prior meet and confer letter dated November 19, 2010, Plaintiffs do not believe that the protective order in this case precludes production of the requested information. The language of the protective order does not prohibit disclosure, before a class is certified, of the names and addresses of putative class members when Plaintiffs have made a *prima facie* showing that they are entitled to the information. Rather, the language limits PwC's obligation to make such a disclosure upon a mere request by Plaintiffs.

David A. Prahl, Esq.
December 20, 2010
Page 2 of 3

In support of its position that Plaintiffs are not entitled to the requested discovery, Defendant cites to *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)), whereby the court noted that pre-certification discovery of class-wide information is only permissible if Plaintiffs are able to make a *prima facie* showing that (1) a class is maintainable under the provisions of Fed. R. Civ. P. 23; **or** (2) the discovery sought is likely to substantiate their class allegations. Defendant contends that Plaintiffs have failed to meet their burden under the *Mantolete/Doninger* standard because they have not demonstrated why access to putative class member names and addresses is likely to substantiate their class allegations.

*Mantolete/Doninger* does not advance Defendant's position for several reasons. First, as compared to the cases cited by Plaintiffs, *Mantolete/Doninger* were not class actions, and did not involve the production of names and addresses. Second, those cases dealt with the issue of whether class discovery in general should occur, whereas, there is no question that class discovery is appropriate and it has been on-going for sometime. Third, even if *Mantolete/Doninger* applied in someway, which they do not, Plaintiffs submit that it is of paramount importance for class representatives to have this information prior to seeking class certification so that they can investigate their claims through contact with potential witnesses who may be able to assist with the prosecution of their case. "[T]he need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established." *Tomassi v. City of Los Angeles*, No. 08-cv-1851, 2008 WL 4722393, *4 (C.D. Cal. Oct. 24, 2008). For example, as explained by the court in *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812 (C.D. Cal. 2007), contact with putative class members "could well be useful for [the] plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23." *Id.* at 814. Further, putative class members will likely be the most knowledgeable regarding key facts in the case and will likely have information that will help to substantiate the class allegations.

In *Currie-White v. Blockbuster, Inc.*, 2010 WL 1526314 (N.D. Cal. April 15, 2010), the court found that the plaintiff was entitled to the contact information of putative class members pre-certification, both in the two stores where the plaintiff worked and at other stores throughout the state of California. *Id.* at *3. Noting that disclosure of names and addresses is a "common practice in the class action context," the court held that "the contact information and subsequent contact with potential class members is necessary to determine whether [the plaintiff's] claims are typical of the class, and ultimately whether the action may be maintained as a class action." *Id.* As is evident from established precedent, the discovery sought is likely to substantiate Plaintiffs' class allegations and, therefore, Plaintiffs have met their burden under the *Mantolete/Doninger* standard.

Moreover, Defendant's concerns about privacy and the disclosure of confidential information should be assuaged by Plaintiffs' offer to agree to an opt-out notice process consistent with that proposed in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554 (2007). Putative class members would then have the opportunity to object in writing in order to prevent information about them from being disclosed. Plaintiffs are also

David A. Prahl, Esq.
December 20, 2010
Page 3 of 3

willing to enter into a separate protective order governing the disclosure of the names and addresses of putative class members.

## II.   Identification of "Time-Motion" Studies

Defendant contends that, as drafted, Blindbury's Interrogatory No. 12 and Jones's Interrogatory No. 7 are "vague and ambiguous with regard to various terms," thereby making it difficult for PwC to respond.  In response to these requests, Plaintiffs seek the production of any "Time and-Motion" studies performed by Defendant regarding the activities performed by putative class members.  Such studies are utilized by employers to increase the productivity of workers by analyzing the amount of time spent performing various work-related tasks.

Please confirm whether Defendant will produce the requested names and addresses of putative class members, as well as identify any "Time-Motion" studies that may exist, or if Plaintiffs will need to seek Court intervention by no later than December 23, 2010.  As always, we are available to discuss these issues.

Very Truly Yours,

MARKUN ZUSMAN & COMPTON, LLP

WILLIAM A. BAIRD

# EXHIBIT F



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
400 CAPITOL MALL
SUITE 3000
SACRAMENTO, CALIFORNIA 95814-4497

tel +1-916-447-9200
fax +1-916-329-4900

WWW.ORRICK.COM

December 23, 2010

David A. Prahl
(916) 329-4924
dprahl@orrick.com

*VIA EMAIL AND U.S. MAIL*

William A. Baird
Markun, Zusman & Compton LLP
17383 West Sunset Boulevard, Suite A380
Pacific Palisades, CA 90272

Re:     *Le/Kress, et al. v. PricewaterhouseCoopers LLP*
        U.S.D.C. Case No. 2:08-cv-00965 LKK/GGH

Dear Tony:

        We write in response to your letter of December 20, 2010, regarding
PricewaterhouseCoopers LLP's ("PwC") responses to Plaintiff Blindbury's and Jones's first sets of
interrogatories.

        In your letter, you indicate that Plaintiffs will "seek Court intervention" by December 23,
2010 unless PwC confirms by that date that it intends to comply with Plaintiffs' demands. At this
time, PwC is still considering your letter and we therefore request that Plaintiffs not seek Court
intervention at this time and instead afford PwC a reasonable amount of time to respond to
Plaintiffs' letter. We suggest that the parties address the issues raised by your letter after the
holidays.

        Please feel free to contact us if you would like to discuss this further.

Very truly yours,

David A. Prahl

cc:     Peter Muhic
        Ed Wynne
        Steve Elster
        Julie A. Totten