1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMUEL BRANDON KRESS, et al.,

11          Plaintiffs,                    No. CIV S-08-0965 LKK GGH

12      vs.

13   PRICE WATERHOUSE COOPERS,             ORDER

14          Defendant.

15   _____/

16          Previously pending on this court's law and motion calendar for October 27, 2011,

17   was defendant's motion to compel further deposition testimony, filed September 29, 2011.

18   Edward Wynne appeared for plaintiffs.  Norman Hile represented defendant.  After hearing oral

19   argument and reviewing the joint statement, the court now issues the following order.

20   BACKGROUND

21          This case involves a proposed class action concerning overtime compensation and

22   other wages.  The proposed class which is the subject of this motion is PwC Senior Associates in

23   the Assurance Line of service in California.  The deadline for plaintiffs' class certification

24   motion is November 1, 2011.  Pertinent to the instant motion is defendant's request for an order

25   compelling further depositions of named plaintiffs and potential class representatives Kenny and

26   Kress.  Although these individuals were deposed earlier, defendant claims to need five additional

1

1   hours per deponent to question them about their positions as Senior Associates, and has noticed

2   further depositions for November 8 and 10, 2011, respectively.

3            Kress and Kenny both worked as Associate and Senior Associate during their

4   tenure in PwC's Assurance line of service in California, beginning in 2002.  Kress resigned in

5   December, 2006, and Kenny resigned in March, 2007.

6   <u>DISCUSSION</u>

7            Defendant argues that the central issue in this case is the activities these

8   accountants performed on a weekly basis while employed at PwC, and whether their activities

9   qualify them for exemption from relevant overtime laws as defendant asserts.[1]  At the time of the

10  first depositions of Kress and Kenny, on June 23 and 29, 2009, defendant believed these

11  individuals would serve as representatives of a proposed class of Associates in PwC's Assurance

12  line of service.  At that time, plaintiffs' motion to certify the Associate class was one month

13  away, so that defendant focused almost all of the seven hours on Kress and Kenny's activities

14  while working in the position of Associate, not Senior Associate.  At the end of the deposition,

15  defendant reserved the right to further depose these individuals.  In fact, according to defendant,

16  plaintiffs relied extensively on this deposition testimony in their motion to certify the nationwide

17  Associate class.  Defendant states that ultimately, however, these individuals did not seek to

18  represent the class of Associates, which defendant discovered after the depositions, but that they

19  instead have been named in the complaint as Senior Associates.  Therefore, defendant argues it

20  needs to depose these individuals about their work in this capacity in order to oppose the

21  upcoming motion for class certification of Senior Associates, and therefore it has shown good

22  cause.

23  \\\\

24

---

25      [1] Defendant refers to state and federal exemptions for professional and/or administrative
    positions which it asserts requires a very fact specific inquiry into the nature of the work, under
26  <u>Campbell v. Pricewaterhouse Coopers LLP</u>, 642 F.3d 820, 833 (9th Cir. 2011).

In order to take a deposition of a deponent who has already been deposed, leave of court is required, and "the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(ii).  Repeat depositions are not favored, except in certain circumstances, some of which include a long passage of time with new evidence, or where an amended complaint has added new theories.  Graebner v. James River Corporation, 130 F.R.D. 440, 441 (N.D. Cal. 1990).  "Good cause" for an order exists where new claims or defenses have been added, Collins v. Int'l Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999); new parties have been added, Christy v. Pennsylvania Turnpike Comm'n, 160 F.R.D. 51, 52-53 (E.D. Pa. 1995); and new documents have been produced, Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. TN 1999), Harris v. New Jersey, 259 F.R.D. 89, 94-95 (D. N.J. 2007).  W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:1374. "Courts may limit the scope of the second deposition to matters not covered in the first deposition."  Id.

Although these cases outline reasons for granting additional deposition time which do not apply here, defendant's cited case of Fleming v. Coverstone, 2009 WL 4040066 (S.D. Cal. 2009), is most similar.  There, the court permitted extra hours to complete a deposition where several important issues related to the allegations remained to be addressed.  Defendant has shown good cause for further depositions for the same reasons.

The consolidated class action complaint filed on September 18, 2008 includes Kress and Kenny as named plaintiffs.  (Dkt. no. 29.)  This complaint refers to all plaintiffs as a class of "Uncertified Associates" throughout, (Compl. ¶¶ 2, 3, dkt. no. 29), but does refer to groupings of Associates and Senior Associates, although not designating any particular plaintiff to a particular group.  (Id. at ¶ 1.)  The complaint specifies that it is brought on behalf of two groups of former PwC employees: "Uncertified Associates" and "Uncertified Associates of Defendant, excluding non-senior associates..." (Id. at ¶¶ 4-5.)  In regard to Kress and Kenny specifically, the complaint sets forth that they were employed as Associates *and* Senior

1  Associates "during the statutory period covered by this Complaint."  (Id. at ¶¶ 37, 41.) (emphasis
2  added).

3          Plaintiffs argued (perhaps belatedly) that Kress and Kenny have always been
4  outside the statute of limitations period in regard to their positions as Associates and therefore
5  could not be representatives in the Associate group, as defendant purportedly well knew.
6  However, at the time of the initial depositions, they were not yet disqualified as representatives
7  for the Associate class for this reason.  Defendant adds that at the time these depositions were
8  taken, on June 23 and 29, 2009, plaintiff had filed a motion for class certification of Associates,
9  and Kress and Kenny were listed as class representatives.  See Motion for Conditional
10 Certification, filed April 20, 2009, (dkt. no. 52) (listing Kress and Kenny as plaintiffs and
11 Associates), withdrawal of same motion, filed April 23, 2009 (dkt. no. 54), and re-filing of
12 conditional certification motion, filed July 20, 2009, (dkt. no. 57), which again names Kress and
13 Kenny as plaintiffs of the Associate class.  As of March 23, 2011, it was still not clear whether
14 Kress and Kenny would be plaintiffs in the Associate Class or the Senior Associate Class.  See
15 Second Amended Consolidated Class/Collection Action Complaint.  (Dkt. no. 214) (listing Kress
16 and Kenny as "individuals employed as Associates and/or Senior Associates").  Therefore, it was
17 not clear at the time of the first depositions of Kress and Kenny that they would not represent the
18 class as Associates.  Plaintiffs argued at hearing that defendant knew for a full year that it was
19 not possible these plaintiffs would be class representatives for the Associate Class based on the
20 statute of limitations problem, but defendant apparently was not sure of this information at the
21 time the depositions were taken over two years ago and before the tolling arrangement was
22 worked out.

23         In addition to the previously mentioned focus of the depositions on Kress and
24 Kenny's work as Associates, defendant adds that during their initial depositions, these former
25 employees attempted to disavow the plain language of documents presented to them, some of
26 which they created, requiring prolonged inquiry, which is one of the reasons defendant needs

4

1   further depositions.  See Wynne Decl., Exs. 1, 2.  This stance undermines plaintiffs' argument

2   that defendant, as plaintiffs' past employer, had access to all the information it needed regarding

3   plaintiffs' jobs as Senior Associates prior to the depositions, and that defendant was just not

4   prepared for these initial depositions.

5           The deponents' apparent disavowal of some documents is also a reason why

6   plaintiffs' suggestion to obtain the needed information in a more convenient, less burdensome

7   and less expensive way, such as by written discovery, will not work.  Such discovery will be

8   responded to by attorneys who aid the plaintiffs in framing answers which does not promote the

9   truth seeking endeavor as well as depositions.

10           Contrary to plaintiffs' argument that defendant in fact did examine these

11  deponents on the subjects it now claims were not covered, the transcript citations indicate that the

12  deponents were questioned only briefly regarding their positions as Senior Associates.  Plaintiff

13  refers to excerpts of the transcripts of both depositions which cover about twelve to thirteen

14  pages of questions about both Kress and Kenny's positions as Senior Associates, out of more

15  than 291 and 332 pages of transcripts for both depositions.  (Wynne Decl., Exs. 1, 2.)

16           Plaintiffs additionally argue that defense counsel has not examined a single

17  plaintiff on a "week by week" basis as they seek to do now, and in any event such examination is

18  unnecessary because the job at issue is "uniform, routine and repetitive."  Plaintiffs assert that the

19  main issue in the case, whether these jobs were subject to exemption where discretion and

20  independent judgment were used, has already been inquired into at length by defendant at the

21  first depositions.  Furthermore, plaintiff Kress was a Senior Associate for only 15 months, and

22  Kenny was a Senior Associate for only 18 months, and not the long periods of time defendant

23  suggests.  Plaintiffs contend that the number of assignments they had was far fewer than

24  suggested by defendant.

25           At hearing, defendant indicated that it had not taken any depositions of any other

26  Senior Associates, further warranting these depositions.  Additionally, when questioned whether

5

1  Kress and Kenny would be listed as class representatives in their upcoming motion for class

2  certification, to be filed five days after this hearing, plaintiffs' counsel could not answer, but

3  responded only that a few firms were working on the motion and this particular aspect of it was

4  not his bailiwick.  Therefore, defendant cannot be faulted for requesting further depositions after

5  the date that the class certification motion is due to be filed.  Plaintiffs' counsel was also asked to

6  identify the significant hardship suffered if Kress and Kenny are subjected to five more hours of

7  depositions, but he could only state that they would have to take time off work again and would

8  or might lose compensation.

9  CONCLUSION

10          Accordingly, IT IS ORDERED that:

11          1.  Defendant's motion to compel further deposition testimony, filed September

12  29, 2011, (dkt. #237), is granted.

13          2.  Plaintiffs Kenny and Kress shall appear for further deposition on November 8

14  and 10, 2011 respectively, for five more hours of deposition per deponent.  Deposition questions

15  shall be limited to the position of Senior Associate.

16  DATED: November 1, 2011

17                                         /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

18  GGH:076/Kress0965.dsy4.wpd

19

20

21

22

23

24

25

26