| | |
|---|---|
| NORMAN C. HILE (SBN 57299) | DANIEL J. THOMASCH (SBN 1815349) |
| nhile@orrick.com | (Admitted Pro Hac Vice) |
| JULIE A. TOTTEN (SBN 166470) | dthomasch@gibsondunn.com |
| jatotten@orrick.com | LAUREN J. ELLIOT (SBN 2618122) |
| DAVID A. PRAHL (SBN 233583) | (Admitted Pro Hac Vice) |
| dprahl@orrick.com | lelliot@gibsondunn.com |
| Orrick, Herrington & Sutcliffe LLP | GIBSON, DUNN & CRUTCHER LLP |
| 400 Capitol Mall, Suite 3000 | 200 Park Avenue |
| Sacramento, CA  95814-4497 | New York, NY  10166-0193 |
| Telephone:     +1-916-447-9200 | Telephone:  212-351-4000 |
| Facsimile:      +1-916-329-4900 | Facsimile:   212-351-4035 |

Attorneys for Defendant

| | |
|---|---|
| EDWARD WYNNE (SBN 165819) | PETER A. MUHIC, PHV |
| Wynne Law Firm | JAMES A. MARO, PHV |
| 100 Drakes Landing Road, Suite 275 | MICHELLE A. COCCAGNA, PHV |
| Greenbrae, CA 94904 | KESSLER TOPAZ |
| Telephone:     415-461-6400 | MELTZER & CHECK, LLP |
| Facsimile:     415-461-3900 | 280 King of Prussia Road |
| | Radnor, PA  19087 |
| | Telephone:    610-667-7706 |
| | Facsimile:     610-667-7056 |
| WILLIAM A. BAIRD (SBN 192675) | STEVEN ELSTER (SBN 227545) |
| JEFFREY COMPTON (SBN 142969) | LAW OFFICE OF STEVEN ELSTER |
| MARKUN ZUSMAN & COMPTON LLP | 785/E2 Oak Grove Road, #201 |
| 17383 Sunset Blvd., Suite A-380 | Concord, CA  94518 |
| Pacific Palisades, CA 90272 | Telephone:    925-324-2159 |
| Telephone:    310-454-5900 | Facsimile:     925-945-1276 |
| Facsimile:    310-454-5970 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al., | CASE NO.: 2:08-cv-00965 LKK/GGH |
| Plaintiffs, | **STIPULATION AND ORDER REGARDING PRODUCTION OF DOCUMENTS** |
| v. | |
| PRICEWATERHOUSECOOPERS LLP, | |
| Defendant. | |

# STIPULATION

WHEREAS, on or around August 11, 2010, Plaintiffs served on Defendant PricewaterhouseCoopers LLP ("Defendant" or "PwC") "Plaintiff Kelly Jones' Request for Production of Documents to Defendant PricewaterhouseCoopers LLP, Set One" (Plaintiff Jones' Requests for Production);

WHEREAS, Plaintiff Jones' Requests for Production seek the production of, among other documents, (1) "the work papers for each engagement worked on by each Plaintiff" (Request for Production No. 10); (2) "all documents relating to defendant's budgeting of time, including hours goals, for the work performed by Associates" (Request for Production No. 29); and (3) "the engagement letters for each client to whom each Plaintiff provided services" (Request for Production No. 55);

WHEREAS, the parties have met and conferred regarding Plaintiff Jones' Requests for Production, including but not limited to Request for Production Nos. 10, 29 and 55, as they relate to the named Plaintiffs who worked in PwC's Tax line of service – Dana Blindbury, James Stekelberg, David Beadles, Daniel Gonzalez and Albert Liu (the "Tax named Plaintiffs");

WHEREAS, in the course of meeting and conferring regarding Plaintiff Jones' Request for Production Nos. 10, 29 and 55, the parties have agreed that the production of the Tax named Plaintiffs' work paper files (which may include engagement letters and budgets) would be responsive to these requests.

WHEREAS, pursuant to 26 U.S.C. sections 6713 and 7216, PwC is precluded from disclosing "any information furnished to [it], or in connection with, the preparation of any [tax] return . . . without an order of a court."

WHEREAS, the parties have met and conferred about the work papers at issue and the effect of 26 U.S.C. sections 6713 and 7216, and have agreed that the factual and legal issues of this action require inquiry into, among other things, the work papers of the Tax named Plaintiffs, to the extent that the work performed by the Tax named Plaintiffs is reflected in their respective work papers;

WHEREAS, the parties have met and conferred and agreed that, provided that the Court endorses this Stipulation and enters an order for the production of documents specified herein, PwC will produce a specified set of work paper files which PwC reasonably believes to be those of the Tax named Plaintiffs (the "Tax Work Paper Files"), as well as any budgets and/or engagement letters that are contained in the Tax Work Paper Files, at a mutually agreed-upon time;

1  WHEREAS, the parties have met and conferred and agreed that, in light of the provisions of 26 U.S.C. sections 6713 and 7216, and in order to protect the confidentiality of the tax information and documents of PwC's clients, any Tax Work Paper Files that PwC produces pursuant to this Stipulation, as well as any budgets and/or engagement letters contained in any Tax Work Paper Files that PwC produces pursuant to this Stipulation, shall be marked "Highly Confidential" by PwC pursuant to the protective order governing this action, and shall be utilized in strict compliance with the governing protective order by the parties to this action;

WHEREAS, although the parties agree that the production of the Tax Work Paper Files as set forth herein, together with any relevant prior production, shall constitute a complete response to Request for Production Nos. 10, 29 and 55, this Stipulation shall not preclude PwC from producing, or Plaintiffs from requesting, additional discoverable documents in this litigation, subject to any legal limitations including, but not limited to, the statutory provisions specified above;

NOW THEREFORE, the parties stipulate that the Court may enter an Order as follows:

1. In order for the parties to explore the legal and factual issues of this case, PwC shall, at a mutually agreed-upon time, produce the Tax Work Paper Files identified by client name in the attached Exhibit A, as well as any budgets and/or engagement letters contained therein, in their native formats or their equivalents;

2. In order to adequately protect from disclosure any confidential tax information of PwC's clients, the CDs, DVDs and other files containing the Tax Work Paper Files identified by client name in the attached Exhibit A and any engagement letters and budgets contained therein produced by PwC as specified in item 1, above, shall all be marked by PwC and treated by the parties as "Highly Confidential" pursuant to the terms of the Protective Order governing this action;

3. Nothing in this Stipulation shall preclude PwC from producing, or Plaintiffs from requesting, additional discoverable documents in this litigation, subject to any legal limitations including, but not limited to, the statutory provisions specified above.

| | | |
|---|---|---|
| 1 | Dated: September 12, 2012 | PETER MUHIC<br>Kessler Topaz Meltzer & Check, LLP |
| | | |
| | | EDWARD WYNNE<br>Wynne Law Firm |
| | | |
| | | WILLIAM BAIRD<br>Markun Zusman & Compton LLP |
| | | |
| | | STEPHEN ELSTER<br>Law Office of Stephen Elster |

By: /s/William Baird
WILLIAM BAIRD
Attorneys for Plaintiffs
SAMUEL BRANDON KRESS, et al.

Dated: September 12, 2012

DANIEL J. THOMASCH
LAUREN J. ELLIOT
MICHELE L. MARYOTT
JULIAN W. POON
Gibson Dunn & Crutcher LLP

NORMAN C. HILE
JULIE A. TOTTEN
DAVID A. PRAHL
Orrick, Herrington & Sutcliffe LLP

By: /s/Julie A. Totten
DANIEL J. THOMASCH
Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

**IT IS SO ORDERED.**

Dated: September 13, 2012            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE