UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al., | No. 2:08-cv-0965 LKK AC |
| Plaintiffs, | |
| v. | ORDER |
| PRICEWATERHOUSE COOPERS, LLP, | |
| Defendant. | |

On May 29, 2013, the court held a hearing on plaintiffs' motion to stay discovery, which was originally filed as an ex parte request. ECF Nos. 324, 351. Edward Wynne and William Baird appeared for plaintiffs. Daniel Thomasch, Normal Hile, Julie Totten, and Andrea Brown appeared for defendant. On review of the parties' statements and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this action is familiar to both the court and the parties. Thus, reference will be made only as needed in considering plaintiffs' application.

On November 25, 2009, the Honorable Lawrence K. Karlton conditionally certified a collection action consisting of persons who are or were employed by defendant as an Associate in the Attest Division of the Assurance line of business from December 11, 2005 to the present. See 29 U.S.C. § 216(b); ECF No. 92.

1

1  Defendant intends to file a motion for decertification as to this conditionally
2  certified class.  In order to support its motion, defendant deposed 10 individuals and then sought
3  leave to depose 75 more.  See ECF No. 292.  Following full briefing on the matter, see ECF No.
4  298, and after hearing oral argument, see ECF No. 300, Magistrate Judge Gregory H. Hollows[1]
5  issued an order on September 25, 2012 granting defendant leave to conduct 25 more depositions.
6  ECF No. 303.  Judge Hollows did not limit the manner in which defendant may select the
7  additional 25 deponents.
8  On January 4, 2013, plaintiffs filed the instant motion for order temporarily
9  staying discovery and granting a case management conference.  ECF No. 324.
10  On January 28, 2013, Judge Karlton denied without prejudice plaintiffs'
11  application to convene a case management conference and referred to the undersigned plaintiffs'
12  motion to stay discovery.  ECF No. 331.  Judge Karlton also directed the undersigned to notify
13  him when the parties ready for a case management conference.
14  As of the date of the parties' separate statements (January 2013), defendant has
15  sent depositions notices to 7 opt-in members of the Attest division with written discovery.  No
16  depositions have yet taken place.

17  DISCUSSION

18  A.  Preliminary Matter

19  At the outset, the court notes the parties' extensive use of ex parte applications in
20  contexts unauthorized by Local Rule.  See Local Rule 144(c) (providing for ex parte requests to
21  extend or shorten time); Local Rule 231(c)(8) (providing for ex parte applications for a temporary
22  restraining order / preliminary injunction).  Rather, the parties have filed ex parte applications to
23  (1) extend the class certification briefing schedule (filed by defendant on December 6, 2011); (2)
24  reset deadlines (filed by plaintiffs on October 11, 2012); (3) set additional dates for a 30(b)(6)
25  deposition (filed by plaintiffs on December 11, 2012); and (4) stay discovery (filed by plaintiffs
26  on January 4, 2013).  As there is no urgency or danger justifying the use of these ex parte

---

[1] This matter was reassigned to the undersigned on November 19, 2012.  ECF No. 314.

applications, the court finds their repeated use both curious and improper. See In re Intermagnetics America, Inc., 101 B.R. 191 (C.D. Cal. 1989). The parties are therefore directed to submit future requests for court action by way of properly-noticed motions.

B.     Plaintiffs' Motion to Stay

Plaintiffs seek a temporary stay of discovery on numerous grounds, each of which will be addressed in turn.

Plaintiffs first argue that a discovery stay is necessary because of the problems that would ensue if defendant followed through on its alleged intent to depose all 1,709 opt-in members of the Attest division. Defendant counters that it has merely expressed its belief that it is entitled to depose these members, but that it has not actually moved to depose them. Defendant's point is well-taken. While defendant moved to conduct 75 more depositions, it was granted leave to conduct only 25 more. There is no pending motion to depose any more at this time. As such, any concern about potential problems should defendant move to depose all 1,709 members is simply premature at this stage.

Plaintiffs also assert that discovery should be stayed in order to determine the proper methodology for selecting the 25 additional deponents. Plaintiffs argue that defendant should be ordered to randomly select the deponents or utilize a specific methodology instead of "cherry picking" them. This issue, however, was extensively briefed and argued before Judge Hollows. See Joint Statement re Disc., filed August 9, 2012 (ECF No. 298); Hearing on Def.'s Mot. For Disc. (Aug. 16, 2012) (ECF No. 300). In fact, of the five cases cited by plaintiffs in support of this argument here,[2] four were cited by plaintiffs in opposition to defendant's July 19, 2012 motion for leave to take additional depositions, and two were cited and discussed by Judge Hollows in his order granting in part defendant's motion. Despite plaintiffs' arguments, Judge Hollows did not limit defendant to a particular methodology for the 25 additional deponents.

---

[2] These cases are: Oropeza v. Appleillinois, LLC, 2010 WL 3034247 (N.D. Ill. Aug. 3, 2010); Rindfleisch v. Gentiva Health Services, Inc., 2011 WL 7662026, *4 (N.D. Ga. 2011); Cranney v. Carriage Services, Inc., 2008 WL 2457912 (D. Nev. June 16, 2008); Geer v. Challenge Fin. Investors Corp., 2007 WL 1341774, at *5 (D. Kan. May 4, 2007); and Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354 (S.D. Oh. 2006).

1   Plaintiffs now assert that Judge Hollows's silence on the question of methodology implies that he
2   did not actually consider the issue.  The undersigned however finds Judge Hollows's silence to be
3   deliberate rather than an oversight, particularly in light of the parties' extensive briefing of and
4   discussion on this issue.  Construing plaintiffs' ex parte application as a motion for
5   reconsideration pursuant to Local Rule 230(j), the court finds that plaintiffs have not shown any
6   new or different facts or circumstances or other grounds to justify reconsideration.  In any event,
7   plaintiffs' motion is untimely, since requests for reconsideration of orders issued by magistrate
8   judges must be brought within fourteen days of the date of the order, and plaintiffs did not file
9   their ex parte application until three months after the date of Judge Hollows's order.  See Local
10  Rule 303(b).

11  Plaintiffs next seek a stay in light of various issues concerning the scheduling of
12  and preparation for the 25 opt-in plaintiff depositions.  Plaintiffs argue that a stay is necessary to
13  determine the timing, location, and length of the opt-in depositions.  Defendant counters that the
14  depositions will be scheduled at times and locations that are convenient for the deponents and
15  plaintiffs' counsel.  As for the length, defendant intends to comply with the seven-hour allotment
16  prescribed by Federal Rule of Civil Procedure 30(d)(1).  The court finds this adequate.

17  Fourth, plaintiffs argue that a stay should be entered because of defendant's
18  obligation to produce documents and information pertaining to the opt-ins prior to any
19  depositions.  Defendant asserts that it has responded to plaintiffs' requests for production of
20  documents relating to the opt-in deponents, producing hundreds of pages of responsive
21  documents, including personnel files and time entry data.  Plaintiffs do not respond to this
22  argument.  Regardless, any dispute that plaintiffs may have concerning defendant's responses to
23  their discovery requests should be brought by way of a motion to compel and is not grounds to
24  stay discovery.

25  For these reasons, plaintiffs' motion to stay discovery will be denied.

26  C.     Advisability Of Case Management Conference

27  The undersigned turns next to Judge Karlton's January 28, 2013 order, which
28  directed the magistrate judge to provide notice if the parties are ready for a case management

4

1 conference.  Both in their moving papers  and at the hearing on the instant motion, plaintiffs
2 argue that there exist significant case management implications associated with defendant's
3 anticipated motion for decertification and the next phase of up to 25 depositions, including: (i) the
4 nature, scope and duration of the next phase of discovery, including whether written discovery
5 directed to the opt-ins is permissible and proper in addition to subjecting the individuals to
6 depositions; (ii) the deadline for defendant to move for decertification, as well as deadlines for all
7 dispositive motions and other pretrial motions; (iii) the substantive rights of the deponents,
8 including individuals who have not opted-in to this action as well as absent class members in the
9 related Campbell class action; (iv) the number of additional depositions that plaintiffs will be
10 entitled to; (v) the timing, location and length of opt-in depositions; (vi) the method for selecting
11 the opt-in deponents, and whether briefing and expert reports will be required by the court; (vii)
12 whether discovery of the opt-ins will proceed on a representative or sampling basis, and the
13 specific representative or sampling method to be utilized; (viii) defendant's obligation to produce
14 documents and information pertaining to the opt-ins prior to any depositions, including personnel
15 files and time and billing records; (ix) whether, in light of defendant's representation that these
16 depositions do not even relate to "trial preparation discovery," all discovery must be completed
17 before any decertification motion so that trial can ensue upon the District Court's ruling; and (ix)
18 whether the current protective order needs to be amended to ensure the confidentiality of
19 information and documents pertaining to the opt-ins.  While many of these issues have been
20 raised and considered by both Judge Hollows and the undersigned, the court is sympathetic to the
21 plaintiffs' concerns regarding the management of this complex class action.
22         Defendant's position is that a case management conference is unnecessary at this
23 time.  Notwithstanding defendant's continuing objection, the undersigned agrees with plaintiffs
24 that case management would be beneficial in order to address the relationships between
25 discovery, litigation of class certification, and motions deadline(s).
26 ////
27 ////
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to stay discovery (ECF Nos. 324, 351) is denied; and
2. The undersigned hereby reports to the district judge the opinion that a case management conference would be of use in this action.

DATED: May 30, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNTIED STATES MAGISTRATE JUDGE

/mb;kres0965.disc_stay