UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al., | No. 2:08-cv-0965 LKK AC |
| Plaintiffs, | |
| v. | ORDER |
| PRICEWATERHOUSE COOPERS, LLP, | |
| Defendant. | |

On May 29, 2013, the court held a hearing on defendant's motion to compel sufficient responses to discovery requests. ECF Nos. 307, 343. Edward Wynne and William Baird appeared for plaintiffs. Daniel Thomasch, Normal Hile, Julie Totten, and Andrea Brown appeared for defendant. On review of the parties' joint statement re discovery, the documents filed in support and opposition, and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this action is familiar to both the court and the parties. Thus, reference will be made only as needed in considering defendant's motion.

On September 6, 2012, PricewaterhouseCoopers LLP ("PwC") served Requests for Admission, Special Interrogatories, and Requests for Production of Documents on plaintiffs Dana Blindbury, James Stekelberg, Daniel Gonzalez, and Albert Liu ("the responding plaintiffs").

On October 10, 2012, the responding plaintiffs served objections and responses to these discovery requests. At the time, however, they did not provide answers to the written discovery and did not produce any documents. A few days later, on October 19, 2012, these plaintiffs served their first supplemental answers, responses, and objections to the requests.

In the instant motion, defendant challenges the responses to its Requests for Admission. Specifically, defendant seeks confirmation as to which named plaintiffs seek to represent which Tax groups. They also seek amended responses to the Request for Admission addressing whether the taking of a meal or rest break was in violation of defendant's policies or practices. Finally, defendant seeks an order directing plaintiffs to produce unredacted copies of a number of documents submitted in response to defendant's Request to Produce Documents. The parties have adequately met and conferred on this dispute.

## LEGAL STANDARDS

A.  <u>Requests for Admissions</u>

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." See Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 36(a) allows a party to serve a written request seeking to have another party admit the truth of any matters within the scope of Federal Rule of Civil Procedure 26(b)(1) relating to: 1) facts, and 2) the genuineness of documents. Rule 36(a) is designed to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1245 (9th Cir. 1981). The response to a request for admission must consist of one of the following: an admission, a denial, or a statement explaining why a party is unable to admit or deny the request. "[W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a)(4).

If a party contends that the response to the request for admission does not comply with Rule 36(a), then the party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with Rule

36, "the court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." Asea., 669 F.2d at 1247.  However, "this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." Id.

B.    Privacy Objection

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson ex rel Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants).  The party whose privacy is affected may object or seek a protective order. Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987).  Resolution of a privacy objection or request for protective order requires a balancing of the need for the particular information against the privacy right asserted. Cook v. Yellow Freight System, Inc., 132 F.R.D. 548, 550-51 (E.D. Cal. 1990), overruled on other grounds in Jaffee v. Redmond, 518 U.S. 1 (1996) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

DISCUSSION

A.    Identification of Class that Each Named Plaintiff Seeks to Represent

Defendant first seeks an order compelling the responding plaintiffs to amend their responses to the following Requests for Admissions:

> Request For Admission No. 1: Admit that YOU do not seek to serve, in this ACTION, as a class representative for any Associates who worked in the Tax Projects Delivery Group within the Tax line of service at PwC.
>
> Request For Admission No. 2: Admit that YOU do not seek to serve, in this ACTION, as a class representative for any Associates who worked in the Financial Services group within the Tax line of service at PwC.
>
> Request For Admission No. 3: Admit that YOU do not seek to serve, in this ACTION, as a class representative for any individuals who worked in the CORE TAX group within the Tax line of service at PwC.
>
> Request For Admission No. 4: Admit that YOU do not seek to serve, in this ACTION, as a class representative for any Associates

3

> who worked in the International Assignment Services group within the Tax line of service at PwC.
>
> Request For Admission No. 5: Admit that YOU do not seek to serve, in this ACTION, as a class representative for any Senior Associates who worked in the International Tax Services group within the Tax line of service at PwC.
>
> Request For Admission No. 6: Admit that YOU seek to serve, in this ACTION, as a class representative for any Associates who worked in the International Tax Services group within the Tax line of service at PwC.

To each of these requests, the responding plaintiffs responded identically, as follows:

> Plaintiff objects to this Request on the basis that it calls for a legal conclusion and/or impermissibly seeks to invade the attorney client and/or attorney work product privileges. By way of further response, Plaintiff directs Defendant to the Stipulation filed in the case at EFC No. 293. Otherwise, Plaintiff is unable to admit or deny the request as framed because the request seeks for Plaintiff to speculate as to what and/or to reveal what Plaintiff's counsels' class certification strategy will eventually be. Moreover, as discovery has not been completed Plaintiff does not have sufficient information to admit or deny this request.

Defendant contends that plaintiffs' objections are improper and must be overruled. It argues first that confirmation as to which group or groups the responding plaintiffs seek to represent does not call for "speculation" because this information is readily known to the plaintiffs, and it would not reveal plaintiffs' counsel's class certification strategy because plaintiff's counsel already disclosed their strategy to the court via a July 24, 2012 stipulation. As to plaintiffs' objection that the Requests call for a legal conclusion, defendant asserts that this request does not seek an admission on a pure matter of law. Rather, defendant seeks to know merely which of the five subgroups these responding plaintiffs intend to represent. Defendant argues this identification is important so that it may prepare to oppose class certification accordingly and to determine which Tax groups are at issue

Plaintiffs argue that they will not move for certification for any Tax subgroup(s) outside of the groups that the named plaintiffs worked for at the time of the stipulation, which include International Tax Services, Tax Projects Delivery Group, Financial Services, Core Tax, and International Assignment Services. However, as to which plaintiff will represent which

subgroup, plaintiffs argue that they cannot provide this information because "the historical identification of the subgroups is continuing, as the names and identities of certain subgroups changed during the applicable class period." They claim that they are seeking additional discovery on this issue. Plaintiffs then argue that defendant's requests seek to improperly discovery plaintiffs' litigation strategy by requesting that they admit which subgroups they intend to move for class certification.

Plaintiffs' point is well-taken assuming the nature of these subgroups fluctuates. Defendant does not argue that they do not. In that case, plaintiffs may very well be prejudicing themselves with a premature response. As to defendant's other argument in support of this motion – that the purpose of these requests was to eliminate any dispute as to which Tax groups are at issue – plaintiffs have stated that they will not seek certification beyond the following four tax subgroups: International Tax Services, Tax Projects Delivery Group, Financial Services, Core Tax, and International Assignment Services. This is sufficient for present purposes. Thus, defendant's motion will be denied as to RFAs 1 through 4.

B.   PwC's Purported Violation of Unwritten Policies

Next, defendant objects to the responding plaintiffs' responses to the following Requests for Admission:

> Request For Admission No. 13: If YOU admit Request for Admission No. 12 [i.e., that YOU took an uninterrupted meal period lasting 30 minutes or longer], then admit that taking such a 30-minute, uninterrupted meal period was not a violation of either a PwC practice or policy.

> Response: Plaintiff incorporates the objections set forth in No. 12. Notwithstanding Plaintiff's objections, and without waiver of those objections, Plaintiff admits that taking such a 30-minute, uninterrupted meal period was not a violation of a written PwC policy he is aware of, but denies that unwritten policies, practices, and procedures that prohibited him from taking such a 30-minute, uninterrupted meal break did not exist, particularly during the busy season. By way of further response, Plaintiff objects to this Request on the basis that discovery in this area is ongoing.

> Request For Admission No. 15: If YOU admit Request for Admission No. 14 [i.e., that some members of the putative class took an uninterrupted meal period lasting 30 minutes or longer], then admit that taking such a meal period was not a violation of either a PwC practice or policy.

5

Response: Plaintiff incorporates the objections set forth in No. 14. Notwithstanding Plaintiff's objections, and without waiver of those objections, Plaintiff admits that taking such a 30-minute, uninterrupted meal period was not a violation of any written PwC policy he is aware of, but denies that unwritten policies, practices, and procedures that prohibited members of the putative class from taking such a 30- minute, uninterrupted meal break did not exist, particularly during the busy season. By way of further response, Plaintiff objects to this Request on the basis that discovery in this area is ongoing.

***

Request For Admission No. 17: If YOU admit Request for Admission No. 16 [i.e., that YOU took a 10-minute rest break for each four hours or major fraction thereof worked], then admit that taking such a rest break was not a violation of either a PwC practice or policy.

Response: Plaintiff incorporates the objections set forth in No. 16. Notwithstanding Plaintiff's objections, and without waiver of those objections, Plaintiff admits that taking such a rest break was not a violation of a written PwC policy he is aware of, but denies that unwritten policies, practices, and procedures that prohibited him taking such a rest break did not exist, particularly during the busy season. By way of further response, Plaintiff objects to this Request on the basis that discovery in this area is ongoing.

***

Request For Admission No. 19: If YOU admit Request for Admission No. 18 [i.e., that some members of the putative class took a 10-minute rest break for each four hours or major fraction thereof worked], then admit that taking such a rest break was not a violation of either a PwC practice or policy.

Response: Plaintiff incorporates the objections set forth in No. 18. Notwithstanding Plaintiff's objection, and without waiver of his objection, Plaintiff admits that taking such a rest break was not a violation of any written PwC policy he is aware of, but denies that unwritten policies, practices, and procedures that prohibited members of the putative class from taking such a rest break did not exist, particularly during the busy season. By way of further response, Plaintiff objects to this Request on the basis that discovery in this area is ongoing.

Although not explicitly stated, defendant's argument is premised on the assumption that the language it employed in these requests – specifically, "a PwC practice or policy" – refers to both written *and* unwritten practices or policies. With this premise, defendant argues that plaintiffs properly responded to the request as related to a written practice or policy, but that plaintiffs failed to admit or deny that any breaks that they did take were in violation of an

6

*unwritten* practice or policy.

Plaintiffs assert that their responses are sufficient because defendant's requests did not distinguish between written and unwritten policies. As such, their responses were a good faith attempt to deny what they could and clarify why they could not admit or deny as to the remainder.

On review, the court finds that plaintiffs' qualified answers were appropriate given the language of the requests. Contrary to defendant's position, the phrase "a PwC practice or policy" is not clear as to whether it encompasses both written and unwritten practices and policies. Accordingly, plaintiffs' attempt to clarify was entirely permissible and in good faith. Therefore, defendant's motion will be denied as to this issue.

C.     Redacted Documents

Finally, defendant seeks an order directing the responding plaintiffs to produce certain documents that were marked "Confidential" in an unredacted form. Based on the context in which the redactions appear, the hidden information appears be (a) the named plaintiffs' contact information, (b) the identity of individuals whom plaintiff Blindbury used an employment reference, and (c) the identity of individuals with whom plaintiff Blindbury had communications regarding potential employment and/or this case.

Defendant argues that it is unnecessary to redact this information because the documents in which the redactions appear are already subject to protection pursuant to the protective order in this case, which is the same protective order entered into in <u>Campbell v. PriceWaterhouse Coopers, LLP</u>, 06-cv-2376 LKK AC (E.D. Cal. Oct. 12. 2007) (ECF No. 43). <u>See</u> ECF No. 25. Pursuant to the Protective Order,

> Discovery Material designated as "CONFIDENTIAL" . . . in accordance with the appropriate procedures set forth herein shall be used ONLY for the prosecution and/or defense of this Action and shall not be disclosed to any persons, except as set forth herein, without the prior written consent of the designating party or owner of the "CONFIDENTIAL" . . . information.

<u>Id.</u> at 2. Discovery material that is designated as confidential may be disclosed or made available without written consent from the designating party or owner of the confidential information only

1  to a limited group of individuals.  Id. at 6.

2  Defendant next argues that the redacted information is likely to lead to the
3  discovery of admissible evidence.  For example, defendant argues that plaintiff Blindbury may
4  have discussed her experience and the nature of her work for PwC with individuals whose names
5  have been redacted (including those who acted as a reference and those who interviewed
6  Blindbury).  Defendant argues that it is entitled to unredacted documents because these
7  individuals may have information regarding admissions made by this plaintiff.

8  Plaintiffs counter that their redactions were proper notwithstanding the documents'
9  "Confidential" designation in order to protect private and confidential information of the
10 plaintiffs (including their social security number and contact information) and the email addresses
11 of third parties.  Plaintiffs also argue that the redacted information is irrelevant to any of the
12 claims or defenses in this action and not likely to lead to the discovery of admissible evidence.  In
13 addition, plaintiffs have produced copies of their resumes, which, among other things, outline
14 their employment with and/or subsequent to PwC.

15 In this wage-and-hour dispute, the court finds that defendant has failed to
16 demonstrate how the redacted information is relevant to its defense of this action.  In any event,
17 defendant's position is premised on mere speculation as to what these plaintiffs may have said to
18 third parties about this action and/or the nature of their rest and lunch breaks.  This speculation
19 does not override these individuals' privacy concerns.  Defendant's motion will therefore be
20 denied as to this issue.

21 Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to
22 compel sufficient responses to discovery requests (ECF Nos. 307, 343) is denied.

23 DATED: May 30, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNTIED STATES MAGISTRATE JUDGE

/mb;kres0965.disc_d