UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSE COOPERS, LLP,<br><br>Defendant. | No.  2:08-cv-0965 LKK AC<br><br><br><br>ORDER |

On May 29, 2013, the court held a hearing on plaintiffs' motion to compel additional 30(b)(6) testimony. ECF Nos. 308, 342. Edward Wynne and William Baird appeared for plaintiffs. Daniel Thomasch, Normal Hile, Julie Totten, and Andrea Brown appeared for defendant. On review of the parties' joint statement re discovery, the documents filed in support and opposition, and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this action is familiar to both the court and the parties. Thus, reference will be made only as needed in considering plaintiffs' motion.

On June 4, 2012, plaintiffs served a Notice of Deposition for a Rule 30(b)(6) witness on defendant, which set forth 18 Matters for Examination ("ME") related to defendant's salaried employees who work or worked in California for defendant in its tax line of service with

the title Associate and/or Senior Associate and who were not licensed as Certified Public Accountants at any time during the relevant time period.[1]

Defendant objected to the Notice on various grounds, Baird Decl., Ex. 4, but ultimately produced Paul Roberts for deposition on October 3, 2012. Roberts had a thirty-year tenure with Pricewaterhouse Coopers ("PwC"), including his time with PwC's predecessor firm, and he served more than twelve years as a PwC partner. In preparation for the deposition, Roberts spent two days interviewing (in-person and by phone) a total of 13 individuals, consisting of four PwC partners from different Tax groups, three Human Resources employees, two employees from the Learning and Development Group, one employee from the Compensation Group, and three individuals from the IT group. See J.S. re Disc. at 13. Prior to the deposition, defendant also produced approximately 600,000 pages of documents, 450,000 of which were produced within seven days of the deposition. Id. at 7.

Following the conclusion of the deposition, which ran for the maximum 7 hours permitted by Federal Rule of Civil Procedure 30(d)(1), plaintiffs asked defendant for 14 additional hours to depose Roberts. Defendant declined this request, but offered to answer any remaining questions via interrogatories. Plaintiffs now turn to the court pursuant to Rule 30(a)(2)(A)(ii) for leave to depose Roberts for an additional 14 hours. Defendant opposes this motion. The parties have adequately met and conferred on this dispute.

## LEGAL STANDARDS

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

---

[1] Plaintiffs' 18 MEs are set forth in Exhibit 1 to the Baird declaration.

1  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
2  discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
3  the burden or expense of the proposed discovery outweighs its likely benefit, considering the
4  needs of the case, the amount in controversy, the parties' resources, the importance of the issues at
5  stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P.
6  26(b)(2)(C).

7         The party seeking to compel discovery has the burden of establishing that its
8  request satisfies the relevancy requirements of Rule 26(b)(1). See Soto v. City of Concord, 162
9  F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of
10 showing that discovery should not be allowed, and also has the burden of clarifying, explaining
11 and supporting its objections with competent evidence. See DIRECTV, Inc. v. Trone, 209 F.R.D.
12 455, 458 (C.D. Cal. 2002).

13        Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral
14 questions, depose any person, including a party, without leave of court . . . ." In turn, Rule
15 30(b)(6) provides that, "[i]n its notice or subpoena, a party may name as the deponent a public or
16 private corporation, a partnership, an association, a governmental agency, or other entity and must
17 describe with reasonable particularity the matters for examination. The named organization must
18 then designate one or more officers, directors, or managing agents, or designate other persons
19 who consent to testify on its behalf; and it may set out the matters on which each person
20 designated will testify." Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its
21 witnesses so they are prepared to fully answer the questions posed at the deposition." Bowoto v.
22 ChevronTexaco Corp., 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing In re Vitamins
23 Antitrust Litig., 216 F.R.D. 168, 172 (D.D.C. 2003)).

24        A party noticing a deposition pursuant to Rule 30(b)(6) must describe with
25 reasonable particularity the matters on which the examination is requested. Fed. R. Civ. P.
26 30(b)(6). "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to
27 limit what is asked of the designated witness at a deposition." UniRAM Technology, Inc. v.
28 Monolithic Sys. Tech., Inc., 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing Detoy v.

City and County of San Francisco, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000)). "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." Id. (citing Detoy, 196 F.R.D. at 366-67).

The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena request "to elect to supply the answers in a written response to an interrogatory" in response to a Rule 30(b)(6) deposition notice or subpoena request. Marker v. Union Fidelity Life Insurance, 125 F.R.D. 121, 126 (M.D.N.C. 1989). "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." Id.

Finally, if an organization designates a witness it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent. Marker, 125 F.R.D. at 126; Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995); Starlight International, Inc. v. Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999); Sony v. Soundview Technologies, 217 F.R.D. 104, 112 (D. Conn. 2002).

## DISCUSSION

A.   The Parties' Positions

1.   Plaintiffs

Plaintiffs seek additional time to depose PwC's Rule 30(b)(6) deponent on the following grounds: (1) a Rule 30(b)(6) deponent cannot fairly be examined in 7 hours and, accordingly, they did not get through at least 6 MEs (ME Nos. 8-10, 13-14, 16); (2) Roberts did not have sufficient knowledge to fully respond to plaintiffs' question; and (3) plaintiffs were unable to review the 450,000 documents that PwC produced 7-10 days before the deposition. Plaintiffs also assert that they wish to conduct further discovery via deposition versus alternate means.

2.   Defendant

Defendant counters that plaintiffs' failure to answer questions related to all 18

MEs was because (1) the MEs were too broad and plaintiffs' questions were too detailed; (2) plaintiffs asked many inconsequential questions; and (3) Rule 30 does not authorize a party to ask a deponent any question related to any fact at issue in a case.  Finally, PwC argues that the 450,000 documents it produced before the deposition were related to the engagements of each named plaintiff and were unrelated to the subject matter of the MEs, and therefore plaintiffs did not need to review them before the deposition.

B.     Analysis

Pursuant to Federal Rule of Civil Procedure 30(d)(1), "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent. . . ."  The Notes of the Advisory Committee on the 2000 amendments to Rule provide the following elucidation:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> Parties considering extending the time for a deposition – and courts asked to order an extension – might consider a variety of factors.  For example, if the witness needs an interpreter, that may prolong the examination.  If the examination will cover events occurring over a long period of time, that may justify allowing additional time.  In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. . . .  If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.

Fed. R. Civ. P. 30(d)(1), Advisory Committee's Note on 2000 Amendment.

At the outset, the court will disregard two of plaintiff's arguments for additional deposition testimony.  First, plaintiffs assert that they should be allowed additional time because this is a common practice in similar class-action wage-and-hour disputes.  In support, however, they cite to numerous cases with citations that are entirely unhelpful.  See J.S. re Disc. at 8 ("Brady, et al. v. Deloitte and Touche, Case No.: C-08-00177 SI (N.D. Cal.)"; "KPMG Wage Cases (C.D. Cal.) (S.D.N.Y) No. 11 Civ. 0377 (CM) (JLC); and "Ernst and Young wage cases

1  (5:05-cv-04867-RMW) (N.D. Cal)."). The court will not waste its scarce judicial resources
2  scouring the dockets in these cases looking for relevant documents.

3  Next, plaintiffs argue that additional deposition testimony is necessary because
4  they were unable to adequately review the 450,000 pages of documents provided by defendant
5  mere days before the deposition because they were produced in an unsearchable PDF format,
6  which required extensive time and effort to convert to a searchable form. Defendant counters that
7  the parties stipulated to the production of these documents in their native formats. Prahl Decl.,
8  Ex. A. In any event, defendant argues that these documents were overwhelmingly directed to the
9  plaintiffs' engagements and not to the MEs. The record supports defendant's position.
10 Accordingly, this argument is disregarded.

11 Finally, plaintiffs assert that they were unable to depose Roberts as to all 18 MEs
12 because the deponent was verbose, necessitating numerous follow-up questions. The transcript
13 does not support this position.

14 Notwithstanding the foregoing, the court does find that additional testimony is
15 necessary to allow plaintiffs an opportunity to "fairly examine'" defendant's Rule 30(b)(6)
16 witness. This is based on the complexity of the issues in this case, the multi-year relevant period
17 of time, and the propriety of the MEs. As to defendant's objections, the court overrules them for
18 the reasons stated here.

19 Defendant objects first on the ground that the MEs are overly broad and therefore
20 do not meet Rule 30(b)(6)'s 'reasonable particularity' requirement. The court disagrees. The 18
21 MEs are not only reasonably specific, but they are also not so numerous as to be egregious. See
22 Louisiana Pacific Corp. v. Money Market I Institutional Inv. Dealer, 285 F.R.D. 481, 487 (N.D.
23 Cal. 2012) (19 depositions topics are not too numerous for a Rule 30(b)(6) deposition) (citing
24 Apple, Inc. v. Samsung Elec. Co., Ltd., 2012 WL 1511901 (N.D. Cal. Jan. 27, 2012) (court found
25 Samsung's 229-topic notice to be "facially excessive" and to impose an "impracticable demand"
26 upon Apple), and Krasny v. Nationwide Mut. Ins. Co., 2007 WL 4365677, at *3 (D. Conn. Dec.
27 11, 2007) (stating that Plaintiffs' 40 deposition topics are "hardly 'described with reasonable
28 particularity'" and issuing a protective order with respect to several of them)).

1         Defendant also argues that plaintiffs are not entitled to additional deposition
2 testimony because they unreasonably delayed the deposition with questions that were highly-
3 specific, inconsequential, and/or beyond the scope of the MEs.  The transcript supports this
4 position in part.  See, e.g., Roberts Dep. 151:14-153:11; 153:1-11; 162:25-163:6; 221:4-5;
5 223:17-25.  However, the transcript also reveals that Roberts clearly did not have enough
6 knowledge to answer numerous questions that were both related to the MEs and not so detailed as
7 to sustain defendant's specificity objection.  See, e.g., id. 57:23-25; 91:22-25; 130:1-5; 160:8-
8 161:19; 164:13-18; 238:24-239:9.  While crediting defendant with producing a witness who made
9 a good faith effort to educate himself on the 18 MEs[2], when a party designates a witness it
10 believes in good faith will be able to provide knowledgeable answers and the witness is unable to
11 do so, the designating party has a duty to substitute another person once the deficiency of its Rule
12 30(b)(6) designee becomes apparent during the deposition.  Marker, supra, at 126.

13         Next, defendant argues that a Rule 30(b)(6) deposition is not an opportunity for a
14 party to ask any question about any fact in litigation.  See Smithkline Beecham Corp. v. Apotex
15 Corp., 2000 WL 116082, at *9 (N.D. Ill. 2000) ("[T]he recipient of a Rule 30(b)(6) request is not
16 required to have its counsel muster all of its factual evidence to prepare a witness to be able to
17 testify regarding a defense or claim.") (internal citation omitted); see also Doubt v. NCR Corp.,
18 2011 WL 5914284, at *1-3 (N.D. Cal. Nov. 28, 2011).  While true, the court does not find that to
19 be the case here.  For the most part, the court finds plaintiffs' questions to be reasonably limited
20 in scope and breadth.  To the extent defendant objects to the breadth of the MEs, it could have –
21 but did not – seek a protective order prior to the deposition.

22         Finally, defendant argues that, if the court is inclined to find that additional
23 discovery is necessary, then plaintiffs should be directed to obtain the sought-after information
24 through alternate means.  As plaintiffs points out, however, there are strong reasons why a party
25 strategically selects to proceed by oral deposition rather than alternate means, including the
26 spontaneity of witness responses.  Nat'l Life. Ins. Co. v. Hartford Accident & Indem. Co., 615

27

28 [2] Even plaintiffs were forced to admit as much at the hearing on the instant motion.

F.2d 595, 600 (3d Cir. 1980).

      Having found that plaintiffs are entitled to additional deposition time, the question now is how much additional time they should be granted. Plaintiffs ask for 14 additional hours, which would allow them enough time to cover all of the MEs. Plaintiffs concede however that they were unable to reach only 6 MEs. Because they were able to cover 12 of the 18 MEs, the court will grant an additional five hours to depose the 30(b)(6) witness. The court also notes that, despite his extensive preparation for the deposition, Roberts lacked knowledge as to multiple questions that were within the scope of the MEs. See, e.g., Roberts Dep. 109:10-16 (questions related to the guidelines used by defendant for hiring candidates); 126:13—127:11 and 131:13-25 (questions related to software used by tax associates); 123:6-10 (questions related to the compensation of associates); 191:4-19 (questions related to the special skills of associates at time of hire). While a witness cannot be faulted for not knowing every fact that could possibly come within the scope of a particular topic, the court finds that the questions asked by plaintiffs were not unreasonably specific. Thus, defendant will also be directed to produce one or more 30(b)(6) witnesses who are prepared to answer questions related to Human Resources and Information Technology.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel additional 30(b)(6) deposition testimony (ECF Nos. 308, 342) is granted in part;
2. Defendant shall produce one or more 30(b)(6) witnesses for an additional five hours of deposition testimony.

DATED: June 3, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;kres0965.disc_pl