William A. Kershaw, State Bar No. 057486
Lyle W. Cook, State Bar No. 148914
Stuart C. Talley, State Bar No. 180374
Ian J. Barlow, State Bar No. 262213
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

James P. Ulwick
Jean E. Lewis, State Bar No. 148717
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 539-1269

Attorneys for *Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURY ADAMOV, individually, and on behalf of himself and all other similarly situated current and former employees of PricewaterhouseCoopers LLP,<br><br>Plaintiff,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP, a Limited Liability Partnership; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01222-KJM-AC<br><br>**NOTICE OF RELATED CASES** |

PLEASE TAKE NOTICE that pursuant to Local Rule 123 of the Eastern District of California, Plaintiff Yury Adamov ("Plaintiff") hereby gives notice that the above-titled action ("*Adamov*") is related to two (2) other actions pending in the Eastern District of California, *Campbell v. PricewaterhouseCoopers LLP*, Case No. 06-cv-02376-LKK-AC and the consolidated action *Kress/Le v. PricewaterhouseCoopers LLP*, Case No. 08-cv-00965-LKK-AC.

On May 9, 2008, Judge Lawrence K. Karlton ordered that the *Campbell* and consolidated *Kress/Le* actions were related cases. (Related Case Order [*Campbell* Dkt. No. 191; *Kress/Le* Dkt. No. 3].) Specifically, Judge Karlton held that, pursuant to Local Rule 83-123(a) (E.D. Cal. 1997), the "actions involve some of the same parties, and are based on the same or similar claims, the same property, transaction or event, similar questions of fact and the same question of law." (Related Case Order at 2.)

The *Adamov* case, like the *Campbell* and *Kress/Le* cases, is a class action against PricewaterhouseCoopers LLP ("PwC") involving violations of California wage and hour law and Business and Professions Code for failure to pay overtime, maintain accurate itemized wage statements and provide required meal and rest breaks. The *Adamov*, *Campbell* and *Kress/Le* cases all assert violations of California Labor Code sections 510, 226.7 and 512, 226 and 1174 and Business and Professions Code sections 17200, *et seq*. Furthermore, the *Adamov*, *Campbell* and *Kress/Le* cases are brought on behalf of classes that include or are limited to attest associates who are or were employed by PwC in California and misclassified as "exempt" employees.

In fact, the *Campbell* class and the proposed class in the *Adamov* case are coextensive except that the proposed class in *Adamov* begins on the date that the class period in *Campbell* ends. In *Campbell*, Judge Karlton entered an order on March 25, 2008 certifying a class of:

> All persons employed by PricewaterhouseCoopers, LLP in California, from October 27, 2002, until the time when class notice was given, who: (1) assisted certified public accountants in the practice of public accountancy, as provided for in California Business and Professions Code §§ 5051 and 5053; (2) worked as Associates in the "Attest" Division of the "Assurance" Line of Service (hereinafter, "Attest Associates"); (3) were not licensed by the State of California as certified public accountants during some or all of this time period; and (4) were classified as "exempt" employees.

*Campbell v. PricewaterhouseCoopers LLP*, 253 F.R.D. 586, 590 (E.D. Cal. 2008). Class Notice was issued to the certified class in *Campbell* on July 23, 2008. [*Campbell* Dkt. No. 202].

Similarly, in the *Adamov* case, Plaintiff asserts claims on behalf of a proposed class consisting of:

> All persons employed by PricewaterhouseCoopers LLP in California after PricewaterhouseCoopers LLP compiled the notice list for purposes of giving the July 23, 2008 notice to the certified class in *Campbell v. PricewaterhouseCoopers LLP* to the present who: (1) assisted certified public accountants in the practice of public accountancy, as provided for in California Business and Professions Code §§ 5051 and 5053; (2) worked as Associates in the "Attest" Division of the "Assurance" Line of Service ("attest associates"); (3) were not licensed by the State of California as certified public accountants during some or all of this time period; and (4) were classified by Defendant as "exempt" employees.

(*Adamov* Compl. ¶ 19.)

The legal claims in *Adamov* and *Campbell* are the same, the theories of liability underlying *Campbell* and *Adamov* are identical and allegations in the *Adamov* case overlap with those asserted in *Campbell*. Moreover, as mentioned above, the same questions of fact and law in *Adamov* and *Campbell* are implicated in *Kress/Le*, which Judge Karlton has already related to *Campbell*. Substantial savings of judicial effort will be achieved and inconsistent rulings avoided by relating the *Adamov*, *Campbell* and *Kress/Le* cases and assigning the *Adamov* case to Judge Karlton and Magistrate Judge Claire.

Dated: June 21, 2013.                    Respectfully submitted,

KERSHAW, CUTTER & RATINOFF, LLP


By: */s/ William A. Kershaw*
    WILLIAM A. KERSHAW
    *Attorneys for Plaintiff*