UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>        Defendant. | CASE NO. 2:08-CV-00965 TLN/AC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF FLSA ASSOCIATE ACTION SETTLEMENT; APPOINTMENT OF A SETTLEMENT ADMINISTRATOR; CLASS REPRESENTATIVES; AND CLASS COUNSEL FOR SETTLEMENT PURPOSES** |

This matter is before the Court pursuant to the FLSA Plaintiffs' Unopposed Motion for Preliminary Approval of the Proposed Settlement of the FLSA Associate Action on the terms set forth in the Settlement Agreement and Release, dated December 21, 2015, (the "Settlement Agreement").  Plaintiffs have submitted the Settlement Agreement, (*See* Exhibit 1[1], ECF No. 394-3), for the purpose of determining whether the proposed Settlement Agreement was within the range of possible approval and whether to proceed with Notice to the Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing.  The Court having considered the Settlement Agreement, all papers and proceedings held herein, having reviewed the record in this action, *Kress et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-CV-00965 TLN-AC, and good cause appearing, finds that:

Plaintiff Lac Anh Le originally filed her class action complaint in the United States District Court, Northern District of California on October 26, 2007, captioned *Le v. PricewaterhouseCoopers LLP*, 2:07-cv-05476-MMC (N.D. Cal.), alleging violation by Defendant of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and state labor laws on behalf of herself and those similarly situated.  Plaintiff Samuel Brandon Kress, along with Jeffery LaBerge and Willow Markham, originally filed suit in California Superior Court, Los Angeles County on January 18, 2008, alleging violation of state labor laws on behalf of themselves and those similarly situated.

The *Kress* case was removed by PwC to the United States District Court, Central District of California, and both the *Le* and *Kress* cases were subsequently transferred to the United States District Court, Eastern District of California.

On or about August 14, 2008, the separate *Le* and *Kress* cases were consolidated to form *Kress v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC (the "Consolidated Action").  By Order dated November 25, 2009, the Court conditionally certified a nationwide collective under the Fair Labor Standards Act ("FLSA"), which is defined as all persons employed by PricewaterhouseCoopers LLP ("PwC" or

---

[1]   Unless otherwise defined herein, all terms used in this Order granting Preliminary Approval of the FLSA Associate Action Settlement will have the same meaning as defined in the Settlement Agreement.

"Defendant") in the United States who, at any time during the period of December 11, 2005, to April 5, 2010: (a) worked as Associates in the Attest Division of PwC's Assurance Line of Service; (b) were not licensed as certified public accountants for some or all of the period they worked in this position; and (c) were classified as exempt employees while working in this position.

The parties stipulated to, and the Court ordered on June 2, 2010, the conditional certification of two separate nationwide collectives under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to June 15, 2010: (a) worked as Associates in the Disputes, Analysis and Investigations ("DAI") Group and/or the Threat and Vulnerability Management ("TVM") Group of PwC's Advisory line of service; (b) were not licensed as certified public accountants for some or all of the period they worked in these positions; and (c) were classified as exempt employees while working in these positions.  The parties stipulated to, and the Court ordered on June 2, 2010, the conditional certification of a separate nationwide collective under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to July 9, 2010: (a) worked as Associates in the Tax Projects Delivery Group ("TPDG") of PwC's Tax line of service; (b) were not licensed as certified public accountants for some or all of the period they worked in this position; and (c) were classified as exempt employees while working in this position; and Kessler Topaz Meltzer & Check LLP, Marlin & Saltzman LLP, and Wynne Law Firm serve as Class Counsel for the litigation classes and Plaintiffs Lac Anh Le, Dana Blindbury, Jason Patterson, Lauren Barry San Mateo, and Kelly Jones serve as Class Representatives.

On May 8, 2015, this Court granted final approval of the class action settlement of a related case involving hundreds of the same plaintiffs, *Campbell v. PricewaterhouseCoopers LLP*, Case No. 2:06-cv-02376-TLN-AC, which resulted in the dismissal with prejudice of the *Campbell* case and the release by the settlement participants of all claims, whether under state or federal law, arising from their classification as exempt from overtime while working at PwC as an Attest Associate in California from October 27, 2002 through May 8, 2015.

The Parties have engaged in private mediation before Mark S. Rudy on April 10, 2015, which process resulted in a signed Memorandum of Understanding, dated April 10, 2015, and the

Settlement Agreement. A resolution of the FLSA Associate Action, which is defined as the litigation of the claims brought by the FLSA Attest Associate Class, FLSA DAI Associate Class, FLSA TPDG Associate Class, and FLSA TVM Associate Class, was reached following a mediator's proposal by Mark S. Rudy. The Class Representatives and Class Counsel believe that this case is meritorious and that FLSA conditional certification was and continues to be appropriate in connection with these four FLSA classes.

PwC denies any liability and wrongdoing of any kind associated with the claims alleged in this Consolidated Action, and continues to deny that class treatment of the FLSA Attest Associate Class, FLSA DAI Associate Class, FLSA TPDG Associate Class, and FLSA TVM Associate Class is appropriate for collective treatment for any purpose other than this Settlement. PwC contends, among other things, that it has complied at all times with all state labor codes (including the California Labor Codes), Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq*. and specifically contends that its classification of any of its Associates as exempt employees was and continues to be a correct classification under the state labor codes (including California Labor Code) and FLSA. In addition, PwC asserts Class Representative and Class Member claims in the FLSA Associate Action which are based on work performed outside FLSA's two-year statute of limitations are time-barred. PwC is not reclassifying any of its Associates as non-exempt as a condition of the Settlement Agreement, or otherwise.

Class Counsel has conducted a thorough investigation into the facts of the FLSA Associate Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by Defendant, and has diligently litigated the Class Members' claims against Defendant. Therefore, Class Counsel has an appropriate basis to evaluate the value of this settlement.

Based on its investigation of the facts of the FLSA Associate Action, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with

litigation, the defenses asserted by Defendant, the legal landscape and numerous potential appellate issues.

The Parties desire to compromise and fully settle their claims with finality and agree to the Settlement of the FLSA Associate Action, and entered into the Settlement Agreement on December 21, 2015, setting forth the terms of the Settlement of the FLSA Associate Action.

Therefore, the Court grants Preliminary Approval of the Parties' Settlement Agreement in this Consolidated Action.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Settlement Agreement, and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Consolidated Action, the Named Plaintiffs, the Class Members, and PwC.

3. The Court hereby GRANTS Preliminary Approval of the terms and conditions contained in the Settlement Agreement. The Court preliminarily finds that the terms of the Settlement Agreement appear to be within the range of possible approval, pursuant to FLSA and applicable law.

4. It appears to the Court on a preliminary basis that: (1) the Settlement Agreement is fair and reasonable to the Class Members when balanced against the possible outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) Settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement Agreement has been reached as the result of intensive, serious and non-collusive negotiations between the Settling Parties. Accordingly, the Court preliminarily finds that the Settlement Agreement was entered into in good faith.

5. The Classes, for purposes of the proposed Settlement only and with no other effect on this litigation or any other proceeding, are defined as follows:

All persons employed by PwC (a) who worked as Associates in the Attest Division of PwC's Assurance Line of Service at any time during the period of December 11, 2005 to April 5, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about April 5, 2010 notifying them that they are members of the FLSA Attest Associate class in the Consolidated Action that was conditionally certified on or around November 25, 2009, (e) who opted in to the nationwide class of Attest Associates following dissemination of class notice, (f) who did not subsequently withdraw from the class, and (g) who did not have all of their Attest Associate claims released as part of the settlement agreement in *Campbell v. PricewaterhouseCoopers LLP*, Case No. 2:06-CV-02376-TLN-AC.

All persons employed by PwC (a) who worked as Associates in the Disputes, Analysis and Investigations ("DAI") group of PwC's Advisory Line of Service at any time during the period of December 11, 2005 to June 15, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA DAI Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of DAI Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

All persons employed by PwC (a) who worked as Associates in the Tax Projects Delivery Group ("TPDG") group of PwC's Tax Line of Service at any time during the period of December 11, 2005 to July 9, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA TPDG Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of TPDG Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

All persons employed by PwC (a) who worked as Associates in the Threat and Vulnerability Management ("TVM") group of PwC's Advisory Line of Service at any time during the period of December 11, 2005 to June 15, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA TVM Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of TVM Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

6. Plaintiff Lac Anh Le is hereby appointed as Class Representative of the FLSA Attest Associate Class; Plaintiff Dana Blindbury is hereby appointed as Class Representative of the FLSA TPDG Associate Class; Plaintiff Jason Patterson is hereby appointed as Class Representative of the

FLSA TVM Associate Class; and Plaintiffs Lauren Barry San Mateo and Kelly Jones are hereby appointed as Class Representatives of the FLSA DAI Associate Class.

7. Peter A. Muhic and Monique Myatt Galloway from the firm Kessler Topaz Meltzer & Check LLP, William Baird from the firm Marlin & Saltzman LLP, and Edward Wynne from the firm Wynne Law Firm are hereby appointed as Class Counsel for the Settlement.

8. The Court hereby authorizes the retention of ILYM Group, Inc. as Settlement Administrator for the purpose of administering specific provisions of the Settlement Agreement.

9. The Court hereby approves the Notice to Class Members of Proposed Settlement of FLSA Associate Action ("Class Notice of Proposed Settlement"), attached to the Settlement Agreement as Exhibit A.  (ECF No. 394-3 at 33.)  The Court finds that the Class Notice of Proposed Settlement, along with the related notification procedure contemplated by the Settlement Agreement, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process.  The Court further finds that the Class Notice of Proposed Settlement appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement Agreement, of the Class Members' right to be excluded from the Settlement, and of each Class Member's right and opportunity to object to the Settlement.  Under the terms of the Settlement Agreement, the Class Notice of Proposed Settlement shall be mailed via first class mail to the last known address of each Class Member within the timeframe specified in the Settlement Agreement.

10. The Court hereby approves the proposed procedure for Class Member exclusion from the Settlement, which is to submit an Exclusion Letter to the Settlement Administrator postmarked no later than the Objection/Exclusion Deadline identified in the Class Notice of Proposed Settlement, no less than sixty (60) days from the postmark date of the Notice (or for a re-mailed Class Notice of Proposed Settlement, no later than fourteen (14) days from the postmark of the re-mailed Notice). Any Class Member who submits a valid and timely request for exclusion shall not be a Participating Class Member and shall not be bound by the Settlement.  Such Opt Outs shall be barred from participating in the Settlement, shall be barred from objecting to the Settlement and appearing or

being heard before the Court at the Final Approval Hearing, and shall receive no benefit from the Settlement.

11. The Court further orders that each Class Member who does not properly and timely submit an Exclusion Letter shall be given a full opportunity to object to the proposed Settlement and to participate in the Final Approval Hearing, which the Court sets to commence on August 25, 2016 at 2 p.m. in Courtroom 2 of the United States District Court, Eastern District of California. Any Class Member seeking to object to the proposed Settlement shall mail such written objection to the Court, postmarked no later than the Objection/Exclusion Deadline (or for re-mailed Class Notices of Proposed Settlement, no later than 14 days from the postmark of the re-mailed Notices), with copies contemporaneously mailed to: (a) ILYM Group, Inc.; (b) Class Counsel; and (c) Defendant's Counsel. In addition, any attorney who intends to represent a Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties no later than the Objection/Exclusion Deadline (or for re-mailed Class Notices of Proposed Settlement, no later than 14 days from the postmark of the re-mailed Notices). Any Class Member who fails to properly and timely file and serve such objection shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered by the Court.

12. The Court further orders that Class Counsel shall file motions for approval of the Fee Award, Expense Award and the Class Representative Service Award, with the appropriate declarations and supporting evidence, by August 5, 2016, to be heard at the same time as the motion for Final Approval of the Settlement.

13. The Court further orders that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, by August 5, 2016.

14. The Court further orders that, pending further order of this Court, all proceedings in this Consolidated Action except those contemplated herein and in the Settlement Agreement are stayed.

15. The Court further orders that to facilitate administration of this Settlement, all Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding Released Claims unless and until such Class Members have submitted valid and timely Exclusion Letters with the Settlement Administrator.

16. If for any reason the Court does not execute and file a Final Approval Order and Partial Judgment of Dismissal, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

17. Upon entry of this Order, the Parties shall proceed toward a hearing on Final Approval, consistent with the deadlines set forth in the Settlement Agreement.

18. The Court, on its own initiative or pursuant to stipulation or motion practice, may extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: June 2, 2016

_____
Troy L. Nunley
United States District Judge