UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | CASE NO. 2:08-CV-00965-TLN-AC<br><br>**ORDER GRANTING FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND FLSA SETTLEMENT CLASS; APPROVAL OF CLASS REPRESENTATIVE AWARDS AND AWARD OF ATTORNEYS' FEES AND EXPENSES; AND PARTIAL FINAL JUDGMENT OF DISMISSAL OF THE CONSOLIDATED ACTION** |

This matter came for hearing on August 25, 2016, on Plaintiffs' Unopposed Motion for Final Approval of Collective Action Settlement and FLSA Settlement Class on the terms set forth in the Settlement Agreement and Release, dated December 21, 2015, (the "Settlement Agreement")[1] and on Plaintiffs' Unopposed Motion for Class Representative Service Awards and Award of Attorneys' Fees and Expenses. (*See* ECF Nos. 398 & 399.) Due and adequate notice having been given to the Class Members and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments and objections received regarding the proposed Settlement, and having reviewed the record in this action, *Kress et al. v.*

---

[1] Unless otherwise defined herein, all capitalized undefined terms used in this Order will have the same meaning as ascribed to them in the Settlement Agreement.

*PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965 TLN-AC, and good cause appearing, finds that:

Plaintiff Lac Anh Le originally filed her class action complaint in the United States District Court, Northern District of California on October 26, 2007, captioned *Le v. PricewaterhouseCoopers LLP*, 2:07-cv-05476-MMC (N.D. Cal.), alleging violation by Defendant of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and state labor laws on behalf of herself and those similarly situated and Plaintiff Samuel Brandon Kress, along with Jeffery LaBerge and Willow Markham, originally filed suit in California Superior Court, Los Angeles County on January 18, 2008, alleging violation of state labor laws on behalf of themselves and those similarly situated.

The *Kress* case was removed by PricewaterhouseCoopers ("PwC" or "Defendant") to the United States District Court, Central District of California, and both the *Le* and *Kress* cases were subsequently transferred to the United States District Court, Eastern District of California.

On or about August 14, 2008, the separate *Le* and *Kress* cases were consolidated to form *Le/Kress et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC (the "Consolidated Action").

By Order dated November 25, 2009, the Court conditionally certified a nationwide collective under the Fair Labor Standards Act ("FLSA"), which is defined as all persons employed by PricewaterhouseCoopers LLP in the United States who, at any time during the period of December 11, 2005 to April 5, 2010: (a) worked as Associates in the Attest Division of PwC's Assurance Line of Service; (b) were not licensed as certified public accountants for some or all of the period they worked in this position; and (c) were classified as exempt employees while working in this position.

The parties stipulated to, and the Court ordered on June 2, 2010, the conditional certification of two separate nationwide collectives under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to June 15, 2010: (a) worked as Associates in the Disputes, Analysis and Investigations ("DAI") Group and/or the Threat and Vulnerability Management ("TVM") Group of PwC's Advisory line of service; (b) were not licensed as certified public accountants for some or all of the period they worked in these positions; and (c) were classified as exempt employees while working in these positions.

Additionally, the parties stipulated to, and the Court ordered on June 2, 2010, the conditional certification of a separate nationwide collective under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to July 9, 2010: (a) worked as Associates in the Tax Projects Delivery Group ("TPDG") of PwC's Tax line of service; (b) were not licensed as certified public accountants for some or all of the period they worked in this position; and (c) were classified as exempt employees while working in this position.

Kessler Topaz Meltzer & Check, LLP, Marlin & Saltzman LLP, and Wynne Law Firm serve as Class Counsel for the FLSA Settlement Class (comprising the four aforementioned collectives), and FLSA Plaintiffs Lac Anh Le, Dana Blindbury, Jason Patterson, Lauren Barry San Mateo, and Kelly Jones serve as Class Representatives.

On May 8, 2015, this Court granted final approval of the class action settlement of a related case involving hundreds of the similarly situated plaintiffs, *Campbell v. PricewaterhouseCoopers LLP*, No. Case No. 2:06-cv-02376-TLN-AC, which resulted in the dismissal with prejudice, and the release by the settlement of participants of all claims, whether under state or federal law, arising from their classification as exempt from overtime while working at PwC as an Attest Associate in California from October 27, 2002 through May 8, 2015.

Counsel for Plaintiffs and Defendant engaged in private mediation before mediator Mark S. Rudy on April 10, 2015, which resulted in a signed Memorandum of Understanding dated April 10, 2015, and the Settlement Agreement.

Resolution of the FLSA Associate Action, which is defined as the litigation of the claims brought by the FLSA Attest Associate Class, FLSA DAI Associate Class, FLSA TPDG Associate Class, and FLSA TVM Associate Class, was reached following mediator Marl S. Rudy's proposals.

The Class Representatives and Class Counsel believe that this case is meritorious and that FLSA conditional certification was and continues to be appropriate in connection with FLSA Settlement Class. PwC denies any liability and wrongdoing of any kind associated with the claims alleged in this Consolidated Action, and continues to deny that class treatment of the FLSA Attest Associate Class, FLSA DAI Associate Class, FLSA TPDG Associate Class and FLSA TVM Class is appropriate for any purpose other than this Settlement. PwC contends, among other things, that it has

complied at all times with all state labor codes (including the California Labor Code), Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq.* and specifically contends that its classification of any of its Associates as exempt employees was and continues to be a correct classification under the state labor codes (including California Labor Code) and FLSA.  PwC also asserts that Class Representative and Class Member claims in the FLSA Associate Action, which are based on work performed outside FLSA's two-year statute of limitations, are time-barred.  PwC is not reclassifying any of its Associates as non-exempt as a condition of the Settlement Agreement, or otherwise.

Class Counsel has conducted a thorough investigation into the facts of the FLSA Associate Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by Defendant to the claims of the FLSA Settlement Class and has diligently litigated the Class Members' claims against Defendant, and therefore Class Counsel has an appropriate basis to evaluate the value of this settlement.

Based on its investigation of the facts of the FLSA Associate Action, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendant, the legal landscape and numerous potential appellate issues.  The Settling Parties desire to compromise, fully settle their claims with finality, and agree to the Settlement of the FLSA Associate Action, has led them to enter into the Settlement Agreement.

The Court granted Preliminary Approval of the Settling Parties' Settlement Agreement on June 2, 2016 ("Preliminary Approval Order"), and Class Notice was mailed via U.S. First Class Mail to all Class Members in accordance with the Settlement Agreement and Preliminary Approval Order.

The Court conducted a fairness hearing on the proposed Settlement and hereby GRANTS Final Approval of the Settlement and dismisses only the FLSA Associate Action portion of the Consolidated Action captioned *Kress et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-CV-00965 TLN/AC, with prejudice.

//

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Settlement Agreement, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Consolidated Action, the Class Representatives, the Class Members, and PwC.

3. The Court hereby grants the Plaintiffs' Motion for Final Approval of the Settlement, enters Partial Final Judgment of Dismissal of the Consolidated Action, approves the Settlement Agreement as fair, reasonable, in the best interest of the Participating Class Members, and adequate in all respects to the Participating Class Members pursuant to FLSA and all applicable law, and orders the Settling Parties to consummate the Settlement in accordance with the terms of the Settlement Agreement.

4. As previously found in the Court's Preliminary Approval Order, the FLSA Settlement Class, for Settlement purposes only, satisfies the requirements for a collective action, which requirements are defined as follows:

> All persons employed by PwC (a) who worked as Associates in the Attest Division of PwC's Assurance Line of Service at any time during the period of December 11, 2005 to April 5, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about April 5, 2010 notifying them that they are members of the FLSA Attest Associate class in the Consolidated Action that was conditionally certified on or around November 25, 2009, (e) who opted in to the nationwide class of Attest Associates following dissemination of class notice, (f) who did not subsequently withdraw from the class, and (g) who did not have all of their Attest Associate claims released as part of the settlement agreement in *Campbell v. PricewaterhouseCoopers LLP*, Case No. 2:06-CV-02376-TLN-AC.

> All persons employed by PwC (a) who worked as Associates in the Disputes, Analysis and Investigations ("DAI") group of PwC's Advisory Line of Service at any time during the period of December 11, 2005 to June 15, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA DAI Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of DAI Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

All persons employed by PwC (a) who worked as Associates in the Tax Projects Delivery Group ("TPDG") group of PwC's Tax Line of Service at any time during the period of December 11, 2005 to July 9, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA TPDG Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of TPDG Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

All persons employed by PwC (a) who worked as Associates in the Threat and Vulnerability Management ("TVM") group of PwC's Advisory Line of Service at any time during the period of December 11, 2005 to June 15, 2010, (b) who were not licensed as certified public accountants for some or all of the time they worked in this position during that period, (c) who were classified as exempt employees while working in this position during that period, (d) who were sent class notice on or about August 27, 2010 notifying them that they are members of the FLSA TVM Associate class in the Consolidated Action that was conditionally certified on or around June 2, 2010, (e) who opted in to the nationwide class of TVM Associates following dissemination of class notice, and (f) who did not subsequently withdraw from the class.

5. In full compliance with the requirements of due process, on June 17, 2016, the Settlement Administrator mailed individualized Class Notice by first-class U.S. mail to each Class Member at the last known address based upon PwC's business records and Reasonable Address Verification Measures.

6. The Court has determined that the Class Notice provided to Class Members fully and accurately informed all persons in the FLSA Settlement Class of all material elements of the proposed Settlement—including the plan of distribution of the Gross Settlement Payment, the application for a Fee Award, the application for an Expense Award, the application for the Class Representative Service Award, the procedure to exclude themselves from the Settlement and become Opt Outs or to file an objection to the Settlement, and that participation in the Settlement releases all Class Released Claims as set forth more fully in the Settlement Agreement—constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with FLSA, the U.S. Constitution, and any other applicable laws. The following five (5) Class Members timely and properly excluded themselves from the Settlement: (1) Stuart Bracken; (2) Erica Joan Chace; and (3) Laura E. Hurd; (4) Jennifer Beverung; and (5) Andrei Shevchuck.

7. Due and adequate notice of the proceedings having been provided to Participating Class Members, and a full opportunity having been offered to them to participate in the Final Approval Hearing, it is hereby determined that they are bound by this Final Approval Order of the FLSA Associate Action and Partial Final Judgment of Dismissal of the Consolidated Action entered herein, including without limitation, the Class Released Claims.

8. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Gross Settlement Payment to Participating Class Members is approved as being fair, reasonable, and adequate pursuant to FLSA and all applicable law.

9. The Court approves the payment of the Fee Award and the Expense Award in the amount of $499.950.00 to Class Counsel in attorneys' fees and the amount of $184,251.30 for Class Counsel's actual out-of-pocket expenses incurred in the FLSA Associate Action, which shall be paid from, and not in addition to, the Gross Settlement Payment.

10. The Court approves a Class Representative Service Award of $10,000 to Class Representative Lac Anh Le and Class Representative Service Awards of $5,000 each to Class Representatives Dana Blindbury, Jason Patterson, Lauren Barry San Mateo, and Kelly Jones, which shall be paid from, and not in addition to, the Gross Settlement Payment.

11. The Court approves the payment of reasonable Administrative Costs to the Settlement Administrator ILYM Group, Inc. in an amount of $14,051.21.  Plaintiffs' share of the Administrative Costs shall be paid from, and not in addition to, the Gross Settlement Payment.  Defendant's share of the Administrative Costs shall be paid for by Defendant in addition to the Gross Settlement Payment only to the extent that the Total Opt Out Funds do not cover such costs.

12. The Court further dismisses only the FLSA Associate Action portion of this Consolidated Action with prejudice and without prevailing party costs.  Upon entry of this Final Approval Order of the FLSA Associate Action and Partial Final Judgment of Dismissal of the Consolidated Action, and by operation of this Final Approval Order and Partial Judgment of Dismissal, the Class Released Claims of each Participating Class Member against Defendant and against any and all of the Released Parties as defined in the Settlement Agreement are fully, finally and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement.

"Class Released Claims" means all claims of Class Members from December 11, 2005, through the date of Preliminary Approval of the Settlement, whether under state or federal law, and whether unasserted or asserted in this Consolidated Action or any action (including *Adamov v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 13-cv-01222-TLN-AC; *Campbell et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:06-cv-02376-TLN-AC; and *Commisso v. PricewaterhouseCoopers LLP*, New York State Supreme Court, New York County, Case No. 650273/2013) arising from classification of any Class Member as exempt from overtime while working at PwC, including but not limited to, claims (both legal and equitable) arising under the Fair Labor Standards Act, the California Labor Code, other state labor codes, and the California Business and Professions Code, and claims related to unpaid wages and overtime, interest, liquidated damages, attorneys' fees, and costs, subject only to the limitation set forth in the following sentence.  The Class Released Claims for the FLSA Associate Action do not include or release any claims arising from any Class Member's work at PwC in the position of Attest Senior Associate.

        13.     Upon entry of this Final Approval Order and Partial Final Judgment of Dismissal, and by operation of this Final Approval Order and Partial Final Judgment of Dismissal, the Class Representatives are permanently enjoined and forever barred from asserting any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind under local, state or federal law, which have been or could have been asserted against the Released Parties arising out of or relating to their employment by Defendant and termination thereof (as applicable) on or before June 2, 2016.  Any and all Class Representative claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs relating to or in any way connected with the matters referred to in the Settlement Agreement, whether or not known or suspected to exist and whether or not specifically or particularly described in the Settlement Agreement, are hereby fully, finally and forever released, relinquished and discharged.  The Class Representatives have expressly waived all the rights and benefits afforded by California Civil Code Section 1542.

14. This Final Approval Order and Partial Final Judgment of Dismissal resolves all pending claims against PwC in the FLSA Associate Action. Finding no just reason for delay, this Final Approval Order and Partial Final Judgment of Dismissal is hereby certified as final under Fed. R. Civ. P. 54(b).

15. Without further order of the Court, the Settling Parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order and Partial Final Judgment of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the Consolidated Action, the Class Representatives, the FLSA Settlement Class, and Defendant for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Order.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: September 1, 2016

Troy L. Nunley
United States District Judge