1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
   SAMUEL BRANDON KRESS, et al.,          CASE NO. 2:08-cv-00965-TLN-AC
12
                      Plaintiffs,          **ORDER GRANTING PRELIMINARY**
13                                         **APPROVAL OF**
                                           **CONSOLIDATED ACTION SETTLEMENT;**
14         v.                              **APPOINTMENT OF A SETTLEMENT**
                                           **ADMINISTRATOR; CLASS**
15   PRICEWATERHOUSECOOPERS LLP,           **REPRESENTATIVES; AND CLASS**
                                           **COUNSEL**
16                    Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

This matter is before the Court upon the Plaintiffs' Unopposed Motion for Preliminary Approval of the Proposed Settlement of this action on the terms set forth in the Settlement Agreement and Release attached hereto as Exhibit A, for the purpose of determining, among other things, whether the proposed Settlement Agreement and Release was within the range of possible approval and whether to proceed with Notice to the Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing. The Court having considered the Settlement Agreement and Release, all papers and proceedings held herein, having reviewed the record in this action, *Kress et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-CV-00965 TLN-AC ("Consolidated Action"), and good cause appearing, finds that:

WHEREAS, plaintiff Lac Anh Le originally filed her complaint in the United States District Court, Northern District of California on October 26, 2007, and plaintiff Samuel Brandon Kress originally filed his complaint, captioned *Kress v. PricewaterhouseCoopers LLP*, in California Superior Court, Los Angeles County on January 18, 2008; and

WHEREAS, the *Kress* case was removed by PwC to the United States District Court, Central District of California, and both the *Le* and *Kress* cases were subsequently transferred to the United States District Court, Eastern District of California; and

WHEREAS, on or about August 14, 2008, the separate *Le* and *Kress* cases were consolidated to form *Kress v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC; and

WHEREAS, by Order dated January 10, 2013, the Court certified a class action under the California Labor Code and the Federal Rules of Civil Procedure, Rule 23, which is defined as all persons employed by PricewaterhouseCoopers LLP ("PwC" or "Defendant") in California who, at any time during the period of October 27, 2003 to January 10, 2013: (a) worked as Senior Associates in the Attest Division of PwC's Assurance Line of Service, (b) were not licensed as certified public accountants ("CPAs") for some or all of the period they worked in this position, and (c) were classified as overtime exempt employees while working in this position; and

WHEREAS, Kessler Topaz Meltzer & Check LLP, Marlin & Saltzman LLP, Law Office of Steven Elster, and Wynne Law Firm serve as Class Counsel for the litigation class and Plaintiffs Samuel Brandon Kress and Jesse Kenny serve as Class Representatives for this class; and

WHEREAS, the Parties have engaged in private mediation before Mark S. Rudy on April 17, 2017, which process resulted in a signed Memorandum of Understanding, dated April 17, 2017, and the Settlement Agreement and Release, effective November 3, 2017; and

WHEREAS, a resolution of the claims in the Consolidated Action was reached following a mediator's proposal by Mark S. Rudy; and

WHEREAS, the Class Representatives, Other Named Plaintiffs (David Beadles and Willow Markham), and Class Counsel believe that this case is meritorious and that the certification of a class of Attest Senior Associates was and continues to be appropriate; and

WHEREAS, PwC denies any liability and wrongdoing of any kind associated with the claims alleged in the Consolidated Action, and continues to deny that the Consolidated Action is appropriate for class treatment for any purpose other than this Settlement; and

WHEREAS, PwC contends, among other things, that it has complied at all times with California law, including the California Labor Code and Industrial Welfare Commission Wage Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq.*, the federal Fair Labor Standards Act ("FLSA") and all other state labor codes, and specifically contends that its classification of any of its Associates and Senior Associates as exempt employees was and continues to be a correct classification under the Professional, Administrative and Executive Exemptions under California law, the FLSA, and all other state labor codes; and

WHEREAS, PwC is not reclassifying any of its Associates or Senior Associates as non-exempt as a condition of the Settlement Agreement and Release, or otherwise; and

WHEREAS, Class Counsel has conducted a thorough investigation into the facts of the Consolidated Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by Defendant to the claims of the class of Attest Senior Associates and has diligently litigated the Class Members' claims against Defendant, and therefore Class Counsel has an appropriate basis to evaluate the value of this settlement; and

WHEREAS, based on its investigation of the facts of the Consolidated Action, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement and Release is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendant, the legal landscape and numerous potential appellate issues; and

WHEREAS, the Parties desire to compromise and fully settle their claims with finality and agree to the Settlement of the Consolidated Action, and entered into the Settlement Agreement and Release effective November 3, 2017, setting forth the terms of the Settlement of the Consolidated Action,

NOW, therefore, the Court grants Preliminary Approval of the Parties' Settlement Agreement and Release in this Consolidated Action, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      To the extent defined in the Settlement Agreement and Release, attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2.      The Court has jurisdiction over the subject matter of this Consolidated Action, including the Named Plaintiffs, the Class Members, and PwC.

3.      The Court hereby grants Preliminary Approval of the terms and conditions contained in the Settlement Agreement and Release.  The Court preliminarily finds that the terms of the Settlement Agreement and Release appear to be within the range of possible approval, pursuant to California and federal law.

4.      It appears to the Court on a preliminary basis that:  (1) the Settlement Agreement and Release is fair and reasonable to the Class Members when balanced against the possible outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) Settlement at this time will avoid substantial costs, delay and risks that would be presented by the further

prosecution of the litigation; and (4) the proposed Settlement Agreement and Release has been reached as the result of intensive, serious and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement Agreement and Release was entered into in good faith.

5.     The Attest Senior Associate Class is defined as follows:

> All former and current persons employed by PwC (a) who worked as Senior Associates in the Attest Division of PwC's Assurance line of service in California at any time during the period of October 27, 2003 to January 10, 2013, (b) who were not licensed as certified public accountants ("CPAs") for some or all of the time they worked in this position during that period, (c) who were classified as overtime exempt employees while working in this position during that period, (d) who were sent the class notice on or about August 22, 2014 notifying them that they are members of the Attest Senior Associate class in *Kress, et al. v. PricewaterhouseCoopers LLP* that was certified on January 10, 2013, and (e) who did not opt out of the certified class following dissemination of the class notice.

6.     Plaintiffs Samuel Brandon Kress and Jesse Kenny are hereby appointed as Class Representatives of the Attest Senior Associate Class.

7.     Peter Muhic from the firm Kessler Topaz Meltzer & Check LLP, William Baird from the firm Marlin & Saltzman LLP, Steven Elster from the Law Office of Steven Elster, and Edward Wynne from the firm Wynne Law Firm are hereby appointed as Class Counsel for the Settlement.

8.     The Court hereby authorizes the retention of ILYM Group, Inc. as Settlement Administrator for the purpose of implementing certain provisions of the Settlement Agreement and Release.

9.     The Court hereby approves the Notice to Class Members of Proposed Settlement of the Consolidated Action ("Class Notice of Proposed Settlement"), attached to the Settlement Agreement and Release as Exhibit A.  The Court finds that the Class Notice of Proposed Settlement, along with the related notification procedure contemplated by the Settlement Agreement and Release, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process.  The Court further finds that the Class Notice of Proposed Settlement appears to fully and accurately inform the Attest Senior Associate Class Members of all material elements of the proposed Settlement Agreement and Release, of the Class Members' right to be excluded from the Settlement, and of each Class Member's right and

opportunity to object to the Settlement. Under the terms of the Settlement Agreement and Release, the Class Notice of Proposed Settlement shall be mailed via first class mail to the last known address of each Class Member within the timeframe specified in the Settlement Agreement and Release.

10. The Court hereby approves the proposed procedure for Class Member exclusion from the Settlement, which is to submit an Exclusion Letter to the Settlement Administrator no later than the Objection/Exclusion Deadline identified in the Class Notice of Proposed Settlement, no less than thirty (30) days from the postmark date of the Notice (or for a re-mailed Class Notice of Proposed Settlement, no later than fourteen (14) days from the postmark of the re-mailed Notice). Any Class Member who submits a valid and timely request for exclusion shall not be a Participating Class Member and shall not be bound by the Settlement. Such Opt Outs shall be barred from participating in the Settlement, shall be barred from objecting to the Settlement and appearing or being heard before the Court at the Final Approval hearing, and shall receive no benefit from the Settlement.

11. The Court further orders that each Class Member who does not properly and timely submit an Exclusion Letter shall be given a full opportunity to object to the proposed Settlement and to participate in the Final Approval hearing, which the Court sets to commence on **April 19, 2018**, at 2 PM in Courtroom 2 of the United States District Court, Eastern District of California. Any Class Member seeking to object to the proposed Settlement shall file such objection in writing with the Court and shall serve such objection on: (a) Kress v. PwC, c/o ILYM Group, Inc.; (b) Class Counsel; and (c) Defendant's Counsel no later than the Objection/Exclusion Deadline in the Class Notice of Proposed Settlement (or for re-mailed Class Notices of Proposed Settlement, no later than 14 days from the postmark of the re-mailed Notices). In addition, any attorney who intends to represent a Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties no later than the Objection/Exclusion Deadline in the Class Notice of Proposed Settlement (or for re-mailed Class Notices of Proposed Settlement, no later than 14 days from the postmark of the re-mailed Notices). Any Class Member who fails to properly and timely file and serve such objection shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered by the Court.

12.     The Court further orders that Class Counsel shall file motions for approval of the Fee Award, Expense Award, the Class Representative Service Awards, the Other Named Plaintiffs Settlement Awards, with the appropriate declarations and supporting evidence, properly filed and noticed in accordance with the Local Rules to be heard at the same time as the motion for Final Approval of the Settlement.

13.     The Court further orders that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, properly filed and noticed in accordance with the Local Rules to be heard by April 19, 2018.

14.     The Court further orders that, pending further order of this Court, all proceedings in this Consolidated Action except those contemplated herein and in the Settlement Agreement and Release are stayed.

15.     The Court further orders that to facilitate administration of this Settlement, all Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such Class Members have submitted valid and timely Exclusion Letters with the Settlement Administrator.

16.     If the Court executes and files a Final Approval Order of the Consolidated Action and Final Judgment of Dismissal ("Final Approval Order"), Participating Class Members and their successors shall conclusively be deemed to have given a release, as set forth in the Settlement Agreement and Release, against the Released Parties, and all Participating Class Members and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the Class Released Claims.

17.     If the Court executes and files a Final Approval Order, Class Representatives, Other Named Plaintiffs, and their successors shall conclusively be deemed to have given a General Release, as set forth in the Settlement Agreement and Release, against the Released Parties, and shall be permanently enjoined and forever barred from asserting any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind under local, state or federal law, which have been or

could have been asserted against the Released Parties arising out of or relating to their employment by Defendant and termination thereof (as applicable) on or before the date of the Final Approval Order.

18.     If for any reason the Court does not execute and enter a Final Approval Order, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

19.     Upon entry of this Order, the Parties shall proceed toward a hearing on final approval, consistent with the deadlines set forth in the Settlement Agreement and Release.

20.     The Court, on its own initiative or pursuant to stipulation or motion practice, may extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: January 4, 2018

Troy L. Nunley
United States District Judge

## SETTLEMENT AGREEMENT AND RELEASE
### *Kress et al. v. PricewaterhouseCoopers LLP,*
**United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC**

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into, and shall be effective, as of the 3rd day of November, 2017, by and between Samuel Brandon Kress and Jesse Kenny ("Class Representatives"), on behalf of themselves and the Attest Senior Associate Class, David Beadles and Willow Markham ("Other Named Plaintiffs") (collectively "Plaintiffs"), and Defendant PricewaterhouseCoopers LLP ("PwC" or "Defendant") (collectively the "Settling Parties"), subject to the terms and conditions hereof and the Court's approval.

WHEREAS, plaintiff Lac Anh Le originally filed her class action complaint in the United States District Court for the Northern District of California on October 26, 2007, captioned as *Le v. PricewaterhouseCoopers LLP*, 2:07-cv-05476-MMC (N.D. Cal.) (the "*Le* Action"); and

WHEREAS, on January 18, 2008, plaintiff Samuel Brandon Kress, along with Jeffery LaBerge and Willow Markham filed suit in the Superior Court for the State of California, Los Angeles County against PwC for violation of California labor laws on behalf of themselves and all persons similarly situated in the State of California (the "*Kress* Action"); and

WHEREAS, the *Kress* Action was removed by PwC to the United States District Court for the Central District of California, and both the *Le* Action and *Kress* Action were subsequently transferred to the United States District Court for the Eastern District of California (the "Court"); and

WHEREAS, on August 14, 2008, the *Le* Action and *Kress* Action were consolidated to form *Kress et al. v. PricewaterhouseCoopers LLP*, United States District Court for the Eastern District of California, Case No. 2:08-cv-00965-TLN-AC (the "Consolidated Action"); and

WHEREAS, on or about September 18, 2008, Plaintiffs in the Consolidated Action filed a Consolidated Class/Collective Action Complaint; an Amended Consolidated Class/Collective Action Complaint on December 24, 2008; and a Second Amended Consolidated Class/Collective Action Complaint on March 23, 2011; and

WHEREAS, the Second Amended Consolidated Class/Collective Action Complaint alleges, *inter alia*, that "Plaintiffs bring this suit on behalf of the following similarly situated persons: All current and former Uncertified Associates who work(ed) for Defendant and are/were engaged in, or are/were training to be engaged in, providing Client Services and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ('Nationwide Collective Class')"; and

WHEREAS, the Second Amended Consolidated Class/Collective Action Complaint also alleges, *inter alia*, that "Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of: All current and former Uncertified Associates of Defendant, excluding non-senior associates in the Assurance line of service, in the State of California within four years prior to the filing of this action, up to and including the time this action is certified as a class action, and are engaged in providing Client Services ('CA Class')"; and

WHEREAS, on November 25, 2009, the Court conditionally certified a nationwide collective class action under the FLSA, which is defined as all persons employed by PwC in the United States who, at any time during the period of December 11, 2005 to April 5, 2010: (a) worked as Associates

EXHIBIT 1
Page 16

in the Attest Division of PwC's Assurance Line of Service, (b) were not licensed as certified public accountants ("CPA") during some or all of the period they worked in this position, and (c) were classified as exempt employees while working in this position; and

WHEREAS, the Settling Parties stipulated to, and the Court ordered on June 2, 2010, the conditional certification of an additional nationwide collective class under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to June 15, 2010: (a) worked as Associates in the Disputes, Analysis and Investigations ("DAI") Group and/or the Threat and Vulnerability Management ("TVM") Group of PwC's Advisory line of service, (b) were not licensed as CPAs during some or all of the period they worked in these positions, and (c) were classified as exempt employees while working in these positions; and

WHEREAS, the Settling Parties further stipulated to, and the Court ordered on June 2, 2010, the conditional certification of an additional nationwide collective class under FLSA, which is defined as all persons employed by PwC in the United States, who, at any time during the period of December 11, 2005 to July 9, 2010: (a) worked as Associates in the Tax Projects Delivery Group ("TPDG") of PwC's Tax line of service, (b) were not licensed as CPAs during some or all of the period they worked in this position, and (c) were classified as exempt employees while working in this position; and

WHEREAS, on January 10, 2013, the Court granted Plaintiffs' motion under Federal Rule of Civil Procedure 23 to certify a California class of "[a]ll current and former individuals employed by [PwC] … in the State of California as Senior Associates in the Assurance line of service at any point from October 27, 2003, through the time this action is certified as a class action [*i.e.,* January 10, 2013], … who were not [CPAs] and who engaged in providing audit services to PwC's clients [(the 'Attest Senior Associates')];" and

WHEREAS, on April 10, 2015, the Parties engaged in private arms-length mediation before Mark S. Rudy ("Mediator"), which ultimately resulted in a settlement of the four FLSA Associate classes for $1.5 million; and

WHEREAS, on September 1, 2016, the Court granted Final Approval of Collective Action Settlement and FLSA Settlement Class and Partial Final Judgment of Dismissal of the Consolidated Action; and

WHEREAS, on April 17, 2017, after nine-plus years of protracted litigation, the Settling Parties again engaged in private arms-length mediation before the Mediator, which resulted in a signed Memorandum of Understanding dated April 17, 2017, and this Settlement Agreement; and

WHEREAS, Class Counsel has conducted a lengthy and thorough investigation of Plaintiffs' Attest Senior Associate claims and Tax Associate and Senior Associate claims against PwC as well as the impact of this Settlement Agreement on the Class Representatives, Class Members, and Other Named Plaintiffs. Based on an analysis of the aforementioned evidence and the totality of the circumstances, including the difficulty of maintaining certification of this class action, the cost, length, and difficulty of these proceedings, the uncertainty of the outcome, and significant additional expenses and delay associated with continued litigation in preparation for motions relating to de-certification, the Class Representatives, Other Named Plaintiffs, and Class Counsel believe that settlement with PwC on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Class Representatives, Class Members, and Other Named Plaintiffs; and

EXHIBIT 1
Page 17

WHEREAS, Plaintiffs and Class Counsel believe that the remaining claims asserted in the Consolidated Action have merit; class certification was and continues to be appropriate; and evidence developed to date support such claims; and

WHEREAS, PwC denies any liability and wrongdoing of any kind associated with the claims alleged in this Consolidated Action, and continues to deny that class treatment is appropriate for any purpose other than this Settlement; and

WHEREAS, PwC contends, among other things, that it has complied at all times with all state labor codes (including the California Labor Code), Fair Labor Standards Act, Industrial Welfare Commission Wage Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq*. and specifically contends that its classification of any of its Associates or Senior Associates as exempt employees was and continues to be a correct classification under the state labor codes (including California Labor Code) and the Fair Labor Standards Act; and

WHEREAS, PwC is not reclassifying any of its Associates or Senior Associates, as non-exempt as a condition of this Settlement, or otherwise; and

WHEREAS, Class Counsel has conducted a thorough investigation into the facts of the Consolidated Action, is knowledgeable about and has done extensive research with respect to the applicable law and the defenses asserted by PwC to the claims of the Class and has diligently litigated the Class Members' claims against PwC, and therefore Class Counsel has an appropriate basis to evaluate the value of this Settlement; and based on the foregoing data, Class Counsel is of the opinion that the Settlement with PwC for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by PwC, the legal landscape and numerous potential appellate issues; and

WHEREAS, the Settling Parties desire to compromise any monetary claims and fully settle their claims with finality and agree to the Settlement of the Consolidated Action, subject to Court approval, under the following terms and conditions, the undersigned agree as follows:

## A.    DEFINITIONS

As used in this Settlement Agreement, the defined terms herein will have the following meanings set forth below. Additionally, for purposes of this agreement, the terms "collective" and "class" shall have the same meaning:

1.    "Administrative Costs" means the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Settlement.

2.    "Approximate Settlement Payment" means the approximate payment that each Class Member could recover in the event of Court approval of the proposed Settlement, which amount is set forth in the Class Notice for each of the Class Members.

3.    "Attest Senior Associate Class" is defined for this Settlement as all individuals employed by PwC, including Class Representatives, who: (a) worked in the State of California as Senior Associates in the Attest Division of PwC's Assurance Line of Service at any time during the period of October 27, 2003 to January 10, 2013; (b) were not licensed as Certified Public Accountants for some or all of the time they worked in this position during that period; (c) were classified as

EXHIBIT 1
Page 18

exempt employees while working in this position during that period; (d) were sent class notice in August 2014 notifying them that they are members of the Attest Senior Associate certified class in this Consolidated Action; and (e) did not validly or timely exclude themselves from the Consolidated Action following dissemination of the August 2014 class notice. PwC has prepared a list of 1,940 individuals whom it believes meet this definition, which it has shared with Class Counsel. PwC certifies, and Class Counsel, does not contest, that the list identifies those individuals who should be bound by this Settlement absent submission of an Exclusion Letter by the Objection/Exclusion Deadline. The Settling Parties agree that the Attest Senior Associate Class is comprised of these 1,940 individuals, whose names will be provided to the Settlement Administrator pursuant to paragraph 88.

4. "Class" means the aggregate group of Class Members, as defined herein.

5. "Class Counsel" means Plaintiffs' counsel, Kessler Topaz Meltzer & Check LLP, Marlin & Saltzman LLP, Wynne Law Firm, and Steven S. Elster.

6. "Class Member" means any individual that meets the definition of the Attest Senior Associate Class.

7. "Class Members' Administrative Costs" means Class Members' share of the Administrative Costs, which is 50% of the total Administrative Costs.

8. "Class Member Work Week Percentage Share" means each Class Member's Individual Work Weeks, worked at PwC as an unlicensed Attest Senior Associate during the Recovery Period, divided by the Total Class Member Work Weeks.

9. "Class Member List" means the list containing the name, social security number, last known home address (as reflected in PwC's records), personal telephone numbers (where available in PwC's records), and Work Weeks for each Class Member that will be provided to the Settlement Administrator pursuant to paragraph 88. Defendant has reviewed the Individual Work Weeks that will be provided to the Settlement Administrator and represents that the Individual Work Weeks are based on the records it maintains in the ordinary course of its business.

10. "Class Notice" means the "Notice to Class Members of Proposed Settlement" (and enclosed forms), which will be submitted to the Court for review and approval, substantially in the form attached hereto as **Exhibit A**.

11. "Class Released Claims" means all claims of Class Members from October 27, 2003 through the date of Final Approval of the Settlement, whether under state or federal law, and whether unasserted or asserted in this Consolidated Action or any action (including *Adamov v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 13-cv-01222-TLN-AC; *Campbell et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:06-cv-02376-TLN-AC; and *Commisso v. PricewaterhouseCoopers LLP*, New York State Supreme Court, New York County, Case No. 650273/2013) arising from classification of any Class Member as exempt from overtime while working at PwC, including but not limited to, claims (both legal and equitable) arising under the Fair Labor Standards Act, the California Labor Code (including any claims that could have been brought under the Private Attorney General Act ("PAGA") by Class Members but excluding any PAGA claims brought by non-Class Members, or the State of California on behalf of the non-Class Members, based on alleged Labor Code violations), other state labor codes, and the California Business and

EXHIBIT 1
Page 19

Professions Code, and claims related to unpaid wages and overtime, interest, penalties, liquidated damages, attorneys' fees, and costs.

12.     "Class Representatives" means Samuel Brandon Kress and Jesse Kenny.

13.     "Class Representative Service Awards" means the additional sum, as authorized by the Court, paid to each of the Class Representatives, as defined herein, in recognition of their role in the advancement of the Consolidated Action.

14.     "Consolidated Action" means the Consolidated Class/Collective Action captioned as *Kress v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC.

15.     "Court" means the United States District Court, Eastern District of California.

16.     "Defendant" or "PwC" means PricewaterhouseCoopers LLP, and its current, former, and further affiliates, including, without limitations, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives, in their individual or corporate capacities.

17.     "Defendant's Administrative Costs" means PwC's share of the Administrative Costs, which is 50% of the total Administrative Costs.

18.     "Defendant's Counsel" means the law firms Gibson, Dunn & Crutcher LLP and Orrick, Herrington & Sutcliffe LLP.

19.     "Estimated Net Settlement Proceeds" means the Gross Settlement Payment less the following: (a) the out-of-pocket litigation expenses for which Class Counsel seeks reimbursement in its application for expenses; (b) the fees requested by Class Counsel in its application for fees; (c) the additional payments sought by the Class Representatives in their application for the Class Representative Service Awards; (d) the payments sought by the Other Named Plaintiffs in their application for the Other Named Plaintiff Settlement Awards; and (e) the estimate of Class Members' Administrative Costs.

20.     "Exclusion Letter" means a letter submitted by a Class Member to the Settlement Administrator and postmarked by the Objection/Exclusion Deadline that includes the Class Member's name, address and signature and the following statement: "I request to be excluded from the class action proceedings taking place in the matter of *Kress v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-cv-00965-TLN-AC," or something substantially similar thereto.

21.     "Expense Award" means such award of expenses authorized by the Court to be paid to Class Counsel for reimbursement of out-of-pocket expenses incurred representing the Attest Senior Associate Class and the Class Representatives in the Consolidated Action.

22.     "Fee Award" means such award of fees authorized by the Court to be paid to Class Counsel for services that they and any other counsel that has represented the Attest Senior Associate Class and the Class Representatives in the Consolidated Action performed.

23.    "Final Approval" means the date that the Final Approval Order and Final Judgment of Dismissal have been entered by the Court.

24.    "Final Approval Hearing" means a hearing set by the Court to take place at the Court's convenience, but at least fifteen (15) calendar days after the Objection/Exclusion Deadline, as defined herein.

25.    "Final Approval Order and Final Judgment of Dismissal" means the Order Granting Final Approval of the Consolidated Action Settlement and Final Judgment of Dismissal with Prejudice of the Consolidated Action, in substantially the form as **Exhibit B**, attached hereto, which shall be submitted with the motion for Final Approval.

26.    "Final Settlement Pool" means the amount of the Net Settlement Proceeds reduced by any Total Opt Out Funds that are used to pay Defendant's Administrative Costs to the Settlement Administrator, reduced by the funds necessary to make Minimum Settlement Payments to Participating Class Members, and increased by any interest generated by the Gross Settlement Payment while being held by the Settlement Administrator until seven days prior to the Payment Date.

27.    "Gross Settlement Payment" means the amount of Nine Hundred Thousand U.S. Dollars and No Cents ($900,000.00) that PwC shall provide to the Settlement Administrator for distribution pursuant to the terms of this Settlement Agreement.  The Gross Settlement Payment is inclusive of all litigation and Court costs, Fee Award, Expense Award, all payments to the Class, Class Members, and Class Representatives, including Class Representative Service Awards, Other Named Plaintiffs, including Other Named Plaintiff Settlement Awards, and Class Members' Administrative Costs

28.    "Individual Work Weeks" means the number of work weeks (a work period within a seven-day week or any fraction thereof) worked at PwC by a Class Member as an unlicensed Attest Senior Associate in California during the Recovery Period, exclusive of leaves of absence (if known), as reflected by PwC's business records.

29.    "Individual Settlement Payment(s)" means the portion of the Final Settlement Pool distributable to each Participating Class Member.

30.    "Mediator" means Mark S. Rudy.

31.    "Memorandum of Understanding" means the Memorandum of Understanding signed by counsel for Defendant and Class Counsel on April 17, 2017 in this Consolidated Action.

32.    "Minimum Settlement Payment" shall mean the minimum amount of $25 that each Settlement Class Member will be entitled to under this Settlement Agreement and Release, subject to Tax Withholdings.  To the extent that the final Individual Settlement Payment for any Settlement Class Member is less than $25, funds will be deducted from the Net Settlement Proceeds in order to make the minimum payments authorized by this Settlement.

33.    "Net Settlement Proceeds" means the Gross Settlement Payment less the Expense Award, the Fee Award, the Class Representative Service Awards, the Other Named Plaintiff Settlement Awards, and Class Members' Administrative Costs.

34.     "Net Settlement Proceeds Excluding Minimum Payments to Settlement Class Members" means Net Settlement Proceeds reduced by the sum of Minimum Settlement Payments to the Settlement Class Members.

35.     "Objection/Exclusion Deadline" means the date set forth in the Class Notice as the last date by which objections to or requests for exclusion from this Settlement must be postmarked and returned to the Settlement Administrator by Class Members.  The Objection/Exclusion Deadline will be no fewer than thirty (30) days from the date the original Class Notices are postmarked.  With respect to re-mailed Class Notices (in instances where there was a delivery issue as to the original mailed Class Notice), each Class Member will be afforded a period of up to fourteen (14) days from the date the re-mailed Class Notice is postmarked within which to submit an Exclusion Letter or file an objection to the proposed Settlement.

36.     "Opt Out(s)" means Class Member(s) who properly submit an Exclusion Letter by the Objection/Exclusion Deadline.

37.     "Other Named Plaintiffs" means David Beadles and Willow Markham.

38.     "Other Named Plaintiff Settlement Awards" means the sum, as authorized by the Court, paid to each of the Other Named Plaintiffs, as defined herein, in recognition of their role in the Consolidated Action.

39.     "Participating Class Members" means those Class Members who do not properly and timely submit an Exclusion Letter in connection with the opt-out procedures described herein and in their Class Notice.

40.     "Participating Class Member Work Week Percentage Share" means each Participating Class Member's Individual Work Weeks during the Recovery Period divided by the Total Participating Class Member Work Weeks.

41.     "Payment Date" means either (a) thirty-five (35) days after entry of the Final Approval Order and Final Judgment of Dismissal where no timely appeal or request for review is filed, or (b) five (5) days after the completion of any Review Proceeding, as defined herein.

42.     "Payroll Taxes" means PwC's portion of FICA, FUTA, and all other state and federal payroll taxes.

43.     "Preliminary Approval" means that the Court has entered an order in substantially the form attached hereto as **Exhibit C**, preliminarily approving the terms and conditions of this Settlement Agreement, including the manner of providing notice to Class Members.

44.     "Reasonable Address Verification Measure" means the utilization of the National Change of Address database maintained by the United States Postal Service to review the accuracy of and, if possible, to update, a last known address.

45.     "Recovery Period" means, for the purpose of this Settlement only, the period from October 27, 2003 through the date of Preliminary Approval.

46.     "Released Parties" means Defendant PricewaterhouseCoopers LLP, its past or present successors and predecessors in interest, subsidiaries, affiliates, parents, officers, directors, partners,

EXHIBIT 1
Page 22

employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, parents and attorneys.

47. "Review Proceeding" means a timely appeal, motion for reconsideration, motion for rehearing, petition for writ of certiorari or other writ of the Final Approval Order and Final Judgment of Dismissal.

48. "Settlement" means the terms and conditions set forth in this Settlement Agreement.

49. "Settlement Administrator" means ILYM Group, Inc.

50. "Settling Parties" means Class Representatives (on behalf of themselves and the Attest Senior Associate Class), Other Named Plaintiffs, and PwC, collectively.

51. "Tax Withholdings" means each Participating Class Member's portion of FICA, FUTA and all other applicable state and federal payroll taxes.

52. "Total Class Member Work Weeks" means the sum of all Individual Work Weeks for all Class Members.

53. "Total Opt Out Funds" means the sum of Individual Settlement Payments that would have been allocated to Opt Out(s) had such former Class Member(s) remained in the Consolidated Action and participated in the Settlement.

54. "Total Participating Class Member Work Weeks" means the sum of all Individual Work Weeks for all Participating Class Members.

55. "Updated Address" means a last known address that was updated via a Reasonable Address Verification Measure, via an updated mailing address provided by the United States Postal Service, Class Counsel, a Class Member, social security number skip trace, or any other verifiable source.

## B.     CONSIDERATION

**Payment by PwC to the Settlement Administrator for the Benefit of Participating Class Members, Class Representatives, Other Named Plaintiffs, and Class Counsel**

56. As consideration to the Class Members, Class Representatives, and Other Named Plaintiffs for the Settlement and dismissal with prejudice of this Consolidated Action, and the release by all Participating Class Members concerning the Class Released Claims, PwC will make the Gross Settlement Payment of Nine Hundred Thousand U.S. Dollars and No Cents ($900,000.00). Within fourteen (14) calendar days after entry of the order granting Preliminary Approval of the Settlement, the Settlement Administrator shall timely provide PwC with a taxpayer identification number for the qualified settlement fund established for this Settlement to enable PwC to make its payment.

57. Within twenty-eight (28) calendar days after entry of the order granting Preliminary Approval of the Settlement, payment shall be provided by PwC to the Settlement Administrator for distribution to the Participating Class Members pursuant to this Settlement. Nothing in this Settlement Agreement shall obligate PwC to make any payment or bear any expense above or in addition to this $900,000.00 Gross Settlement Payment with the exception of Defendant's

Administrative Costs (to the extent not covered by the Total Opt Out Funds) and Defendant's Payroll Taxes arising from this Settlement.

58.     PwC agrees not to dispute that the amount of the Gross Settlement Payment is fair, reasonable, and adequate.

## Release by Participating Class Members

59.     As consideration to PwC for the settlement of the Consolidated Action, including the Gross Settlement Payment, the Class Representatives on behalf of themselves and the other Participating Class Members consent to (a) the dismissal of all claims in the Consolidated Action with prejudice, and (b) the full, final and forever release of the Class Released Claims, as provided for in the Final Approval Order and Final Judgment of Dismissal in the form of **Exhibit B.**

60.     Even if the Participating Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Class Released Claims, each Participating Class Member shall be deemed to have fully, finally, and forever settled and released any and all of the Class Released Claims in connection with the Consolidated Action, as provided for in the Final Approval Order and Final Judgment of Dismissal in the form of **Exhibit B**.

## Release of Additional Claims and Rights by Class Representatives to PwC

61.     As a condition of receiving any portion of their Class Representative Service Award, the Class Representatives agree to the following General Release and Civil Code Section 1542 waiver: the Class Representatives hereby fully release the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind under local, state or federal law, which have been or could have been asserted against the Released Parties arising out of or relating to their employment by Defendant and termination thereof (as applicable) on or before Preliminary Approval of this Settlement.  Class Representatives agree not to object to the Settlement, request exclusion from the Settlement or otherwise oppose Preliminary Approval or Final Approval of the Settlement.  Any such objection, request for exclusion, or opposition shall therefore be void and of no force or effect.

62.     This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein.  Plaintiffs expressly waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

EXHIBIT 1
Page 24

**Release of Claims and Rights by Other Named Plaintiffs to PwC**

63.     As a condition of receiving any portion of their Other Named Plaintiff Settlement Awards, the Other Named Plaintiffs agree to the following General Release and Civil Code Section 1542 waiver: the Other Named Plaintiffs hereby fully release the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind under local, state or federal law, which have been or could have been asserted against the Released Parties arising out of or relating to their employment by Defendant and termination thereof (as applicable) on or before Preliminary Approval of this Settlement. The Other Named Plaintiffs agree not to object to the Settlement, request exclusion from the Settlement or otherwise oppose Preliminary Approval or Final Approval of the Settlement. Any such objection, request for exclusion, or opposition shall therefore be void and of no force or effect.

64.     This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Plaintiffs expressly waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**Release of Claims for Fees and Expenses**

65.     Payment of the Fee Award and Expense Award to Class Counsel shall constitute full satisfaction of any obligation of any of the Settling Parties to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Consolidated Action incurred by any attorney on behalf of the Class Representatives, the Class, and/or Other Named Plaintiffs. Other than the payment of the Fee Award and Expense Award to Class Counsel, each of the Settling Parties will bear its own attorneys' fees, expenses and costs and each of the Settling Parties release the other Settling Parties from any claims for recovery of attorneys' fees, expenses and costs. To the extent counsel other than Class Counsel have represented Plaintiffs in the Consolidated Action, Class Counsel is fully and solely responsible for payment of any fees and expenses due such counsel. Upon Final Approval, Class Counsel, the Class Representatives, the Class, and the Other Named Plaintiffs will be deemed to have released PwC from any and all claims for fees and costs arising from the Consolidated Action, as provided for in the Final Approval Order and Final Judgment of Dismissal in the form of **Exhibit B**.

**Gross Settlement Payment**

66.     The Gross Settlement Payment will be used initially to pay: (1) the Expense Award; (2) the Fee Award; (3) the Class Representative Service Awards; (4) the Other Named Plaintiff Settlement Awards; and (5) Class Members' Administrative Costs. The funds that remain after these payments are deducted from the Gross Settlement Payment will constitute the Net Settlement Proceeds, which will be distributed to the Class Members *pro rata* as described herein. No portion of the Gross Settlement Payment shall revert to PwC.

(a) **Expense Award**: The Expense Award will be deducted from the Gross Settlement Payment. Class Counsel shall submit an application for expenses in the form required by law setting forth all out-of-pocket litigation expenses (not including payment of any legal fees) relating to counsel's representation of the Class Members in the Consolidated Action for which reimbursement is sought. The Expense Award is currently projected not to exceed $20,000. The amount of the Expense Award shall be set by the Court after providing the Class Members with the opportunity to submit objections, if any, to the application for expenses. PwC agrees that it will not oppose any reasonable petition for an Expense Award submitted by Class Counsel.

(b) **Fee Award**: The Fee Award will be deducted from the Gross Settlement Payment. Class Counsel shall submit an application in the form required by law for their attorneys' fees incurred in connection with their representation of the Class Members in the Consolidated Action. Class Counsel agrees that the amount of fees requested will not exceed 33⅓% of the Gross Settlement Payment. PwC agrees not to oppose Class Counsel's application for such fees up to 33⅓% of the Gross Settlement Payment. The amount of the Fee Award shall be set by the Court after providing the Class Members with the opportunity to submit objections, if any, to the fee application.

(c) **Class Representative Service Awards:** The Class Representative Service Awards will be paid from the Gross Settlement Payment. Class Counsel will submit an application seeking an additional payment as a Class Representative Service Award of $12,500 for each of Samuel Brandon Kress and Jesse Kenny, in addition to the amount they will each receive as an Individual Settlement Payment. PwC will not dispute the reasonableness of Class Counsel's request for the Class Representative Service Awards in the amounts stated above. The Class Representative Service Awards shall not be subject to required withholdings and deductions by the Settlement Administrator, thus the net amount per award will be equal to the gross amount per award. An IRS Form 1099 will be issued to each Class Representative in connection with his or her Class Representative Service Award by the Settlement Administrator. Each Class Representative agrees to hold PwC harmless for any taxes due and owing by the Class Representative for payment of the Class Representative Service Awards.

67. **Other Named Plaintiff Settlement Awards**: The Other Named Plaintiff Settlement Awards will be paid from the Gross Settlement Payment. Class Counsel will submit an application seeking a payment as an Other Named Plaintiff Settlement Award of $2,500 each for David Beadles and Willow Markham. PwC will not dispute the reasonableness of Class Counsel's request for the Other Named Plaintiff Settlement Awards in the amounts stated above. The Other Named Plaintiff Settlement Awards shall not be subject to required withholdings and deductions by the Settlement Administrator, thus the net amount per award will be equal to the gross amount per award. An IRS Form 1099 will be issued to each Other Named Plaintiff in connection with his or her Other Named Plaintiff Award by the Settlement Administrator. Each Other Named Plaintiff agrees to hold PwC harmless for any taxes due and owing by the Other Named Plaintiff for payment of the Other Named Plaintiff Settlement Awards.

68. **Administrative Costs**: Administrative Costs will be split equally between the Settling Parties. The Administrative Costs are estimated to be $32,000. Class Members' Administrative Costs will be deducted from the Gross Settlement Payment before calculation of Individual Settlement Payments. Defendant's Administrative Costs will be paid to the Settlement Administrator with the Total Opt Out Funds, if any. To the extent the Total Opt Out Funds are not sufficient to cover Defendant's Administrative Costs, Defendant will pay the remaining funds directly to the Settlement Administrator.

EXHIBIT 1
Page 26

**Methodology for Calculating the Individual Settlement Payment**

69.     The Settlement Administrator shall have the authority and obligation to calculate the Individual Settlement Payments in accordance with the methodology set forth in this Settlement Agreement and orders of the Court.

70.     Individual Settlement Payments will be calculated using only Individual Work Weeks worked during the Recovery Period.

71.     The Parties agree that each Settlement Class Member will receive no less than the Minimum Settlement Payment as his or her Individual Settlement Payment.

**Determination of Approximate Settlement Payment for Notice of Class Settlement**

72.     As set forth below in paragraph 89, each Class Member will receive a Class Notice that will set forth the Individual Work Weeks and an Approximate Settlement Payment for that Class Member.

73.     The Settlement Administrator shall first deduct the requested Fee Award, requested Expense Award, requested Class Representative Service Awards, requested Other Named Plaintiff Settlement Awards, and estimated Class Member Administrative Costs from the Gross Settlement Payment to determine the Estimated Net Settlement Proceeds.

74.     The Settlement Administrator shall then total the Individual Work Weeks to arrive at the Total Class Member Work Weeks.  The Settlement Administrator shall then divide each Class Member's Individual Work Weeks by the Total Class Member Work Weeks to determine each Class Member's Work Week Percentage Share.

75.     The Settlement Administrator shall multiply the Estimated Net Settlement Proceeds by each Class Member's Work Week Percentage Share to yield the Approximate Settlement Payment that will be included in each Class Member's customized Notice.  Because every Settlement Class Member will receive at least the Minimum Settlement Payment of $25, to the extent that a Class Member's potential settlement amount is less than $25, that Class Member's Approximate Settlement Award will be $25.

76.     The Approximate Settlement Payment is an approximate because the actual Net Settlement Proceeds may be adjusted before a final distribution is made to the Participating Class Members to account for the following: (1) Class Counsel's application for the Expense Award and Fee Award, and Class Counsel's application for the Class Representative Service Awards and Other Named Plaintiff Settlement Awards, might not be approved in the amounts requested, and the Settlement Administrator's estimate of Class Members' Administrative Costs might not be completely accurate; (2) any interest generated by the Gross Settlement Payment will be reallocated to the Participating Class Members; (3) Total Opt Out Funds that remain after payment of PwC's share of Administrative Fees will be reallocated to the Participating Class Members; (4) funds necessary to insure that every Settlement Class Member will receive at least a Minimum Settlement Payment will be deducted; and (5) the possibility that one or more Participating Class Members may provide evidence to the Settlement Administrator that  his or her Individual Work Weeks shown in the individualized Class Notice was inaccurate.

## Determination of Total Opt Out Funds Calculations

77.     As set forth in paragraph 94, the Class Notice shall provide that Class Members who wish to exclude themselves from the Settlement and become Opt Outs must submit an Exclusion Letter by the Objection/Exclusion Deadline in the Class Notice. Any Class Member who properly requests exclusion using this procedure will not be entitled to any payment from the Settlement and will not be bound by the Settlement Agreement.

78.     Based on the Exclusion Letters received, the Settlement Administrator shall calculate the Total Opt Out Funds by adding all Individual Settlement Payments that would have been made to Class Members who opted out of the Settlement.

79.     The Total Opt Out Funds shall be paid to the Settlement Administrator not to exceed one hundred percent (100%) of Defendant's Administrative Costs. Any Total Opt Out Funds remaining after payment of one hundred percent (100%) of Defendant's Administrative Costs shall be distributed to the Participating Class Members as described below in paragraphs 80-82 herein.

## Determination of Individual Settlement Payments

80.     The Net Settlement Proceeds (pursuant to paragraph 66) will be reduced by any Total Opt Out Funds that are used to pay Defendant's Administrative Costs and increased by any interest generated by the Gross Settlement Payment while being held by the Settlement Administrator until seven days prior to the Payment Date to create the Final Settlement Pool.

81.     The sum of the Individual Work Weeks for all Participating Class Members represents the Total Participating Class Member Work Weeks.

82.     The Settlement Administrator shall re-calculate the Participating Class Member Work Week Percentage Share for each Participating Class Member by first dividing each Participating Class Member's Individual Work Weeks by the Total Participating Class Member Work Weeks. The Settlement Administrator shall then multiply the Participating Class Member Work Week Percentage Share by the Final Settlement Pool to arrive at the Individual Settlement Payment for each Participating Class Member.

## Tax Withholdings from Individual Settlement Payment

83.     The Settlement Administrator will withhold from each Participating Class Member's Individual Settlement Payment, Minimum Settlement Payment, or Second Distribution Payment (*see* paragraph 104) all required deductions for local, state, and federal payroll and employment taxes, and report such withholdings to appropriate government authorities, including the Internal Revenue Service, as required by law, and deposit the same with the applicable governmental authorities. The Individual Settlement Payments will be allocated for tax purposes as follows: 90% to settlement of unpaid wages, which will be subject to required Tax Withholdings; and 10% to settlement of claims for interest, which will be paid without withholding any amount. The portion allocated to wages shall be reported on an IRS Form W-2, and the portion allocated to interest shall be reported on an IRS Form 1099. PwC will be responsible for paying the employer's share of any applicable payroll, state and federal taxes arising from any payments to the Participating Class Members and such taxes shall not be taken from the Gross Settlement Payment. Such amounts will be computed by the Settlement Administrator based on the amounts paid to the Participating Class Members, and PwC will pay and provide to the Settlement Administrator all amounts needed to pay the employer's share of such taxes.

EXHIBIT 1
Page 28

The Settlement Administrator shall be responsible for making all necessary payments and government filings in connection with such payments.

84.     Class Counsel and Defendant's Counsel make no representations as to the taxable amounts of any payments pursuant to this Settlement Agreement, including payments to any Participating Class Member of any portion of that Class Member's Individual Settlement Payment. The Class Notice will advise each Class Member to seek his or her own personal tax advisor prior to responding to that notice, and the Settling Parties agree that each Class Member will have adequate opportunity to seek tax advice prior to acting in response to that notice.

**Final Distribution (Net Payment) to Participating Class Members**

85.     Each Participating Class Member will receive a check issued in his or her name in an amount that reflects the Participating Class Member's Individual Settlement Payment, reduced by Tax Withholdings.

## C.     PROCEDURE FOR PRELIMINARY APPROVAL, PAYMENT, NOTICE, OBJECTIONS & EXCLUSIONS

86.     The Court may set a hearing to consider Preliminary Approval of the Settlement.  In conjunction with such hearing, the Plaintiffs shall file with the Court an unopposed motion for preliminary approval along with this Settlement Agreement, together with any exhibits attached hereto, and any other documents necessary to implement the Settlement, requesting the Court to (a) enter the Preliminary Approval Order approving the terms of the Settlement Agreement as fair, reasonable, and adequate, and in the best interest of the Class Representatives, Class Members, and Other Named Plaintiffs; (b) approve the Class Notice; (c) appoint ILYM Group, Inc. as the Settlement Administrator; (d) authorize the mailing of the Class Notice; (e) appoint Class Counsel for the Settlement Class; (f) set the Objection/Exclusion Deadline; and (g) schedule a Final Approval Hearing.  Class Counsel shall provide a copy of the draft motion for preliminary approval to Defendant's Counsel for review and comment seven (7) calendar days before filing it with the Court.

87.     Within twenty-eight (28) calendar days after entry of the order granting Preliminary Approval, PwC shall provide the Settlement Administrator with the Gross Settlement Payment.  The Settlement Administrator shall invest the Gross Settlement Payment in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof or in money market funds investing solely in short-term United States Government obligations, and shall so reinvest the proceeds of these instruments as they mature.  All interest accrued until seven days prior to the Payment Date shall be distributed *pro rata* to the Participating Class Members unless Final Approval is not obtained.

88.      Within seven (7) calendar days after entry of the order granting Preliminary Approval, PwC shall provide to Class Counsel and the Settlement Administrator the Class Member List, which will set forth the name, social security number, last known home address (as reflected in PwC's records), personal telephone number (where available in PwC's records), and Individual Work Weeks for each Class Member.  For each Class Member, the Settlement Administrator shall determine the Approximate Settlement Payment, and will set forth that amount in the Class Notice.  The Class Member List contains highly sensitive, personal information of the Class Members and Class Counsel agree not to use the information on the Class Member List for any purpose other than this Settlement.

89.     Within fourteen (14) calendar days after receiving the Class Member List from PwC, or fourteen (14) calendar days after entry of the order granting Preliminary Approval (whichever is later), the Settlement Administrator shall send the Class Notice via first class mail to all Class Members. A Change of Name and/or Address Information form, substantially similar to **Exhibit D**, will be included with the Class Notice. Prior to the initial mailing, the Settlement Administrator shall undertake a Reasonable Address Verification Measure to ascertain the accuracy of the last known address of each Class Member. To the extent this process yields an Updated Address, that Updated Address shall become the last known address for purposes of this Settlement and for subsequent mailings in particular. The Class Notice shall set forth the Individual Work Weeks during the Recovery Period for each Class Member. The Class Notice will also set forth the Approximate Settlement Payment for each Class Member. Because under this Settlement no Settlement Class Member will receive less than a $25 share of the Gross Settlement Payment, to the extent this calculation of the Approximate Settlement Award results in an amount less than $25, the Approximate Settlement Award for any such Class Member will be stated in the Notice of Class Settlement as the Minimum Settlement Payment of $25.

90.     If an original Class Notice is returned as undeliverable with a forwarding address provided by the United States Postal Service, the Settlement Administrator will promptly resend the Class Notice to that forwarding address. If an original Class Notice is returned as undeliverable without a forwarding address, the Settlement Administrator will attempt to perform a skip trace, and if it obtains a more recent address, will resend the Class Notice. Class Notices returned as undeliverable fewer than twenty-one (21) calendar days before the Final Approval Hearing will not be resent to a new address.

91.     At least three (3) business days prior to Plaintiffs' deadline to file their unopposed motion for entry of a Final Approval and Final Judgment of Dismissal, the Settlement Administrator will provide a declaration of due diligence and proof of mailing, which will include the total objections received, the total number of timely submitted Exclusion Letters, and a list of individuals who timely opted out of the Settlement.

92.     PwC's records will be presumed determinative. To the extent a Class Member disputes the Individual Work Weeks shown in his or her Class Notice, the Class Member may produce evidence to the Settlement Administrator establishing the weeks he or she contends to have worked at PwC as an unlicensed Attest Senior Associate in California during the Recovery Period as defined herein. A Class Member may not dispute the Individual Work Weeks of any other Class Member, and the Settlement Administrator is not authorized to resolve any dispute or make any change to an Individual Settlement Payment based on objections beyond the scope provided for herein. The Settlement Administrator shall notify counsel for the Settling Parties of any disputes. PwC shall review its records and provide further information to the Settlement Administrator, as it deems appropriate. The Settlement Administrator shall resolve any disputes and notify counsel for the Settling Parties of its decision.

93.     The Settlement Administrator's determination of allocation for any Individual Settlement Payments under the terms of this Settlement Agreement shall be conclusive, final and binding on all Settling Parties and all Participating Class Members, so long as the Settlement Administrator has first consulted with counsel for the Settling Parties regarding any disputes or questions as to allocation. In the event the Settlement Administrator determines that sufficient evidence has been presented to adjust the Individual Work Weeks of a Participating Class Member, the Settlement Administrator shall make the appropriate adjustments to the allocation of the Net Settlement Proceeds for the determination of the Individual Settlement Payments for the Participating

EXHIBIT 1
Page 30

Class Members.  Any such adjustments or modifications shall have no effect on the Gross Settlement Payment.

94.     As provided for in the Class Notice, Class Members who wish to exclude themselves from the Settlement and become Opt Outs must submit an Exclusion Letter by the Objection/Exclusion Deadline provided in the Class Notice.  The Objection/Exclusion Deadline to submit an Exclusion Letter will be no less than thirty (30) days from the date original Class Notices of Proposed Settlement are postmarked.  Any Class Member who properly requests exclusion using this procedure will not be entitled to any payment from the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.  Class Members who fail to submit a timely Exclusion Letter shall be bound by all terms of the Settlement Agreement and any judgment entered in the Consolidated Action if the Settlement is approved by the Court.

95.     In order to object to the Settlement, a Class Member must mail his or her objection to the Court, with copies to all Settling Parties' Counsel, postmarked no later than the Objection/Exclusion Deadline in the Notice of Class Settlement.  The Objection/Exclusion Deadline to file an objection will be no less than thirty (30) days from the date original Class Notices are postmarked.  If a Class Member does not timely object to the Settlement, that Class Member will be ineligible to appeal from any aspect of the Settlement which is finally approved by the Court as fair, adequate and reasonable.

96.     With respect to re-mailed Class Notices (in instances where there was a delivery issue as to the original mailed Class Notice) each Class Member will be afforded a period of up to fourteen (14) days from the postmarked date of the re-mailed Class Notice within which to submit an Exclusion Letter or file an objection to the proposed Settlement.  Additional time to opt out or object to the Settlement may be allowed if the Settlement Administrator determines, in consultation with the Settling Parties, that a Class Member receiving a re-mailed Class Notice acted in good faith with due diligence upon receipt of Class Notice.

97.     If 100 or more of the Class Members become Opt Outs, PwC shall have the option of canceling the Settlement and all actions taken in its furtherance will be null and void, and the Gross Settlement Payment including any interest will be returned to PwC.  The Settlement Administrator will provide the Settling Parties with a running total and names of the Opt Outs on a weekly basis. PwC must exercise its right to cancel within seven (7) business days after the Settlement Administrator notifies the Settling Parties of the final number and names of the Opt Outs, which the Settlement Administrator must do within, whichever is later, three (3) business days after the Objection/Exclusion Deadline or three (3) business days after expiration of the 14 day period provided to the last recipient of a re-mailed Class Notice.

D.     **COMMUNICATION PRIOR TO FINAL APPROVAL WITH CLASS MEMBERS WHO ARE CURRENT PWC EMPLOYEES**

98.     Defendant may separately distribute to its current employees who are Class Members in the Consolidated Action, a communication concerning the Settlement, contemporaneously with the distribution of the Class Notice by the Settlement Administrator.  Such communication would provide the current employee Class Members with: (a) a reminder of the employee's status as a Class Member in the Consolidated Action; (b) contact information for the Settlement Administrator in the event the employee has inquiries related to the Settlement; and (c) confirmation that remaining in the Consolidated Action will have no impact whatsoever on his or her employment with PwC.  This communication is attached hereto as **Exhibit E**.  The Settling Parties agree that no further

-16-

EXHIBIT 1
Page 31

communications concerning the Settlement shall be distributed by PwC to current employee Class Members prior to the Payment Date of the Settlement, as defined herein.

## E.    FINAL APPROVAL

99.    Not later than forty-five (45) days following mailing of the Class Notice, Class Counsel shall file an unopposed motion for attorneys' fees, reimbursement of costs and approval of Class Representative Service Awards and Other Named Plaintiff Settlement Awards.

100.    Not later than eighty (80) days following mailing of the Class Notice, Class Counsel shall file an unopposed motion for entry of a Final Approval Order and Final Judgment of Dismissal, requesting (a) entry of an Order Granting Final Approval of the Consolidated Action Settlement and Final Judgment of Dismissal with Prejudice of the Consolidated Action and (b) authorization of payment to the Participating Class Members. The Motion for an Order Granting Final Approval and Final Judgment of Dismissal will include a report from the Settlement Administrator certifying that the Class Notice has been disseminated in compliance with this Settlement Agreement and the Court's Preliminary Approval. Class Counsel shall provide a copy of the draft Motion for an Order Granting Final Approval and Final Judgment of Dismissal to Defendant's Counsel for review and comment seven (7) calendar days before filing it with the Court. In conjunction with this filing, the Plaintiffs shall submit a proposed Final Approval Order and Final Judgment of Dismissal substantially similar to **Exhibit B** hereto.

101.    Ten (10) calendar days prior to the Final Approval Hearing, the Plaintiffs shall file supplemental papers addressing any objections to the Settlement and attaching a list of all Class Members who submitted a valid and timely Exclusion Letter.

102.    The Final Approval Order and Final Judgment of Dismissal shall dismiss all of the Class Released Claims, as defined herein, of each Participating Class Member with prejudice. Without affecting the finality of the Final Approval Order and Final Judgment of Dismissal, the Court shall reserve exclusive and continuing jurisdiction over the Consolidated Action, the Class Representatives, the Class, the Other Named Plaintiffs, and PwC for the purposes of supervising the implementation, enforcement, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the distribution of the Gross Settlement Payment (including the distribution of the Individual Settlement Payments), and the Final Approval Order and Final Judgment of Dismissal.

## F.    PAYMENT PROCESS

103.    Following the methodology set forth in this Settlement Agreement in paragraphs 69-71, 77-82, the Settlement Administrator will determine the Individual Settlement Payment or Minimum Settlement Payment for each Participating Class Member. The Settlement Administrator will withhold from each Participating Class Member's Individual Settlement Payment or Minimum Settlement Payment all applicable federal, state, and local payroll and employment taxes as set forth in paragraph 83. The Settlement Administrator will further be responsible for mailing the Individual Settlement Payment or Minimum Settlement Payment to Participating Class Members at his or her last known address, or Updated Address if applicable, and for transmitting Court approved Expense Award, Fee Award, Class Representative Service Awards, and Other Named Plaintiff Settlement Awards to Class Counsel.

104.    The Settlement Administrator will mail or wire all required payments no later than the Payment Date. If a Participating Class Member's payment is returned to the Settlement

Administrator, the Settlement Administrator will make reasonable efforts to re-mail it to the Participating Class Member at his or her correct address. It is expressly understood and agreed that the checks for payments to the Participating Class Members will become void if not cashed within one hundred eighty (180) calendar days after mailing. Within one hundred and twenty (120) calendar days from the date of mailing, the Settlement Administrator will make reasonable efforts to locate and contact Participating Class Members who have not negotiated checks issued to them by mailing a postcard that reminds the Participating Class Member of the approaching 180 day deadline ("Reminder Postcard"), attached hereto as **Exhibit F**. In the event that any Settlement checks are returned to the Settlement Administrator as undeliverable with no forwarding address, Settlement Administrator will, on a weekly basis, provide Class Counsel with the name of the Participating Class Member(s), and the Settlement Administrator shall attempt to determine a correct address. If the Settlement Administrator obtains a new address, the check shall be mailed to the Participating Class Member's new address and the reissued check shall become void if not negotiated by the later of the original one hundred and eighty (180) day deadline or sixty (60) calendar days from the date of the reissuance and/or re-mailing. When a Participating Class Member is unable to deposit his or her check within the one hundred and eighty (180) day timeframe, he or she may contact the Settlement Administrator to request reissuance of his or her check, prior to the expiration of the original one hundred and eighty (180) day period. And such re-issued check shall become void if not negotiated by ninety (90) calendar days from the date of re-mailing. Any unclaimed funds shall remain with the Settlement Administrator for one hundred and eighty (180) days from the Payment Date. At such time, the Settlement Administrator shall deduct from the unclaimed funds the administrative costs necessary to make a second distribution payment to the Participating Class Members who cashed their Individual Settlement Payments, determine the *pro rata* share of such remaining unclaimed funds for each of those Participating Class Members, and then distribute that share to those Participating Class Members ("Second Distribution Payment"), minus appropriate tax withholdings as described in paragraph 83 herein. Second Distribution Payment checks shall become void if not negotiated by ninety (90) calendar days from the date of the issuance. Upon expiration of the 90 day calendar period, any remaining unclaimed funds from the Second Distribution Payments shall be issued to the United Way (direct to the VITA Program) on behalf of the Settling Parties by the Settlement Administrator. No unclaimed funds shall revert to PwC. Nothing herein shall be construed to prevent the Settlement Administrator or Class Counsel from contacting Participating Class Members to inform them of the expiration of a settlement payment check.

105. The Settlement Administrator shall keep Class Counsel and Defendant's Counsel apprised (on a weekly basis) of all distributions from the Net Settlement Proceeds, and upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to Class Counsel and Defendant's Counsel. Nothing herein shall be construed to prevent the Settlement Administrator or Class Counsel from contacting Participating Class Members to inform them of the expiration of the settlement payment checks.

106. No person shall have any claim against Defendant, Defendant's Counsel, the Class Representatives, the Class, the Other Named Plaintiffs, Class Counsel or the Settlement Administrator based on mailings, distributions and payments made in accordance with this Settlement Agreement or otherwise in connection with this Consolidated Action.

## G. NO EFFECT ON EMPLOYEE BENEFITS

107. The Individual Settlement Payments, the Class Representative Service Awards, and the Other Named Plaintiff Settlement Awards shall not have any effect on the eligibility for, or

calculation of, any employee benefits (*e.g.* vacation, retirement plans, etc.) of Participating Class Members, the Class Representatives, or the Other Named Plaintiffs. No benefit, including but not limited to 401k benefits, shall increase or accrue as a result of any payment made as a result of this Settlement. Further, PwC will not make any deductions, withholdings, or additional payments including without limitation, medical, or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings from the payment(s) to a Participating Class Member, and entry of the Final Approval Order and Final Judgment of Dismissal by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments.

## H. PUBLICITY

108. Class Representatives, Other Named Plaintiffs, Class Counsel, Defendant, and Defendant's Counsel agree not to disparage this Settlement. Plaintiffs agree that PwC's description of the Settlement set forth on **Exhibit G**, attached hereto, is acceptable for use with the press. PwC agrees that Plaintiffs' statement set forth in **Exhibit H**, attached hereto, is acceptable for use with the press. Any statements to the press about this Settlement by the Class Representatives, Other Named Plaintiffs, or Defendant (or their respective counsel) is subject to the approval and consent of Defendant's Counsel and Class Counsel, respectively, and said approval and consent shall not be unreasonably withheld. This paragraph is not intended to restrict the arguments of any Party made in a Court filing in this Consolidated Action.

## I. CONFIDENTIAL DOCUMENTS AND INFORMATION

109. In accordance with the Stipulation and Order Re: Protective Order ("Protective Order"), dated August 18, 2008, Plaintiffs and Class Counsel agree that they will destroy all Confidential and Highly Confidential Discovery Material and all copies thereof shall be returned to the individual or entity that owns the information, or alternatively the party's counsel shall certify to the producing party that all such materials have been destroyed within forty-five (45) days of the Payment Date, excluding any documents that must be saved by Class Counsel for purposes of the defense or prosecution of a legal malpractice action arising out of this Action.

110. Class Representatives, Other Named Plaintiffs, and Class Counsel agree that none of the documents and information provided to them by PwC and designated by PwC as "Confidential" or "Highly Confidential" shall be used for any purpose other than prosecution of this Consolidated Action, or the defense or prosecution of a legal malpractice action arising out of this Consolidated Action. The terms of the Protective Order governing this litigation shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Settlement Agreement. This paragraph does not apply to any documents or information publicly available on PACER or otherwise.

## J. VOIDING THE AGREEMENT

111. In the event of any of the following occurs: (i) PwC elects to cancel this Settlement Agreement because 100 or more Class Members become Opt Outs (as set forth in paragraph 97), (ii) the Court does not grant Final Approval of this Settlement Agreement, or (iii) Final Approval is set aside on appeal; the Settlement Agreement shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Settling Parties. In such case, the Class Members and PwC shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement, and the Gross Settlement Payment and any resulting interest shall be returned to PwC. In the event

EXHIBIT 1
Page 34

an appeal is filed from the Final Approval Order and Final Judgment of Dismissal, or any other appellate review is sought prior to the Payment Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

## K.    AUTHORITY TO ENTER INTO SETTLEMENT

112.    The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement on behalf of their respective clients, and, in the case of the Class Representatives, on behalf of the Participating Class Members, and to bind the Settling Parties to the terms and conditions hereof.

## L.    NOTICE TO A SETTLING PARTY

113.    Whenever this Settlement Agreement requires or contemplates that a Settling Party, the Court, or the Settlement Administrator shall or may give notice to another, notice shall be provided through the ECF system of the Court, as defined herein, by facsimile and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

    a.                If to PwC, then to both:

| Julie A. Totten | Daniel J. Thomasch |
|---|---|
| Orrick, Herrington & Sutcliffe LLP | Gibson Dunn & Crutcher LLP |
| 400 Capitol Mall, Suite 3000 | 200 Park Avenue |
| Sacramento, California 95814 | New York, NY  10166-0193 |
| Telephone: (916) 447-9200 | Telephone: (212) 351-3800 |
| Facsimile:  (916) 329-4900 | Facsimile: (212) 351-6200 |

    b.                If to Class Representatives, then to:

Peter A. Muhic
Monique Myatt Galloway
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pa. 19087
Phone: (610) 667-7706
Facsimile: (610) 667-7056

## M.    MUTUAL FULL COOPERATION

114.    The Settling Parties and their counsel agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Settling Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  Such best efforts shall include taking all necessary steps to secure entry of a Final Approval Order and Final Judgment of Dismissal by the Court, as well as supporting the Settlement through any Review Proceeding. In the event the Settling Parties are unable to reach

agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Settlement Agreement, the Settling Parties shall seek the assistance of the Mediator to resolve such disagreement.

## N.   NO PRIOR ASSIGNMENTS

115.   The Settling Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Settlement Agreement.

## O.   NO ADMISSION

116.   Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of PwC or any of the other Released Parties.  Each of the Settling Parties hereto has entered into this Settlement Agreement with the intention of avoiding further disputes and litigation with the attendant risk, inconvenience, and expenses.  This Settlement Agreement is a settlement document and shall, pursuant to California Evidence Code section 1152 and/or Federal Rule of Evidence 408 and/or any other similar law, be inadmissible against any Party as evidence in any proceeding, except an action or proceeding to approve the Settlement, and/or interpret or enforce this Settlement Agreement.

## P.   CONSTRUCTION

117.   The Settling Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms' length negotiations between the Settling Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Settling Parties by reason of the extent to which any Party or their counsel participated in the drafting of this Settlement Agreement.

## Q.   CALIFORNIA LAW GOVERNS

118.   All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California; California's choice-of-law rules shall be disregarded.

## R.   INVALIDITY OF ANY PROVISION

119.   The Settling Parties request that before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

## S.   HEADINGS

120.   The headings contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.

EXHIBIT 1
Page 36

## T.    EXHIBITS

121.    The terms of this Settlement Agreement include the terms set forth herein and the attached **Exhibits A-G**, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Settlement Agreement are an integral part of the Settlement.

## U.    AMENDMENT OR MODIFICATION

122.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Settling Parties or their successors-in-interest, and if after the Court preliminarily approves the Settlement, then also with Court approval.

## V.    ENTIRE AGREEMENT

123.    This Settlement Agreement, including **Exhibits A-G** attached hereto, contains the entire agreement between the Class Representatives, the Other Named Plaintiffs, and PwC relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## W.    BINDING ON SUCCESSORS AND ASSIGNS

124.    This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## X.    NO SOLICITATION RE: OBJECTIONS, EXCLUSIONS OR APPEALS

125.    The Settling Parties and their counsel shall not solicit or otherwise encourage Class Members to submit written objections to the Settlement, to submit Exclusion Letters, or to appeal from the Court's Final Approval Order and Final Judgment of Dismissal.  This paragraph in no way inhibits or restricts Class Counsel from communicating with Class Members.

## Y.    CONTINUING JURISDICTION

126.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.  Any action to enforce this Settlement Agreement shall be commenced in, and maintained by, the Court as defined herein.

## Z. SIGNED COUNTERPARTS

127. This Settlement Agreement may be executed in counterparts, and when each of the Settling Parties has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Settlement Agreement, which shall be binding upon and effective as to all Settling Parties subject to the terms and conditions provided herein.

CLASS COUNSEL:

BY _____
KESSLER TOPAZ MELTZER CHECK, LLP
PETER A. MUHIC

BY _____
MARLIN & SALTZMAN LLP
WILLIAM A. BAIRD

BY _____
WYNNE LAW FIRM
EDWARD J. WYNNE

BY _____
STEVEN S. ELSTER

EXHIBIT 1
Page 38

**CLASS REPRESENTATIVES:**

_____
SAMUEL BRANDON KRESS


_____
JESSE KENNY


**OTHER NAMED PLAINTIFFS:**


_____
DAVID BEADLES


_____
WILLOW MARKHAM

**CLASS REPRESENTATIVES:**

_____
SAMUEL BRANDON KRESS

_____
JESSE KENNY

**OTHER NAMED PLAINTIFFS:**

_____
DAVID BEADLES

_____
WILLOW MARKHAM

**CLASS REPRESENTATIVES:**

_____

SAMUEL BRANDON KRESS

_____

JESSE KENNY

**OTHER NAMED PLAINTIFFS:**

_____

DAVID BEADLES

_____

WILLOW MARKHAM

**CLASS REPRESENTATIVES:**

_____

SAMUEL BRANDON KRESS


_____

JESSE KENNY

**OTHER NAMED PLAINTIFFS:**

_____

DAVID BEADLES

_Willow Markham_____
WILLOW MARKHAM

**DEFENDANT'S COUNSEL:**

GIBSON, DUNN & CRUTCHER LLP
DANIEL J. THOMASCH

ORRICK, HERRINGTON & SUTCLIFFE LLP
JULIE A. TOTTEN

**DEFENDANT:**

PRICEWATERHOUSECOOPERS LLP

THEODORE P. SENGER
ASSISTANT GENERAL COUNSEL

EXHIBIT 1
Page 43

# EXHIBIT A

EXHIBIT 1
Page 44

**Notice to Class Members of Proposed Settlement of Consolidated Action**

**To:** All former and current persons employed by PwC (a) who worked as Senior Associates in the Attest division of PwC's Assurance line of service in California at any time during the period of October 27, 2003 to January 10, 2013, (b) who were not licensed as certified public accountants ("CPAs") for some or all of the time they worked in this position during that period, (c) who were classified as overtime exempt employees while working in this position during that period, (d) who were sent the class notice on or about August 22, 2014 notifying them that they are members of the Attest Senior Associate class in *Kress, et al. v. PricewaterhouseCoopers LLP* that was certified on January 10, 2013, and (e) who did not opt out of the certified class following dissemination of the class notice ("Attest Senior Associate Class" or "Class").

Your rights may be affected by the proposed Settlement discussed in this court-authorized Notice. This Notice is to inform you of the proposed Settlement of this matter, including: the nature of the claims at issue, your right to participate in or exclude yourself from the Settlement, and the effect of exercising your various options. You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, you will participate in the Settlement, and, if the Settlement receives Final Approval from the Court, you will receive a payment in the approximate amount of [$amount] and be bound by the terms of the Settlement Agreement and Release (*see* paragraphs 6-10 below). By doing nothing, you will also release/forgo claims you may have against PwC for misclassification as exempt from overtime, including claims you may have for unpaid overtime as an unlicensed Associate (if you also worked at PwC as an unlicensed Associate) and as an unlicensed Senior Associate, as well as other claims you may have against PwC (*see* paragraph 6.A. below). |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not be provided with a payment or be bound by the Settlement. Excluding yourself from the Settlement also means that any claims you may have against PwC for misclassification as exempt from overtime as an unlicensed Associate or unlicensed Senior Associate will not be released, including claims you may have for unpaid overtime and other claims related to misclassification, and you would be able to independently pursue those claims. |
| **OBJECT** | You may file an objection with the Court and serve it on all Parties according to the instructions contained in this Notice if you are not satisfied with the Settlement, but you cannot do so if you exclude yourself from the Settlement (*see* paragraph 14 below). |
| **GO TO A HEARING** | If you object, you may also write and seek permission to speak in Court about the fairness of the Settlement according to the instructions contained in this Notice (*see* paragraphs 15-16 below). |

EXHIBIT 1
Page 45

Your legal rights and options—and the deadlines to exercise them—are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully.

| 1. | **Why did I receive this Notice?** |
|---|---|

You were previously notified that this action was certified under the California Labor Code and the Federal Rules of Civil Procedure, Rule 23 in the matter *Kress, et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965-TLN-AC (the "Consolidated Action"). The certified class action represents current and former PwC employees who were not licensed as CPAs during at least some of the time they worked as Attest Senior Associates in PwC's Assurance Line of Service. The Parties have now reached an agreement to settle the claims asserted by members of this Class that are part of the case and that Settlement, if approved, will affect your legal rights. The Court directed that this Notice be sent to all members of this Class.

| 2. | **What is the purpose of this Notice?** |
|---|---|

This Notice is intended to: (a) inform you that a proposed Settlement has been reached in the Consolidated Action and has been preliminarily approved by the Court; (b) explain your legal rights under the Settlement Agreement and Release ("Settlement" or "Settlement Agreement and Release"), the benefits that are available to you as a Class Member, and how to get them; (c) the consequences of participating in the Settlement, including claims you may have that you will release/forgo if you participate in the Settlement; and (d) provide information relating to the Court's consideration of final approval of the proposed Settlement. The Settlement Agreement and Release will be posted on www.[dedicated website].com.

| 3. | **What is the *Kress* Consolidated Action about?** |
|---|---|

This case was first filed in January 2008. The *Kress* Consolidated Action includes allegations that PwC misclassified unlicensed Attest Senior Associates in California under California overtime law and failed to pay them overtime wages, failed to compensate them for not providing legally-required meal and rest periods, failed to provide them with accurate wage statements, failed to pay them all wages due at the end of their employment, and violated California's Unfair Competition Law (Business & Professions Code Section 17200, *et seq.*).

PwC denies any wrongdoing and liability and contends that it complied at all times with all state labor codes, including the California Labor Code, Industrial Welfare Commission Wage Order No. 4-2001, and the California Business & Professions Code, as well as the federal Fair Labor Standards Act, and thus correctly classified Class Members as exempt employees under the Professional, Administrative, and Executive Exemptions.

| 4. | **How do I know if I am part of the Settlement?** |
|---|---|

You are a member of the California Attest Senior Associate Class and may participate in the Settlement if you meet all of the following criteria:

If you were employed by PwC and (a) worked as a Senior Associate in the Attest Division of PwC's Assurance Line of Service in California at any time during the period of October 27, 2003 to January 10, 2013, (b) were not licensed as a CPA for some or all of the time you worked in this position during that period, (c) were classified as an overtime exempt employee while working in this position during that period, (d) were sent the class notice on or about August 22, 2014 notifying you that you are a member

2

EXHIBIT 1
Page 46

of the Attest Senior Associate Class that was certified on January 10, 2013, and (e) did not opt out of the certified class following dissemination of the class notice.

If you meet all of the criteria above, you will become a Participating Class Member unless you validly and timely exclude yourself from the Settlement, using the procedures set forth in paragraphs 12–13 below.

<table>
<tr><td>**5.**</td><td>**What are the reasons for the Settlement?**</td></tr>
</table>

Both sides agreed to resolve the Consolidated Action through a negotiated Settlement instead of through trial by jury, with the losing party having a right to appeal. The District Court, which ordered this Notice to be sent to Class Members, did not decide the case in favor of either the Plaintiffs or Defendant, PwC. Instead, both sides agreed to settlement terms that they believe constitute a fair, reasonable, and adequate compromise of their respective positions. The parties reached this Settlement following nearly ten years of litigation, including extensive discovery and motion practice in the United States District Court for the Eastern District of California. This Settlement was reached only after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through a private mediation before an experienced mediator.

Counsel for the Plaintiffs have considered the substantial benefits from the Settlement that will be given to the Participating Class Members and balanced these benefits with the risk that the certified class could be decertified or that a trial could end in a class-wide verdict for PwC. They also considered the value of the immediate benefit to Participating Class Members versus the costs and delay of litigation through trial and appeals, which, even if successful, would not yield any benefits to Class Members for years to come.

<table>
<tr><td>**6.**</td><td>**What does the Settlement provide?**</td></tr>
</table>

If the proposed Settlement receives final court approval, PwC will pay $900,000 (the "Gross Settlement Payment") to settle the Consolidated Action, including the dismissal of the Consolidated Action with prejudice and the release by all Participating Class Members of the Class Released Claims (*see* paragraph 6.A. below). If approved by the Court, the Settlement will bar any Participating Class Member who does not timely request exclusion from the Settlement from asserting Class Released Claims, as described below and set forth in the Settlement Agreement and Release. After deducting attorneys' fees and costs, some Settlement Administrative Costs, awards to the Class Representatives and Other Named Plaintiffs for initiating and bearing the burdens of litigating against PwC on a class-wide basis, all of which are subject to Court approval as described below, the remainder of the Gross Settlement Payment will be available for distribution to Participating Class Members in the manner described in the Settlement Agreement and Release.

The Settlement also provides that (1) ninety percent (90%) of the payment to the Participating Class Member will be treated as wages subject to W-2 reporting and ten percent (10%) will be treated as interest and reported on an IRS Form 1099; (2) PwC has agreed to separately pay the employer's share of all applicable payroll, state and federal taxes arising from any payments to the Participating Class Members; (3) any interest earned on the Gross Settlement Payment from Defendant's payment of the Gross Settlement Payment to the Settlement Administrator through seven days prior to the Payment Date will be distributed on a *pro rata* basis to those Class Members who participate in the Settlement; (4) the Administrative Costs of the Settlement will be split equally between the Parties; (5) Plaintiffs' share of Administrative Costs will be deducted from the Gross Settlement Payment; (6) any funds allocated to individuals who choose not to participate in the Settlement that remain after covering Defendant's Administrative Costs will be distributed *pro rata* to Class Members who participate in the Settlement, minus appropriate tax withholdings; and (7) any unclaimed funds for Participating Class Members who cannot be located or who do not timely cash their checks will be held by the Settlement Administrator and available to be claimed for 180 days from the Payment Date. At such time, the Settlement

EXHIBIT 1
Page 47

Administrator shall deduct from the unclaimed funds the administrative costs necessary to make a second distribution payment to the Participating Class Members who cashed their Individual Settlement Payments, determine the *pro rata* share of such remaining unclaimed funds for each of those Participating Class Members, and then distribute that share to those Participating Class Members ("Second Distribution Payment"), minus appropriate tax withholdings. Any funds remaining with the Settlement Administrator after 270 days, the Settlement Administrator shall issue a check on behalf of the Settling Parties to the United Way, with direction that such unclaimed funds be used for the Volunteer Income Tax Assistance ("VITA") Program. No unclaimed funds will revert to PwC.

**Claims That You Will Release/Forgo by Participating in the Settlement ("Class Released Claims"):**

Participating Class Members (Class Members who do not exclude themselves from the Settlement) will release/forgo their right to pursue the following claims against PwC under California law (including claims that could have been brought under the Private Attorney General Act), as well as any claims under the federal Fair Labor Standards Act and under any other state's labor law related to misclassification as exempt from overtime. These claims are all based on the unresolved allegation that PwC misclassified Participating Class Members as exempt from overtime.

**NOTE: By participating in the Settlement, you will be releasing/forgoing the following claims for your time as an unlicensed Senior Associate AND as an unlicensed Associate (if you also worked at PwC as an unlicensed Associate) in any PwC group or line of service (not just in the Attest group in PwC's Assurance line of service). This includes releasing/forgoing claims you may have as a putative class member in the pending class action of *Adamov v. PricewaterhouseCoopers, LLP*, Case No. 2:13-cv-01222-TLN-AC, before this same Court in the Eastern District of California, and in any other state or federal court for claims related to misclassification as overtime exempt.**

a. **Unpaid overtime, double-time, and interest (including as restitution under Business & Professions Code § 17200 *et seq.*):**

An employee who has been determined to be incorrectly classified as exempt from overtime ("Non-Exempt Employee") but was paid a salary is entitled to unpaid overtime calculated by dividing the employee's annual salary by 2,080 hours, to derive a straight-time hourly rate. That straight-time hourly rate is multiplied by 1.5 to determine an overtime hourly rate and by 2.0 to determine a double-time hourly rate. The employee is entitled to his or her overtime hourly rate for hours worked in excess of 8 hours in a day, up to 12 hours, and to his or her double-time hourly rate for all hours in excess of 12 hours in a day. Alternatively, the employee is entitled to his or her overtime hourly rate for all hours worked in excess of 40 hours in a week. Regardless of whether the employee worked more than 8 hours in a day or 40 hours in a week, if the employee works 7 consecutive days in a workweek, the employee is entitled to his or her overtime hourly rate for up to 8 hours worked on that 7th day of work in that workweek, and to his or her double-time hourly rate for hours in excess of 8 hours on that 7th day of work in that workweek. The employee is also entitled to interest at the statutory rate of 10% per year (not compounded) on the employee's unpaid overtime and double-time pay.

b. **Wage premiums for meal periods not provided and interest (including as restitution under Business & Professions Code § 17200 *et seq.*):**

Employers are required to provide Non-Exempt Employees with a 30-minute, uninterrupted, off-the-clock meal period for every 5 hours the employee works in a day. If an employer fails to provide a Non-Exempt Employee with any required meal periods in a day, the employee is entitled to one additional hour of pay at the employee's straight-time hourly rate (but the employee is not entitled to more than one additional hour of pay for multiple unprovided meal periods in a single day). The employee is also

entitled to interest at the statutory rate of 10% per year (not compounded) on the additional hours of pay for the unprovided meal periods.

c. **Wage premiums for rest periods not provided and interest (including as restitution under Business & Professions Code § 17200 *et seq.*):**
Employers are required to provide Non-Exempt Employees with a 10-minute, uninterrupted, off-the-clock rest period for every 4 hours the employee works in a day, including if the employee works at least 3 ½ hours. If an employer fails to provide a Non-Exempt Employee with any required rest periods in a day, the employee is entitled to one additional hour of pay at the employee's straight-time hourly rate (but the employee is not entitled to more than one additional hour of pay for multiple unprovided rest periods in a single day). The employee is also entitled to interest at the statutory rate of 10% per year (not compounded) on the additional hours of pay for the unprovided rest periods.

d. **Compensation for failure to provide accurate wage statements:**
Employers are required to provide Non-Exempt Employees with wage statements that show, among other things, the employee's gross and net wages earned (including any overtime pay, double-time pay, and additional straight-time hours of pay for unprovided meal and rest periods), the employee's total hours worked, and all applicable hourly rates of pay in effect during the pay period. If employers fail to provide Non-Exempt Employees with wage statements showing this information and the employee cannot promptly and easily determine the gross or net wages paid to the employee, the total hours worked by the employee, or the employee's hourly rates of pay, the employee is entitled to the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.

e. **Penalties for failure to pay all wages due at the end of employment:**
If at the end of an employee's employment, an employer willfully fails to pay all of the employee's wages due (including unpaid overtime pay, double-time pay, and wage premiums for missed meal and rest periods), the employee's daily wage shall continue as a penalty for not more than thirty (30) days.

f. **Other Labor Code penalties:**
The California Labor Code provides for penalties in addition to those related to the end of employment, including but not limited to, penalties that may be brought pursuant to the Private Attorney General Act.

The complete terms of the Settlement Agreement and Release are available by sending a self-addressed, stamped envelope to *Kress v. PwC*, c/o ILYM Group, Inc., by accessing the public docket for the Court via Pacer.gov and at www.[dedicated website].com.

| **7.  How were individual Class Member payments determined?** |
|---|

A distribution plan, which is intended to fairly and equitably allocate to each Class Member his or her *pro rata* share of the Gross Settlement Payment, has been proposed to and preliminarily approved by the Court. In short, each Participating Class Member's share will be based on the number of weeks (as reflected by PwC's business records) worked by each Participating Class Member as an unlicensed Attest Senior Associate at PwC in California from October 27, 2003 to the date of preliminary approval of the Settlement by the Court.

**NOTE: The amount you would receive as a Participating Class Member is not based on the number of weeks you may have worked as an unlicensed Associate at PwC (if you also worked as an Associate at PwC), but your participation in the Settlement will release/forgo any claims you may have against PwC related to misclassification as overtime exempt as an unlicensed Associate.**

EXHIBIT 1
Page 49

If based on these criteria, your share of the Settlement is calculated to be greater than zero dollars ($0.00) but less than twenty-five dollars ($25.00), you will receive a Minimum Settlement Payment of twenty-five dollars ($25.00) derived from the Net Settlement Proceeds.

Your number of work weeks used to determine this amount are [# of] weeks.

If the Settlement is approved, the amount of your approximate payment will be [$amount].  The payment amount is an approximate because it relies on certain assumptions, which if not accurate, would alter the award, as set forth more fully in the Settlement Agreement and Release.

| 8. | Do I have a lawyer in the Action? |
| --- | --- |

The Court has appointed the following as Class Counsel:

Peter Muhic
Monique Myatt Galloway
**Kessler Topaz Meltzer & Check LLP**
280 King of Prussia Road
Radnor, PA 19087
(484) 270-1436
pmuhic@ktmc.com
mmyattgalloway@ktmc.com

William Baird
**Marlin & Saltzman LLP**
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
(818) 991-8080
tbaird@marlinsaltzman.com

Steven Elster
**Law Office of Steven Elster**
785/E2 Oak Grove Road, #201
Concord, CA 94518
(925) 324-2159
steve.elster.law@gmail.com

Edward Wynne
**Wynne Law Firm**
Wood Island
80 E. Sir Francis Drake Blvd., Suite 3-G
Larkspur, CA 94939
(415) 461-6400
ewynne@wynnelawfirm.com

| 9. | How will Class Counsel, the Class Representatives, and Other Named Plaintiffs be paid? |
| --- | --- |

From before the inception of this case in January 2008 to the present, Class Counsel have undertaken representation of the Attest Senior Associate Class and the Class Representatives on a contingent basis without any compensation or guarantee of future compensation and, to date, have not received any payment for their services in prosecuting the claims of the Attest Senior Associate Class and the Class Representatives.  Class Counsel will have worked in excess of [# of] hours relating to the claims of the Attest Senior Associate Class and Class Representatives by the date of Final Approval and have not been reimbursed for any out-of-pocket expenses over the course of the litigation relating to these claims.  If the Court approves the proposed Settlement, Class Counsel will ask the Court for an award of attorneys' fees not to exceed 33 ⅓% of the Gross Settlement Payment in the amount of $300,000.00 to compensate them for this time.  Class Counsel will also request reimbursement of their costs and expenses associated with litigating the claims of the Attest Senior Associate Class and Class Representatives in an amount not to exceed $ 20,000.  Class Counsel will also seek Class Representative Service Awards of $12,500 each for Class Representatives Samuel Brandon Kress and Jesse Kenny and awards of $2,500 each for Other Named Plaintiffs Willow Markham and David Beadles.  This is to compensate them for initiating litigation against PwC, undertaking the risks, and for representing other employees in this litigation.

PwC does not oppose the Class Representative Service Awards or Class Counsel's requested attorneys' fees and costs associated with the claims of the Attest Senior Associate Class and Class Representatives, or the Other Named Plaintiff Settlement Awards. The requested service awards, attorneys' fees and costs and Settlement Administrative Costs will be reviewed by the Court and awarded in amounts the Court concludes are appropriate. Class Counsel's request for attorneys' fees will be filed on _____.

| **10.** | **What happens if I do nothing after receiving this Notice?** |
|---------|---------------------------------------------------------------|

If you do nothing and the Court approves the Settlement, you will be eligible to receive your *pro rata* share of the Settlement, calculated in the manner set forth in the Settlement Agreement and Release, which will result in an approximate payment to you of [$amount]. You will also be bound by the terms of the Settlement and you will be unable, both individually or as a putative class member in any other class action, to pursue claims against PwC arising from your classification as an exempt employee while working at PwC (*see* paragraph 6.A. above) at any time through the date of Preliminary Approval of the Settlement.

| **11.** | **What if I do not like the proposed Settlement?** |
|---------|-----------------------------------------------------|

You have two options if you disapprove of the proposed Settlement. You may exclude yourself from the Settlement (*see* paragraphs 12-13 below) or you may object to the Settlement (*see* paragraph 14 below) according to the instructions contained in this Notice. You may not do both.

| **12.** | **What does it mean to request exclusion from the Settlement?** |
|---------|-----------------------------------------------------------------|

Persons who exclude themselves from the Settlement will not receive any benefits and will not be bound by the terms of the Settlement, and their claims will not be released (*see* paragraph 6.A. above). Unless you exclude yourself from the Settlement (also known as "opting out"), you will be a Participating Class Member and will be bound by the Settlement. As set forth in paragraph 10 above, being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in a similar lawsuit, based on claims that you are releasing/forgoing in this Settlement.

There are 1,940 Class Members in the Attest Senior Associate Class. If 100 or more of the Class Members choose to exclude themselves from the Settlement, PwC has the option to withdraw from the Settlement, and if it exercises that option, then the proposed Settlement would not be submitted to the Court for Final Approval, no payments would be made, and no claims released pursuant to the terms of the Settlement Agreement and Release.

| **13.** | **How do I request exclusion?** |
|---------|----------------------------------|

You may exclude yourself from the Settlement provided that your request is made in writing and postmarked before [date]. To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address and telephone number, (c) your signature, and (d) the following statement "I request to be excluded from the class action proceedings taking place in the matter of *Kress, et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:08-CV-00965-TLN-AC," or something similar. Your written request to exclude yourself from the Settlement must be sent to: *Kress v. PwC*, c/o ILYM Group, Inc, P.O. Box 57087, Irvine, CA 92619.

You will be excluded from the Settlement only if your request is ***postmarked*** on or before [date], and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to

submit a valid and timely request for exclusion on or before the date specified, shall become Participating Class Members, be bound by all terms of the Settlement Agreement and Release and the Final Approval Order and Final Judgment of Dismissal, regardless of whether they have requested exclusion from the Settlement.

You cannot exclude yourself from the Settlement if you wish to object to the Settlement and/or appear and be heard before the Court during the Final Approval Hearing (*see* paragraph 14 below). This is because you need to be a Participating Class Member affected by the Settlement to object or appear.

In determining whether you want to exclude yourself from the Settlement, you are advised to contact Class Counsel or consult your own attorney, as there may be issues particular to your circumstances that require consideration.

| **14.** | **How do I object to the Settlement?** |
|---|---|

If you are a Participating Class Member, you can object to the Settlement. To object, you must send a letter to the Court and: (a) set forth your full name, current address and telephone number; (b) state that you are participating in the Settlement, and that you have not requested exclusion from the Settlement; (c) set forth a complete statement of all legal and factual reasons for any objection that you wish to assert; and (d) provide copies of any documents that you wish to use before the Court. In addition, you must indicate whether or not you intend to appear at the Final Approval Hearing, either with or without separate counsel. No Participating Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Participating Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Participating Class Member's intention to appear at the Final Approval Hearing and copies of any written objections or briefs shall have been filed with the Court and served on counsel for the Parties as set forth below.

If you intend to object, you must file your objection on or before [date] with the Clerk of the Court for the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, CA 95814. Before [date], you must **also** send your objection to **all three** of the following: **(1)** Kress v. PwC, c/o ILYM Group, Inc., P.O. Box 57087, Irvine, CA 92619; **(2)** Class Counsel—Peter Muhic and Monique Myatt Galloway, Kessler Topaz Meltzer & Check LLP, 280 King of Prussia Road, Radnor, PA 19087; and **(3)** Defense Counsel—Daniel J. Thomasch, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193.

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid.

| **15.** | **When and where will the Court determine whether to approve the proposed Settlement?** |
|---|---|

The Court has scheduled a Final Approval Hearing on [date], at the U.S. District Court for the Eastern District of California, 501 I Street, Courtroom 2, 15th Floor, Sacramento, CA 95814. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for service awards on behalf of the Class Representatives and the Other Named Plaintiffs, and Class Counsel's request for attorneys' fees and expenses. The Court will also consider objections and may grant permission for objectors to speak. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

| 16. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. You are not required to come to the hearing, but you are welcome to come at your own expense if you so desire.

Participating Class Members who object to the proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own attorney at the settlement hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court at the address set forth in paragraph 14 above, and serve copies on the Settlement Administrator, Class Counsel, and counsel for PwC at the addresses set forth in paragraph 14 above no later than [date].

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present at the hearing. Any Class Member who does not file and serve a notice of intention to appear in accordance with these instructions will be barred from speaking at any hearing concerning this proposed Settlement.

| 17. | What if the proposed Settlement is not approved? |
|-----|--------------------------------------------------|

If the proposed Settlement is not granted Final Approval, the Consolidated Action will proceed in the trial court without further notice, and none of the agreements set forth in this Notice will be valid or enforceable, and no payments will be made nor claims released.

| 18. | How do I get more information about the proposed Settlement? |
|-----|-------------------------------------------------------------|

This Notice only summarizes the proposed Settlement. The official terms of the proposed Settlement are available by visiting www.[dedicated website].com, visiting the public files for the United States District Court for the Eastern District of California or by sending a self-addressed, stamped envelope to Kress v. PwC, c/o ILYM Group, Inc., P.O. Box 57087, Irvine, CA 92619. You are also advised to consultant with your personal tax advisor before responding to this notice.

If you have any questions, you can contact any of the Class Counsel attorneys listed above in Section 8 or you can write to Kress v. PwC, c/o ILYM Group, Inc. You can also call the Settlement Administrator at 1-[dedicated toll-free number]. Do not contact the Court regarding this Settlement.


Dated: _____, 2017          BY ORDER OF THE COURT


                                       Judge Troy L. Nunley
                                       United States District Court
                                       for the Eastern District of California