# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRANDON KRESS, *et al.* | No. 2:08-cv-00965-TLN-AC |
| Plaintiffs, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CONSOLIDATED ACTION SETTLEMENT; APPROVING AWARD OF ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS; AND FINAL JUDGMENT OF DISMISSAL OF THE ACTION** |
| PRICEWATERHOUSECOOPERS LLP, | |
| Defendant. | |

| | |
|---|---|
| 1 | |
| 2 | This matter came for hearing on April 19, 2018, upon the Plaintiffs' Unopposed Motion |
| 3 | for Final Approval of the Proposed Settlement of this action on the terms set forth in the |
| 4 | Settlement Agreement and Release, (the "Settlement Agreement") attached hereto as Exhibit A. |
| 5 | Due and adequate notice having been given to the Class Members and the Court having |
| 6 | considered the Settlement Agreement, all papers and proceedings held herein, and all oral and |
| 7 | written comments received regarding the proposed Settlement, and having reviewed the record in |
| 8 | this action, *Kress et al. v. PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965 TLN/AC |
| 9 | ("Consolidated Action"), and good cause appearing, finds that: |
| 10 | WHEREAS, Plaintiff Lac Anh Le originally filed her complaint in the United States |
| 11 | District Court, Northern District of California on October 26, 2007, and Plaintiff Samuel |
| 12 | Brandon Kress originally filed his complaint, captioned *Kress v. PricewaterhouseCoopers* |
| 13 | *LLP*, in California Superior Court, Los Angeles County on January 18, 2008; and |
| 14 | WHEREAS, the *Kress* case was removed by PwC to the United States District Court, |
| 15 | Central District of California, and both the *Le* and *Kress* cases were subsequently transferred to |
| 16 | the United States District Court, Eastern District of California; and |
| 17 | WHEREAS, on or about August 14, 2008, the separate *Le* and *Kress* cases were |
| 18 | consolidated to form *Kress v. PricewaterhouseCoopers LLP*, United States District Court, |
| 19 | Eastern District of California, Case No. 2:08-cv-00965-TLN-AC; and |
| 20 | WHEREAS, by Order dated January 10, 2013, the Court certified a class action under |
| 21 | the California Labor Code and the Federal Rules of Civil Procedure, Rule 23, which is defined |
| 22 | as all persons employed by PricewaterhouseCoopers LLP ("PwC" or "Defendant") in California |
| 23 | who, at any time during the period of October 27, 2003 to January 10, 2013: (a) worked as |
| 24 | Senior Associates in the Attest Division of PwC's Assurance Line of Service, (b) were not |
| 25 | licensed as certified public accountants ("CPAs") for some or all of the period they worked in |
| 26 | this position, and (c) were classified as overtime exempt employees while working in this |
| 27 | position; and |
| 28 | |

| | |
|---|---|
| 1 | WHEREAS, Kessler Topaz Meltzer & Check LLP, Marlin & Saltzman LLP, Law Office |
| 2 | of Steven Elster, and Wynne Law Firm serve as Class Counsel for the litigation class and |
| 3 | Plaintiffs Samuel Brandon Kress and Jesse Kenny serve as Class Representatives for this class; |
| 4 | and |
| 5 | WHEREAS, the Parties have engaged in private mediation before Mark S. Rudy on |
| 6 | April 17, 2017, which resulted in a signed Memorandum of Understanding, dated April 17, |
| 7 | 2017, and the Settlement Agreement and Release; and |
| 8 | WHEREAS, a resolution of the Consolidated Action was reached following a mediator's |
| 9 | proposal by Mark S. Rudy; and |
| 10 | WHEREAS, the Class Representatives, Other Named Plaintiffs (David Beadles and |
| 11 | Willow Markham), and Class Counsel believe that this case is meritorious and that the |
| 12 | certification of a class of Attest Senior Associates was and continues to be appropriate; and |
| 13 | WHEREAS, PwC denies any liability and wrongdoing of any kind associated with the |
| 14 | claims alleged in the Consolidated Action, and continues to deny that the Consolidated Action is |
| 15 | appropriate for class treatment for any purpose other than this Settlement; and |
| 16 | WHEREAS, PwC contends, among other things, that it has complied at all times with |
| 17 | California law, including the California Labor Code and Industrial Welfare Commission Wage |
| 18 | Order No. 4-2001, and the California Business and Professions Code §§ 17200, *et seq*., the |
| 19 | federal Fair Labor Standards Act ("FLSA") and all other state labor codes, and specifically |
| 20 | contends that its classification of any of its Associates and Senior Associates as exempt |
| 21 | employees was and continues to be a correct classification under the Professional, |
| 22 | Administrative and Executive Exemptions under California law, the FLSA, and all other state |
| 23 | labor codes; and |
| 24 | WHEREAS, PwC is not reclassifying any of its Associates or Senior Associates as non- |
| 25 | exempt as a condition of the Settlement Agreement and Release, or otherwise; and |
| 26 | WHEREAS, Class Counsel has conducted a thorough investigation into the facts of the |
| 27 | Consolidated Action, is knowledgeable about and has done extensive research with respect to |
| 28 | |

the applicable law and the defenses asserted by Defendant to the claims of the class of Attest Senior Associates and has diligently litigated the Class Members' claims against Defendant, and therefore Class Counsel has an appropriate basis to evaluate the value of this settlement; and

WHEREAS, based on its investigation of the facts of the Consolidated Action, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement and Release is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendant, the legal landscape and numerous potential appellate issues; and

WHEREAS, the Parties desire to compromise and fully settle their claims with finality and agree to the Settlement of the Consolidated Action, and entered into the Settlement Agreement and Release, setting forth the terms of the Settlement of the Consolidated Action; and

WHEREAS, the Court granted Preliminary Approval of the Parties' Settlement Agreement in this Consolidated Action on January 9, 2018 ("Preliminary Approval Order"); and

WHEREAS, Class Notice of Proposed Settlement was sent to all Class Members in accordance with the Settlement Agreement and Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants Final Approval of the Settlement and dismisses *Kress et al v. PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965-TLN-AC, with prejudice, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. To the extent defined in the Settlement Agreement, attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

///

2. The Court has jurisdiction over the subject matter of this Consolidated Action, the Named Plaintiffs, the Class Members, and PwC.

3. The Court hereby grants the Motion for Final Approval of the Settlement, enters Final Judgment of Dismissal of the Action with prejudice, approves the Settlement Agreement as fair, reasonable, in the best interest of the Participating Class Members, and adequate in all respects to the Participating Class Members pursuant to California law and all applicable law, and orders the Settling Parties to consummate the Settlement in accordance with the terms of the Settlement Agreement.

4. As previously found in the Court's Preliminary Approval Order, the Attest Senior Associate Class is defined as follows:

> All former and current persons employed by PwC (a) who worked as Senior Associates in the Attest Division of PwC's Assurance line of service in California at any time during the period of October 27, 2003 to January 10, 2013, (b) who were not licensed as certified public accountants ("CPAs") for some or all of the time they worked in this position during that period, (c) who were classified as overtime exempt employees while working in this position during that period, (d) who were sent the class notice on or about August 22, 2014 notifying them that they are members of the Attest Senior Associate class in *Kress, et al. v. PricewaterhouseCoopers LLP* that was certified on January 10, 2013, and (e) who did not opt out of the certified class following dissemination of the class notice.

5. In full compliance with the requirements of due process, on January 30, 2018, the Settlement Administrator mailed the Class Notice of Proposed Settlement by first-class mail to each Class Member at the last known address based upon PwC's business records and Reasonable Address Verification Measures.

6. The Court has determined that the Class Notice of Proposed Settlement provided to the Class Members fully and accurately informed all persons in the Class of all material elements of the proposed Settlement—including the plan of distribution of the Gross Settlement Payment, the Class Released Claims that will be released by each Class Member who does not exclude him or herself from the Settlement, the application for a Fee Award, the application for an Expense Award, the application for the Class Representative Service Awards and Other Named Plaintiff Settlement Awards, the procedure to exclude themselves from the Settlement and

become Opt Outs or to file an objection to the Settlement, and that participation in the Settlement releases all Class Released Claims as set forth more fully in the Settlement Agreement— constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with California law, the U.S. Constitution, and any other applicable laws. The following Class Members timely and properly excluded themselves from the Settlement: Christopher Robertson, Cassidy M. Smith, Nathaniel Clark Carey, Jitesh Shah, Christopher John Basso, Hitean Parmar, Alexandra Nicole Lewis, Masaru Onoda, and Alec Zhuravlyov.

7. Due and adequate notice of the proceedings having been provided to the Participating Class Members, and a full opportunity having been offered to them to participate in this hearing, it is hereby determined that they are bound by this Final Approval Order of the Action and Final Judgment of Dismissal of the Action entered herein, including without limitation, the Class Released Claims.

8. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Gross Settlement Payment to Participating Class Members is approved as being fair, reasonable, and adequate pursuant to California law and all applicable law.

9. The Court approves the payment of the Fee Award and the Expense Award in the amount of $299,970.00 to Class Counsel in attorneys' fees and the amount of $30,651.56 for Class Counsel's actual out-of-pocket expenses incurred in representing the Attest Senior Associate Class and the Class Representatives in the Consolidated Action, which shall be paid from, and not in addition to, the Gross Settlement Payment.

10. The Court approves Class Representative Service Awards of $12,500 to Class Representatives Samuel Brandon Kress and Jesse Kenny and Other Named Plaintiff Settlement Awards of $2,500 each for Other Named Plaintiffs Willow Markham and David Beadles, which shall be paid from, and not in addition to, the Gross Settlement Payment.

11. The Court approves the payment of reasonable Administrative Costs to the Settlement Administrator ILYM Group, Inc. in an amount of $32,000. Plaintiffs' share of the

Administrative Costs shall be paid from, and not in addition to, the Gross Settlement Payment. Defendant's share of the Administrative Costs shall be paid for by Defendant in addition to the Gross Settlement Payment <u>only</u> to the extent that the Total Opt Out Funds do not cover such costs.

12. The Court further dismisses the Consolidated Action with prejudice and without prevailing party costs. Upon entry of this Final Approval Order of the Action and Final Judgment of Dismissal of the Action, and by operation of this Final Approval Order and Final Judgment of Dismissal, the Class Released Claims of each Participating Class Member against Defendant and against any and all of the Released Parties as defined in the Settlement Agreement are fully, finally and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement. "Class Released Claims" means all claims of Class Members from October 27, 2003 through the date of Final Approval of the Settlement, whether under state or federal law, and whether unasserted or asserted in this Consolidated Action or any action (including *Adamov v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 13-cv-01222-TLN-AC; *Campbell et al. v. PricewaterhouseCoopers LLP*, United States District Court, Eastern District of California, Case No. 2:06-cv-02376-TLN-AC; and *Commisso v. PricewaterhouseCoopers LLP*, New York State Supreme Court, New York County, Case No. 650273/2013) arising from classification of any Class Member as exempt from overtime while working at PwC, including but not limited to, claims (both legal and equitable) arising under the Fair Labor Standards Act, the California Labor Code (including any claims that could have been brought under the Private Attorney General Act ("PAGA") by Class Members but excluding any PAGA claims brought by non-Class Members, or the State of California on behalf of the non-Class Members, based on alleged Labor Code violations), other state labor codes, and the California Business and Professions Code, and claims related to unpaid wages and overtime, interest, penalties, liquidated damages, attorneys' fees, and costs.

13. Upon expiration of the Review Proceeding period following entry of this Final Approval Order and Final Judgment of Dismissal, and by operation of this Final Approval Order

and Final Judgment of Dismissal, the Class Representatives and Other Named Plaintiffs are permanently enjoined and forever barred from asserting any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind under local, state or federal law, which have been or could have been asserted against the Released Parties arising out of or relating to their employment by Defendant and termination thereof (as applicable) on or before the Final Approval Date. Any and all Class Representative and Other Named Plaintiff claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs relating to or in any way connected with the matters referred to in the Settlement Agreement and Release, whether or not known or suspected to exist and whether or not specifically or particularly described in the Settlement Agreement and Release, are hereby fully, finally and forever released, relinquished and discharged. The Class Representatives and Other Named Plaintiffs have expressly waived all the rights and benefits afforded by California Civil Code Section 1542.

14. Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

15. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order and Final Judgment of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the Consolidated Action, the Class Representatives, the Class, the Other Named Plaintiffs, and Defendant for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Order.

17. This Final Approval Order and Final Judgment of Dismissal resolves all pending claims against PwC in the Action as well as all pending motions. Finding no just reason for

delay, this Final Approval Order and Final Judgment of Dismissal is hereby certified as final under Fed. R. Civ. P. 54(b).

IT IS SO ORDERED, ADJUDGED AND DECREED

Dated: May 7, 2018

Troy L. Nunley
United States District Judge